UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER ON DEFENDANT MAERSK LINE, LIMITED'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant Maersk Line, Limited's Motion for Summary Judgment. Dkt. 9. The Court has considered the motion, Plaintiff's Response, Defendant's Reply, and the remainder of the file herein.

This case arises from the allegation that Rudy Klopman-Baerselman, Decedent, was exposed to asbestos from approximately 1955 through 1959 while working as a merchant mariner and employee of "Royal Dutch Lloyd, Rotterdam Lloyd," the alleged employer and corporate owner of the vessels. Dkt. 1-3. Defendant Maersk Line, Limited is named as

ORDER ON DEFENDANT MAERSK LINE, LIMITED'S MOTION FOR SUMMARY JUDGMENT - 1

"successor-in-interest to Royal Rotterdam Lloyd ["RRL"]." *Id*. at 2, 7. The case was filed in Thurston County Superior Court on October 27, 2017, and was removed to this Court on July 3, 2018. Dkt. 1; Dkt. 1-6 at 4, 5.

Defendant seeks summary judgment of dismissal and argues: (1) Defendant should be dismissed as an improper party, because Defendant is not a successor-in-interest to RRL; (2) the Amended Complaint does not state a claim, because RRL never manufactured, sold or distributed asbestos-containing products; and (3) the Court lacks jurisdiction, because Decedent was a foreign seaman aboard foreign vessels in foreign waters. Dkt. 9 at 10, 11.

Plaintiff's Response addresses only the first argument, whether Defendant is a successor-in-interest to RRL. *See* Dkt. 70. Plaintiff requests additional time "to conduct sufficient discovery on the relationship" between several corporate entities "and [Defendant], if any." Dkt. 70 at 6. However, Plaintiff has already conducted an initial round of discovery on the issue. Dkt. 12-3 at 7 26. Plaintiff's Response fails to detail what counsel in good faith believes further discovery may yield. Plaintiff's showing is probably not sufficiently specific under Fed. R. Civ. P. 56(d).

Plaintiff's Response makes no mention of the second argument, that Defendant should be dismissed because it is not an asbestos manufacturer. *See* Dkt. 70. From other context in the Amended Complaint, it could be argued that Defendant has simply flagged a drafting or organization issue, because Defendant was ostensibly not intended to be named as an asbestos manufacturer, but rather as the corporate inheritor of the asbestos liabilities for certain vessels. Plaintiff has not sought leave to amend and has offered no alternative interpretation of the Amended Complaint.

The third argument, that the Court lacks jurisdiction because Decedent was a foreign seaman aboard foreign vessels in foreign waters, could be dispositive in favor of Defendant. Yet Plaintiff neither responded to Defendant's factual or legal showings, nor articulated a specific, good faith basis for more discovery on the issue.

Because the case is new to this Court, the record is limited, and Plaintiff has requested more time for discovery on at least one issue, Plaintiff should be given a limited opportunity to supplement the Response, as follows. By Friday, August 24, 2018, Plaintiff may supplement the Response to address Defendant's arguments. Arguments not raised will be considered conceded. The pleadings, not including any declarations or attachments, shall not exceed ten (10) pages.

THEREFORE, it is HEREBY ORDERED:

(1) Defendant Maersk Line, Limited's Motion for Summary Judgment is RENOTED for consideration on Friday, August 24, 2018.

(2) Plaintiff may file a Supplemental Response by Friday, August 24, 2018.

(3) The Supplemental Response shall not exceed ten (10) pages.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of August, 2018.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge