UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT MAERSK LINE, LIMITED'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant Maersk Line, Limited's Motion for Summary Judgment. Dkt. 9. The Court has considered Defendant's motion, Plaintiff's Response, and Defendant's Reply. It appears Plaintiff filed the Second Motion for Leave to Amend Complaint in lieu of filing a Supplemental Response at the Court's invitation. Dkt. 86. *See* Dkt. 90. The Court fully is fully informed, and for the reasons discussed, Defendant's motion for summary judgment should be DENIED WITHOUT PREJUDICE.

ORDER DENYING WITHOUT PREJUDICE DEFENDANT MAERSK LINE, LIMITED'S MOTION FOR SUMMARY JUDGMENT - 1

This case arises from the allegation that Rudy Klopman-Baerselman, Decedent, was exposed to asbestos during two timeframes: from 1955 through 1959, while working as a merchant mariner assigned to several vessels, and from 1966 through 1967, while performing vehicle maintenance. Dkt. 1-3 at 5, 6. The instant motion was filed by Defendant Maersk Line, Limited, the alleged successor-in-interest to Decedent's employer and owner of Royal Rotterdam Lloyd ("RRL") vessels. Dkt. 1-3 at 2, 7.

Plaintiff filed the case in Superior Court for Thurston County on October 27, 2017. Dkt. 1-6 at 4, 5. One month after the case was filed, on November 27, 2017, counsel to Defendant by letter informed Plaintiff of two defects. First, Defendant stated, Plaintiff had named the wrong company. Dkt. 12-1 at 38. According to counsel, Defendant was not a successor-in-interest, because "[Defendant] Maersk Line has no connection, [*sic*] whatsoever to either Royal Dutch Lloyd or [RRL]," has no knowledge of an entity by the name Royal Dutch Lloyd, and is aware that RRL "ceased operations in 1970, and retained its own liabilities under a different name until liquidated in 2000." *Id*. Second, Defendant warned, even if Decedent worked on a vessel of either entity from 1955 through 1959, "it is our understanding such service was as a foreign seaman aboard foreign vessels, and certainly not in Washington State." *Id*. at 39.

On April 13, 2018, in Superior Court, Defendant filed a Motion for Summary Judgment. The motion was re-noted to July 6, 2018, after Plaintiff filed served written discovery requests and scheduled the deposition of Defendant's corporate designee, Mr. Steven Hadder. Dkt. 12-3 at 6, 44. Prior to reaching the merits of Defendant's motion, on July 3, 2018, another defendant removed the case to this Court. Dkt. 1. Defendant filed the instant Motion for Summary Judgment in this court on July 10, 2018. Dkt. 9.

ORDER DENYING WITHOUT PREJUDICE DEFENDANT MAERSK LINE, LIMITED'S MOTION FOR SUMMARY JUDGMENT - 2

On August 15, 2018, the Court re-noted Defendant's motion from August 3, 2018, to August 24, 2018, and invited Plaintiff to file a Supplemental Response to address several arguments raised by Defendant. Dkt. 86. The August 15, 2018 Order identified three primary arguments and noted that only the first argument was directly addressed in Plaintiff's Response:

> (1) Defendant should be dismissed as an improper party, because Defendant is not a successor-in-interest to RRL; (2) the Amended Complaint does not state a claim, because RRL never manufactured, sold or distributed asbestos-containing products; and (3) the Court lacks jurisdiction, because Decedent was a foreign seaman aboard foreign vessels in foreign waters. Dkt. 9 at 10, 11.

Dkt. 86 at 2.

Plaintiff did not file a Supplemental Response, but on August 24, 2018, Plaintiff filed a Second Motion for Leave to Amend Complaint. Dkt. 90. The Proposed Second Amended Complaint names Defendant as successor-in-interest to "ROYAL ROTTERDAM LLOYD (Employer Defendant)." Dkt. 90-2 at 8. The proposed pleading adds a new claim for employer negligence, alleged against Defendant only, that Defendant caused Decedent's asbestos harm by, *inter alia*, failing to provide a reasonably safe work place with adequate training equipment, and warnings. *Id*. at 8, 9. In other words, Plaintiff elected to address the first two arguments identified in the August 15, 2018 Order by filing the Second Motion for Leave to Amend Complaint. That motion is not yet ripe. The Proposed Second Amended Complaint may resolve one or both of Defendant's first two arguments, but the Court does not reach their merits. Defendant may again raise them after the motion for leave to amend is resolved. As to the first two arguments, Defendant's motion should be denied without prejudice.

Plaintiff opted to ignore the third argument, that the Court lacks jurisdiction, because Decedent was a foreign seaman aboard foreign vessels in foreign waters. The failure to respond to an argument both raised by Defendant and explicitly highlighted by the Court is not well-

received. The failure to respond could be an admission by Plaintiff that the argument has merit, except that Defendant's argument was raised in a motion for summary judgment. Under W.D.Wash. LCR 7(b)(2), the failure to respond should not be deemed an admission by Plaintiff. The Court must therefore turn to the merits of Defendant's argument.

Defendant argues that the trilogy of cases beginning with *Lauritzen v. Larsen,* 345 U.S. 571 (1953), "provide[s] the framework that governs this Court's determination of whether Plaintiffs are entitled to maintain any federal maritime claims (under the Jones Act [ ] or general maritime law), as a matter of law." Dkt. 9 at 21. Applying the *Lauritzen* trilogy of eight non-exhaustive factors, such as the law of the flag and place of the injury, Defendant argues, Plaintiff "cannot meet his burden of proving jurisdiction and application of U.S. law," and summary judgment of dismissal should be granted. *Id*. at 17.

A careful examination of the *Lauritzen* trilogy and subsequent case law reveals two applications for weighing the eight non-exhaustive factors: choice of law determinations, e.g., in a *forum non conveniens* motion to dismiss, and when considering whether courts have jurisdiction under the Jones Act and federal maritime law. *Compare, e.g., Villar v. Crowley Maritime Corp.*, 782 F.2d 1478 (9th Cir. 1986); *Dalla v. Atlas Maritime Co.*, 771 F.2d 1277 (th Cir. 1985). Defendant has not brought a *forum non conviens* motion to dismiss, but rather raises dismissal as a "jurisdiction" issue. Although not clearly framed in Defendant's motion, Defendant appears to challenge subject matter jurisdiction, not personal jurisdiction, because the motion references the Jones Act and federal maritime jurisdiction. However, this case differs from the line of cases discussing a lack of subject matter jurisdiction under the Jones Act or federal maritime law, because this case was removed on diversity grounds. Dkt. 1. Assuming that the Court has subject matter jurisdiction based on diversity, the prima facie showing of which

Defendant has not challenged, it may be unnecessary to also make findings regarding other grounds for subject matter jurisdiction. As to Defendant's third argument, Defendant's motion should be denied without prejudice.

* * *

THEREFORE, Defendant Maersk Line, Limited's Motion for Summary Judgment (Dkt. 9) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 29th day of August, 2018.

ROBERT J. BRYAN
United States District Judge