UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,

Plaintiff,

v.

3M COMPANY, a Delaware corporation, a/k/a MINNESOTA MINING & MANUFACTURING COMPANY; et al.,

Defendants.

Civil Action No. 3:18-cv-5536-RJB

PLAINTIFF'S RESPONSE TO DEFENDANT MAERSK LINE, LIMITED'S RENEWED MOTION FOR SUMMARY JUDGMENT

NOTED ON MOTION CALENDAR: FRIDAY, OCTOBER 19, 2018

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff Eric Klopman-Baerselman, as Personal Representative for the Estate of Rudie Klopman-Baerselman, deceased, by and through the undersigned counsel of record, hereby files this Response to Defendant Maersk Line, Limited's ("Maersk") Renewed Motion for Summary Judgment. Supplemental Response in Opposition to Defendant Maersk Line, Limited's Motion for Summary Judgment. Maersk's motion for summary judgment should be denied at this juncture because, as discussed in previous responses, the parties remain engaged in discovery as to the issues that Maersk raises in its motion.

**WEINSTEIN COUTURE PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

## II. STATEMENT OF FACTS

Plaintiff incorporates by reference the "Statement of Facts" presented in Dkt. No. 70 as if fully stated herein.

As discussed previously in Plaintiff's Consolidated Response in Opposition to Defendant Maersk Line, Limited's Motion for Summary Judgment and Motion to Strike Affidavit of Daniel Sikkens (Dkt. No. 70) and Plaintiff's Supplemental Response in Opposition to Defendant Maersk Line, Limited's Motion for Summary Judgment (Dkt. No. 91), in support of its motion for summary judgment, Maersk submitted a declaration signed by Daniel Sikkens in which he makes unsupported statements regarding a transfer of assets between the owner of the vessels that Rudie Klopman-Baerselman worked aboard, RRL, and other entities. (Dkt. No. 9, Ex. E to Oberg Decl.). Maersk would have this Court and Plaintiff to accept these statements as true without verification. Neither Plaintiff nor the Court is required to do so.

Plaintiff, as mentioned in his Supplemental Response (Dkt. No. 91), noticed the deposition of Daniel Sikkens, the purported individual with knowledge of the asset transfer between RRL and other entities, for September 5, 2018. See Declaration of Benjamin H. Adams (hereinafter "Adams Decl."), **Ex. 1**, Plaintiffs' Notice of Videotaped Deposition of Daniel Sikkens, 8/23/18. Mr. Sikkens' deposition did not go forward as Plaintiff requested. Maersk informed Plaintiff that it was not in a position to produce Mr. Sikkens for deposition but offered its "assistance in arranging a deposition of Mr. Sikkens at a mutually convenient time and location[.]" Adams Decl., **Ex. 2**, Correspondence from LeGros Buchanan & Paul, dated 8/31/18. In response, Plaintiff accepted Maersk's offer of assisting in arranging Daniel Sikkens' deposition. Adams Decl., **Ex. 3**, Correspondence from Dean Omar Branham, 8/31/18. No communication or assistance has been

**WEINSTEIN COUTURE PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

forthcoming from Maersk and Daniel Sikkens' deposition has not been scheduled. Instead of standing by its offer to assist Plaintiff in obtaining mutually agreeable dates for Daniel Sikkens' deposition, Maersk has, for the third time, requested dismissal from this case, alleging that it is an improper party.

Pursuant to a Minute Order entered by this Court on October 10, 2018, there are approximately 8 months left in the discovery phase of this matter; thus, Plaintiff has ample time to re-schedule Mr. Sikkens' deposition and address the issues raised by Maersk in its renewed motion. Adams Decl., **Ex. 4**, Minute Order, 10/10/18.

## III. STATEMENT OF ISSUES

1. Whether this Court should deny Maersk's motion for summary judgment?

## IV. EVIDENCE RELIED UPON

Plaintiff relies on the pleadings and other materials on file with the Court, the Declaration of Benjamin H. Adams in support of Plaintiff's Response in Opposition to Defendant Maersk Line, Limited's Renewed Motion for Summary Judgment, the exhibits attached thereto, and the law set forth below.

## V. AUTHORITY AND ARGUMENT

### A. Summary Judgment Standard

Summary judgment is only appropriate where the district court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); F.R.C.P. 56 (c). The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. A party seeking summary judgment bears the responsibility of informing the district court of the

**WEINSTEIN COUTURE PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

basis for its motion, and identifying the portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which it believes demonstrates the absence of a genuine issue of material fact. Wright & Miller, Federal Practice and Procedure § 2727 at 121 (3d ed. 2003).

The only issue for a district judge who must determine whether the mover has sound basis for a motion for summary judgment is whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). If there is sufficient relevant evidence which, under the applicable substantive law, would enable a reasonable jury to return a verdict in favor of the party opposing summary judgment, then a genuine issue of material fact exists. *Id.* The existence of genuine issue of material fact precludes summary-judgment. F.R.C.P. 56 (c).

The movant has the burden to establish that its opponent has failed to raise a genuine issue of material fact by submitting evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, by demonstrating that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense. *Anderson, supra*. If the movant satisfies this burden, the burden shifts to the party opposing the motion to demonstrate that summary judgment is inappropriate.

**B. Maersk is not entitled to summary judgment on the issues raised in its motion because discovery on those issues is ongoing.**

Contrary to Maersk's arguments, genuine issues of material fact remain as to whether it is the proper entity to be named in this matter. Genuine issues exist because the parties have not completed discovery as to these issues. Both the courts and the Federal Rules of Civil Procedure also make it clear that parties have a right to adequate time to conduct discovery to present their

WEINSTEIN COUTURE PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

case. "[S]ummary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'" *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

As Plaintiff has explained in previous responses to Maersk's motion, the deposition of Daniel Sikkens is vital to the resolution of Maersk's motion for summary judgment. Plaintiff cannot thoroughly and fully respond to Maersk's motion for summary judgment without first completing discovery on the very issue which Maersk has raised in its motion. Plaintiff must be given an opportunity to conduct discovery on the issue raised in Maersk's motion for summary judgment before summary judgment can be granted. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (reversing a denial of a 56(f)--now 56(d)--request and stating that "the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)).

Plaintiff has been conducting discovery on this issue, in good faith, and has not yet been given the opportunity to depose Daniel Sikkens, even though Maersk offered to assist Plaintiff in arranging Mr. Sikkens' deposition, an offer than seems less than genuine given that, instead of assisting Plaintiff, Maersk has again requested that this Court dismiss it from this case. Again, it relies on conclusory statements as to what facts will be revealed in discovery which the parties have not conducted. Plaintiff remains entitled to conduct discovery on any nonprivileged matter that is not only relevant to Plaintiff's claims against Maersk, but discovery that is also relevant to Maersk's defenses to Plaintiff's claim—including Maersk's contention that it has been improperly named in this matter and/or that it does not hold the liabilities for any other defendant named in this matter. See F.R.C.P. 26 (b). Maersk is not entitled to summary judgment on the successorship

**WEINSTEIN COUTURE PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

issue that it has raised in its motion until Plaintiff has been given a reasonable opportunity to conduct discovery on that issue, which reasonably includes the deposition of the individual that Maersk has identified as the individual with relevant information.

## VI.   CONCLUSION

For the reasons expressed in Plaintiff's initial response to Maersk's motion for summary judgment (Dkt. No. 70), Plaintiff's supplemental response (Dkt. No. 91), and in this response, Plaintiff respectfully requests that this Court deny Maersk's motion for summary judgment and permit Plaintiff to conduct the remaining discovery on the issues that Maersk has raised in its motion. Because the parties have not yet had a reasonable opportunity to conduct discovery sufficient to thoroughly respond to these issues, justice requires that Plaintiff have additional time to conduct discovery relevant to the resolution of these issues.

DATED at Los Angeles, California, this 15th day of October 2018.

        DEAN OMAR BRANHAM, LLP

        */s/ Benjamin H. Adams*
        BENJAMIN H. ADAMS (*Pro hac vice*)
        CA. BAR NO. 272909
        302 N. Market Street, Suite 300
        Dallas, Texas 75202
        T: 214/722-5990
        F: 214/722-5991
        badams@dobllp.com

        and

        WEINSTEIN COUTURE PLLC

        Brian D. Weinstein, WSBA # 24497
        Benjamin R. Couture, WSBA # 39304
        Alexandra B. Caggiano, WSBA # 47862
        601 Union Street, Suite 2420

Seattle, Washington 98101
T: (206) 508-7070
F: (206) 237-8650

Counsel for Plaintiffs

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT MAERSK LINE, LIMITED'S RENEWED MOTION FOR SUMMARY JUDGMENT

**WEINSTEIN COUTURE PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

**CERTIFICATE OF SERVICE**

I hereby certified under the penalty of perjury under the laws of the State of Washington that on October 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Benjamin H. Adams*
Benjamin H. Adams

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT MAERSK LINE, LIMITED'S RENEWED MOTION FOR SUMMARY JUDGMENT

**WEINSTEIN COUTURE PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650