UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER GRANTING DEFENDANT MAERSK LINE, LIMITED'S RENEWED MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant Maersk Line, Limited's Renewed Motion for Summary Judgment. Dkt. 108. The Court has considered Defendant's motion, Plaintiff's Response, and Defendant's Reply, and the remainder of the file herein. The Court fully is fully informed, and for the reasons discussed, Defendant's motion for summary judgment should be GRANTED and Defendant DISMISSED.

This case arises from the allegation that Rudy Klopman-Baerselman, Decedent, was exposed to asbestos from approximately 1955 through 1959 while working as a merchant mariner and employee of "Royal Dutch Lloyd, Rotterdam Lloyd," the alleged corporate owner of the vessels on which Decedent worked. Dkt. 89 at 6, 7. Plaintiff, the personal representative of Decedent's estate, has named Defendant Maersk Line, Limited ("Defendant") as "successor-in-

interest to Royal Rotterdam Lloyd ["RRL"]." *Id*. at 2, 7. The issue raised by this summary judgment is whether Defendant is the successor-in-interest to RRL. Defendant denies any connection, past or present, between itself and RRL. For the reasons discussed, summary judgment in favor of Defendant is warranted, because Plaintiff cannot point to any issue of material fact in support of his successor liability theory, nor has Plaintiff made a sufficient showing for additional time under Rule 56(d).

BACKGROUND

**1. Procedural history.**

Plaintiff filed the case in Thurston County Superior Court on October 27, 2017. Dkt. 1-6 at 4, 5. While the case was pending in state court, on April 13, 2018, Defendant filed a motion for summary judgment, which was re-noted to July 6, 2018, after Plaintiff filed and served written discovery requests and scheduled the deposition of Defendant's corporate designee, Mr. Steven Hadder. Dkt. 12-3 at 6, 44. Prior to reaching the merits of Defendant's motion, on July 3, 2018, the defendants removed the case. Dkt. 1. Defendant filed a second Motion for Summary Judgment, the first after removal, on July 10, 2018. Dkt. 9. On August 15, 2018, the Court re-noted Defendant's motion from August 3, 2018, to August 24, 2018 and invited Plaintiff to file a Supplemental Response to address several issues, including the successor-in-interest issue. Dkt. 86. The August 15, 2018 Order stated:

> Plaintiff requests additional time "to conduct sufficient discovery on the relationship" between several corporate entities "and [Defendant], if any." Dkt. 70 at 6. However, Plaintiff has already conducted an initial round of discovery on the issue. Dkt. 12-3 at 7 26. Plaintiff's Response fails to detail what counsel in good faith believes further discovery may yield. Plaintiff's showing is probably not sufficiently specific under Fed. R. Civ. P. 56(d).
>
> . . .
>
> Because the case is new to this Court, the record is limited, and Plaintiff has requested more time for discovery on at least one issue, Plaintiff should be given a limited opportunity to

supplement the Response [to the Motion for Summary Judgment by Friday, August 24, 2018][.]

Dkt. 86 at 2, 3.

On August 24, 2018, apparently in lieu of filing a supplemental response, Plaintiff filed a Second[1] Motion for Leave to Amend. Dkt. 90. The Court denied the Motion for Summary Judgment without prejudice, giving Plaintiff the benefit of the doubt that the Second Motion for Leave to Amend "may resolve" the successor-in-interest issue. Dkt. 92 at 3; Dkt. 107 at 4. Upon reaching the merits of the motion for leave to amend, however, the Court denied the motion on futility grounds, concluding that "granting Plaintiff's motion for leave to amend does nothing to address whether Defendant is successor-in-interest to RRL." Dkt. 107 at 4, 5. The Court noted that Plaintiff's briefing had repeatedly ignored the issue. *Id*.

On September 27, 2018, Defendant filed its Renewed Motion for Summary Judgment. Dkt. 108.

**2. Discovery exchange.**

One month after the case was filed, on November 27, 2017, counsel to Defendant by letter informed Plaintiff of the successor-in-interest defect. Dkt. 12-1 at 38. According to counsel, Defendant was not a successor-in-interest, because "[Defendant] Maersk Line has no connection" to RRL, and is aware that RRL "ceased operations in 1970, and retained its own liabilities under a different name until liquidated in 2000." *Id*. On May 28, 2018, Defendant responded to an initial round of written discovery from Plaintiff. Dkt. 12-3 at 20. In written discovery Defendant disavowed any corporate relationship to RRL. *Id*. at 9-20.

---

[1] Plaintiff filed a prior Motion for Leave to Amend, which was granted, and modified the Complaint for unrelated reasons. Dkts. 72, 88.

1   On June 19, 2018, Plaintiff deposed Mr. Steven Hadder, Defendant's corporate designee.

2   Dkt. 12-3 at 44. Plaintiff at length questioned Mr. Hadder about the relationship between Maersk

3   and RRL, when asking about "KRL," a/k/a N.V. Koninklijke Rotterdamsche Lloyd, a corporate

4   iteration of RRL:

> Q: Okay. Just so I'm absolutely clear, and I don't mean to ask you the same question again, Maersk Line, Limited has no relationship and has never had any relationship, corporate or asset sale or anything else, with KRL?
>
> A: That is correct.
>
> . . .
>
> Q: Does Maersk Line, Limited know which entity, if any, is currently liable for the asbestos liabilities of KRL?
>
> A: No, we do not.

Dkt. 12-3 at 46, 47.

Plaintiff also queried Mr. Hadder about his agreement with and knowledge of the declaration of Mr. Daniel Sikkens, a self-employed Dutch attorney and interim counsel "retained by certain companies in the Netherlands that are part of the A.P. Moller Maersk Group," a non-party. Dkt. 12-2 4, at ¶1. Mr. Hadder testified that he had not spoken with Mr. Sikkens about the RRL successor issue. Dkt. 12-3 at 45, 46.

In Mr. Sikkens' declaration, signed on April 23, 2018, Mr. Sikkens represents that he is familiar with KRL and that Defendant "is not a successor-in-interest to KRL." Dkt. 12-2 at 4, ¶5. Mr. Sikkens also sets out the following sequence of RRL's corporate structure and liability: (1) RRL, a Dutch company, a/k/a/ KRL, was incorporated in 1921; (2) in 1970, RRL's assets (vessels) were sold, but the liabilities remained with RRL; (3) RRL changed its name to N.V. Koninklijke Rotterdamsche Lloyd-W.M. Ruys & Zonen in 1969, and then to Ruys Transport

Group B.V. ("Ruys") in 1972; (4) Ruys did not own or operate vessels, ceased to be active effective December 31, 1979, and was formally liquidated on November 1, 2000. *Id*. at ¶¶5-13.

On August 23, 2018, Plaintiff notified Defendant of the intent to depose Mr. Sikkens at Plaintiff's office on September 5, 2018. Dkt. 121-1 at 2, 3. Mr. Sikkens resides in the Netherlands, but Defendant agreed to arrange for his deposition at a mutually convenient time and location. Dkt. 121-2 at 2.

**3. Declaration of Plaintiff's counsel.**

Attached to Plaintiff's Response is the declaration of Plaintiff's counsel. The declaration of counsel states:

> 7. The parties . . . continue to conduct discovery on issues relevant to a speedy resolution of this matter, including continuing discovery on the relationship, if any, between Maersk and other entities who may serve as successor-in-interest . . . Plaintiff believes discovery is highly likely to produce additional facts . . . [and] the facts revealed in discovery would preclude the entry of summary judgment . . . [and] provide support for Plaintiff's position that Maersk is potentially liable[.]
>
> 8. Similarly, Plaintiff intends to re-notice the deposition of individuals who have purported to have or know facts relevant to the issue presented in Maersk's summary judgment. Importantly, approximately eight months remain in the discovery phase . . . Plaintiff has accepted Maersk's offer to assist in coordinating the deposition of Daniel Sikkens; [sic] although the parties have been unable to agree to a date for the deposition.

Dkt. 121 at ¶¶7, 8.

**4. Defendant's motion for summary judgment.**

Defendant seeks summary judgment of dismissal because Defendant is not the successor-in-interest to RRL, the alleged employer to the Decedent. In response, Plaintiff has not countered by pointing to evidence suggesting an issue of material fact, *see* Dkt. 120, but, instead, has invoked Rule 56(d) and requested more time. According to Plaintiff, additional time is needed to explore the relationship between Defendant and RRL, particularly where much time remains for discovery and Plaintiff has yet to depose Mr. Sikkens. Dkt. 120 at 4-6.

## LEGAL STANDARD

Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may defer considering the motion or deny it[.]" Fed.R.Civ.P. 56(d)(1). The rule thus "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir.2002).

Under Rule 56(d), courts "should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *See McCormick v. Fund Am. Cos., Inc.,* 26 F.3d 869, 885 (9th Cir.1994). Requests should be granted freely where a party has not had a "realistic opportunity" to pursue discovery relating to its theory of the case. *Burlington N. Santa Fe R. Co. v. Assiniboine and Sioux Trives of Fort Peck Reservation,* 323 F.3d 767, 773 (9th Cir. 2003)(citations omitted). "[T]he denial of a [Rule 56(d) ] application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir.1986). The party making a Rule 56(d) request must be able to show that it diligently pursued its previous discovery opportunities and show "how allowing additional discovery would have precluded summary judgment." *Qualls v. Blue Cross of Cal., Inc.,* 22 F.3d 839, 844 (9th Cir.1994).

## DISCUSSION

Defendant's motion should be granted. Plaintiff has not shown an issue of material fact as to whether Defendant is the successor-in-interest to RRL, the former employer that allegedly caused asbestos exposure and harm to Decedent.

In addition, for several reasons, Plaintiff has not made a sufficient showing under Rule 56(d) that consideration of Defendant's motion should be continued for further discovery.

<u>First</u>, Plaintiff has had a fair opportunity to develop the narrow facts needed to defeat summary judgment. Plaintiff has been on notice of the successor-in-interest issue since at least November of 2017, and the issue has been raised in three separate motions for summary judgment, two before this Court, and in a motion to amend. When Plaintiff previously requested more time for discovery on the issue, Dkt. 70-1 at ¶¶8, 9, the Court explicitly signaled that Plaintiff's showing was meager, but allowed Plaintiff a limited chance to conduct further discovery. Since then, on the successor-in-interest issue Plaintiff has not conducted further written discovery, which reveals either Plaintiff's lack of diligence or knowledge that further written discovery would yield no differing result.

<u>Second</u>, Plaintiff argues that the inability to complete Mr. Sikkens' deposition is a sufficient basis to delay consideration of Defendant's motion, but Plaintiff has not pursued this discovery diligently and in good faith. This becomes evident when viewing Plaintiff's request in light of the procedural history of the case. Plaintiff made the same argument when responding to the prior motion for summary judgment, and Plaintiff knew of Mr. Sikkens' declaration at least by June of 2018 at Mr. Hadden's deposition.

<u>Third</u>, even if seeking the continuance to depose Mr. Sikkens was made in good faith, Plaintiff's showing about what Plaintiff believes will be discovered at the deposition lacks

specificity. Plaintiff identifies Mr. Sikkens as a person who "could" have "relevant information" about Defendant as the successor-in-interest to RRL. Plaintiff makes no effort to explain how deposing Mr. Sikkens will yield information materially different from his declaration, Mr. Hadden's testimony, or the written discovery. The evidence is overwhelming and remains unrefuted, and the possibility of differing testimony would appear remote. The bare conjecture that a deposition could lead to relevant evidence lacks specificity, and it is an unpersuasive basis for a continuance under the circumstances of this case.

Because Plaintiff has pointed to no issue of material of fact and has failed to meet his burden under Rule 56(d), Defendant's renewed motion for summary judgment of dismissal should be granted.

This Order makes no findings about whether additional defendants, e.g., the ostensible owner of RRL, can be added as named defendants by amendment.

* * *

THEREFORE, Defendant Maersk Line, Limited's Renewed Motion for Summary Judgment (Dkt. 108) is HEREBY GRANTED. Defendant Maersk Line, Limited is DISMISSED from this matter.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of October, 2018.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge