The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN deceased,<br><br>Plaintiff,<br><br>vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | NO. 3:18-cv-05536-RJB<br><br>DEFENDANT O'REILLY AUTOMOTIVE STORES, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR:<br>March 8, 2019 |

## I. INTRODUCTION

Defendant O'Reilly Auto Enterprises, LLC, formerly known as CSK Auto, Inc., and incorrectly sued as O'Reilly Automotive Stores, Inc. ("CSK") moves the Court for a summary judgment of dismissal. The only CSK store that plaintiff claims decedent patronized was a Schuck's store in Camas, Washington. Because that store did not open until December 1999, CSK is immune from liability under RCW 7.72.040.

This motion is based on the pleadings on file, the Declaration of Philip Hopper, the Declaration of Stephen G. Leatham, the exhibits attached hereto, and the facts and law set out below.

DEFENDANT O'REILLY AUTOMOTIVE STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
(360) 750-7547

## II. STATEMENT OF FACTS

Plaintiff claims that decedent died from mesothelioma as the result of being exposed to asbestos-containing products. While this case was pending in Pierce County Superior Court, plaintiff submitted Answers to Defendants' First Set of Style Interrogatories. In his response to Interrogatory No. 12, plaintiff claimed that decedent "bought asbestos-containing brakes, clutches, and gaskets from…O'Reilly's (f/k/a Schuck's Auto Parts)….". *See* Exhibit 1.

In response to CSK's Interrogatory No. 1, plaintiff responded that decedent "purchased asbestos-containing brakes, clutches, and gaskets from Shuck's [sic] Auto Parts in or around Camas, Washington." *See* Exhibit 2.

In his July 13, 2018, deposition (Exhibit 3), plaintiff testified at 151-152:

> So later in the years, a Schuck's O'Reilly did come into town, so I know that I shopped there. I don't think that I ever went there with my dad. That was later.

Filed herewith is the Declaration of Philip Hopper, the Director of Property Management for O'Reilly Auto Enterprises, LLC. Plaintiff's testimony is consistent with that of Mr. Hopper, who confirms in his declaration that there was not a Schuck's store in Camas, Washington prior to December 1999.

Given these facts, it must be concluded that CSK is immune from liability under RCW 7.72.040.

## III. DISCUSSION

### A. CSK's Motion Should Be Granted Because Plaintiff Cannot Establish Product Seller Liability Under RCW 7.72.040.

RCW 7.72.040 provides that a mere product seller is generally immune from product liability claims. RCW 7.72.040(1) provides:

> Except as provided in subsection (2) of this section, a product seller other than a manufacturer is liable to the claimant only if the claimant's harm was proximately caused by:

DEFENDANT O'REILLY AUTOMOTIVE STORES, INC.'S
MOTION FOR SUMMARY JUDGMENT - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
(360) 750-7547

> (a) the negligence of such product seller; or
>
> (b) breach of an express warranty made by such product seller; or
>
> (c) the intentional misrepresentation of facts about the product by such product seller or the intentional concealment of information about the product by such product seller.

It is undisputed that CSK is a "product seller" under RCW 7.72.010(1):

> "Product seller" means any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. The term also includes a party who is in the business of leasing or bailing such products.

As such, CSK's potential liability to a purchaser such as plaintiff is extremely limited in a product liability action such as this.[1] This was the intent of the Legislature when it passed the Product Liability Act in 1981. *See* Preamble, Laws of 1981, Ch. 27, § 1:

> It is the intent of the legislature that the right of the consumer to recover for injuries sustained as a result of an unsafe product not be unduly impaired. **It is further the intent of the legislature that retail businesses located primarily in the State of Washington be protected from the substantially increasing product liability insurance costs and unwarranted exposure to product liability litigation**. (Emphasis added.)

The Legislature's intent is also confirmed by the report of the Senate Select Committee on Tort and Product Liability Reform:

> One of the complaints most frequently expressed before the Legislature during the whole course of the product liability discussion over the past few years has been the alleged inequity of holding the non-manufacturing product seller liable for product defects over which it had no control by application of the concept of joint and several liability throughout the chain of distribution. **This section addresses that concern and relieves a non-manufacturing product seller of such liability except in certain limited situations**. (Emphasis added.)

---

[1] Plaintiff's claims undoubtedly constitute a "product liability claim," as defined in RCW 7.72.010(4).

DEFENDANT O'REILLY AUTOMOTIVE STORES, INC.'S
MOTION FOR SUMMARY JUDGMENT - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
(360) 750-7547

Senate Journal, 47th Legislature (1981), at 632.  Thus, in RCW 7.72.040(1), the Legislature eliminated product liability claims as to product sellers except in three limited circumstances: (1) where the seller was negligent, (2) where the seller breached an express warranty, and (3) where the seller intentionally misrepresented or concealed facts about the product.  Here, plaintiff has not alleged, and has no evidence, that CSK was negligent, breached an express warranty, or intentionally misrepresented or concealed facts from decedent, let alone that any such conduct proximately caused his alleged damages.  Rather, the contention is merely that CSK sold him a handful of products at retail.

Under circumstances such as this, it is the public policy of the State of Washington that retailers such as CSK have no liability to purchasers such as decedent.  Under Washington's Product Liability Act, liability for defective design is placed on a product's manufacturer, not its seller.  Accordingly, CSK's motion for summary judgment should be granted.

RCW 7.72.040 provides CSK with a complete defense to plaintiff's claims, provided that it is applicable to this lawsuit.

The Tort Reform Act, including RCW 7.72.040 (the "product seller statute"), is applicable to "all claims arising on or after July 26, 1981."  RCW 4.22.920.  Under the facts of this case, the product seller statute is applicable to plaintiff's claims against CSK.

In determining whether plaintiff's claim against CSK arose on or after July 26, 1981, the Court should consider only decedent's claimed exposure to products allegedly obtained from CSK.  The Court should:

> …measure a plaintiff's exposure to a specific defendant's products and only if substantially all of plaintiff's exposure to that defendant's product occurred before July 26, 1981, can [the court] conclude that the WPLA does not apply.

*Fagg v. Bartells Asbestos Settlement Trust,* 184 Wn. App. 804, 814-15 (2014).

DEFENDANT O'REILLY AUTOMOTIVE STORES, INC.'S
MOTION FOR SUMMARY JUDGMENT - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA  98663
(360) 750-7547

Here, plaintiff's only claim regarding CSK is that decedent obtained automotive parts from a Schuck's store in Camas, Washington. Since there was no Schuck's store in Camas until December 1999, all of decedent's alleged exposure to products from CSK occurred after 1981. CSK, as a mere retail seller, is immune from liability under RCW 7.72.040.

RCW 7.72.010 makes clear that the Legislature did not intend a product seller to have the liability of a manufacturer when it acted as a mere conduit. In construing these statutes, the Court's primary goal is to carry out the legislative intent. *See, e.g., Cockle v. Department of Labor & Industries*, 142 Wn.2d 801, 807 (2001).

That CSK does not have the liability of a manufacturer is also supported by the decision in *Almquist v. Finley School District*, 114 Wn. App. 395 (2002). In that case, at 401, the court noted that the statutory definition of a manufacturer "includes an original creator or intermediate seller **who does more than** merely pass along, unchanged, a previously packaged product." (Emphasis added.) CSK merely passed along, unchanged, a previously packaged product; it did not do "more than" that.

The court also explained, at 405, why mere retail sellers are excluded from strict products liability:

> The reason for excluding non-manufacturing retailers from strict liability is to distinguish "between those who have actual control over the product and those who act as mere conduits in the chain of distribution." *Buttelo v. S.A. Woods-Yates Am. Mach. Co.*, 72 Wn. App. 397, 404, 864 P.2d 948 (1993).

Again, CSK was a mere conduit in the chain of distribution, and is therefore not subject to strict products liability.

The principal author of the Product Liability Act, Hon. Philip A. Talmadge, concurs. In a 1991 law review article, he wrote:

> One of the motivating factors in enacting the 1981 Act was to provide some relief from product liability to the retailers in the chain of sale. The 1981 Act distinguishes between manufacturers and nonmanufacturing product sellers with

DEFENDANT O'REILLY AUTOMOTIVE STORES, INC.'S
MOTION FOR SUMMARY JUDGMENT - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
(360) 750-7547

respect to their liability. The considerable hue and cry from the retail industry abated with the enactment of RCW 7.72.040.

Talmadge, "Product Liability Act of 1981: Ten Years Later," 27:2 Gonz. L. Rev. 153, 170-171 (1991-92).

This is a situation where CSK did not design, manufacture, package, label, or manipulate the parts at issue. It merely accepted delivery from the product manufacturer, placed the products on its shelves, and sold the products to customers. Under these circumstances, and in accordance with the above authorities, CSK does not have the liability of a manufacturer. It retains its statutory immunity as a mere product seller in the chain of distribution.

## IV.  CONCLUSION

Since plaintiff cannot show that decedent worked with or around any automotive parts from a CSK store prior to December 1999, CSK is immune from liability under RCW 7.72.040. Its motion for summary judgment should therefore be granted.

DATED this 11th day of February, 2019.

        HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

        *s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Facsimile: (360) 750-7548
E-mail: sgl@hpl-law.com
Of Attorneys for Defendant O'Reilly Automotive Stores, Inc.

DEFENDANT O'REILLY AUTOMOTIVE STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
(360) 750-7547

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

    HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

    *s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Facsimile: (360) 750-7548
E-mail: sgl@hpl-law.com
Of Attorneys for Defendant O'Reilly Automotive Stores, Inc.

DEFENDANT O'REILLY AUTOMOTIVE STORES, INC.'S MOTION FOR SUMMARY JUDGMENT - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
(360) 750-7547