UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | NO. 3:18-CV-5536-RJB<br><br>DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>NOTED ON MOTION CALENDAR:<br>March 1, 2019 |

## I. INTRODUCTION

DCo LLC respectfully makes a limited appearance to respond to Plaintiff's Motion for Leave to Amend Complaint (Dkt. # 154), which seeks to add DCo as a defendant. The motion claims that "DCo's counsel" already has participated in the litigation and for this and other reasons, DCo will not be prejudiced by amendment.[1] Gordon Thomas Honeywell represents another defendant in this case; it cannot and should not be charged with having participated in this case for DCo when DCo was neither identified in nor served with the Complaint. The fact that Victor gaskets (a product for which DCo would be liable) was identified in discovery still does not put the onus on Gordon Thomas

---

[1] The Motion notes that DCo LLC formerly was known as Dana Companies LLC, and refers to it as "Dana." In this Opposition, DCo LLC styles itself as "DCo."

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 1 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Honeywell to begin participating in the case for DCo because they would not have been authorized to do so. The Court should not alter the mechanism by which the justice system operates or an attorney-client relationship in a case is created just because of Plaintiff's counsel's mistaken belief that DCo was already a defendant in the case.

This is the *fourth* occasion on which Plaintiff has sought or received permission to amend the pleadings. The request comes nearly sixteen months after the filing of the original complaint, more than two months after the Case Scheduling Order's December 3rd deadline to join additional parties, and – perhaps most significant – more than two months after Plaintiff's counsel was directly informed that DCo was not a party in this case. DCo thus feels compelled to respond by noting that it has not been made a party to this lawsuit and (until this pleading) has not participated in any of its proceedings. This case has been going on for some time absent any participation by DCo. DCo has not participated in the deposition of any witnesses, propounded fact discovery, retained experts, or conducted its own investigation of Decedent's alleged Victor-related exposures or alternative exposures. Yet, according to Plaintiff's discovery responses to another codefendant, Plaintiff identified the existence of Victor gaskets in witness Ray Smith's garage and had them tested by one of Plaintiff's experts as early as July 2018. DCo has not tested these gaskets and does not know of the nexus between any gasket from Ray Smith's garage and Decedent's asbestos exposure.

Plaintiff fails to articulate the required good cause as to why he should be permitted to disturb the Court's Case Scheduling Order. Furthermore, Plaintiff's proposed amendment is the product of undue delay and would be manifestly prejudicial and unfair to DCo. DCo respectfully requests that, as a matter of procedure and equity, the Motion be denied.

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 2 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

## II. FACTUAL BACKGROUND

### A. The case was originally filed in state court and even then had amendment deadlines

The original complaint in this matter, naming twenty-eight defendants, was filed in Pierce County Superior Court, on October 27, 2017. Dkt # 68-1 at 3-18. Upon its filing, the Superior Court issued a scheduling order setting a trial date of October 25, 2018, and a deadline for providing a Confirmation of Joinder of Parties, Claims and Defenses of February 23, 2018. Dkt # 68-1 at 2. On February 28, 2018, such a Confirmation of Joinder Claims and Defenses was filed in Superior Court. Dkt # 68-1 at 408-409. While it indicated that an additional party would be joined, the Confirmation of Joinder procedure in state court puts the parties on clear notice of the need to attend to proper joinder of parties and claims so the case can be properly litigated.

On May 14, 2018, Plaintiffs filed a motion in Superior Court seeking leave to amend the complaint to name a personal representative as plaintiff and to add six new defendants. Dkt # 68-1 at 688:20 – 689:2.[2] Significantly, several of these new defendants were additional manufacturers or sellers of retail auto parts. In fact, one of them was NAPA, which Plaintiffs' motion to amend describes as "similarly aligned with Dana" because it sold Plaintiffs the Dana product at issue (Victor automotive gaskets). Motion at 4:8-10. The motion to amend was granted, and an Amended Complaint was filed in Superior Court on June 1, 2018. Dkt # 68-1 at 743-744.

---

[2] Borg Warner Morse Tec, LLC, as successor-by-merger to Borg Warner Corporation; DAP Products, Inc.; Federal-Mogul Asbestos Personal Injury Trust, sued as successor to Felt-Products Manufacturing Co.; Henry Company, LLC; National Automotive Parts Association a/k/a NAPA; and The W.W. Henry Company, L.P.

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 3 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

In the meantime, in conjunction with these amendments, Plaintiffs proposed that the parties stipulate to continuing the trial date, from October 2018 to March 18, 2019. Plaintiffs' proposed stipulation contained a new case schedule with a deadline for Confirmation of Joinder of Parties, Claims and Defenses of August 10, 2018. Declaration of Michael E. Ricketts ("Ricketts Decl."), Exhibit 1 (email from plaintiff's counsel forwarding proposed amended case schedule). The stipulation to continue the trial date as agreed among the parties suggested a new trial date of between March and May 2019, but did not propose other case schedule deadlines. Dkt # 68-1 at 733-737. Per an order entered May 15, 2018, the Superior Court continued the trial date to March 6, 2019. Dkt # 68-1 at 738. An amended case schedule then issued by the Superior Court Clerk did not contain a new deadline for Confirmation of Joinder of Parties, Claims and Defenses, presumably because that deadline had already passed prior to the continuance being ordered. Dkt # 68-1 at 739.

### B. Following removal to this Court, the case was given new amendment deadlines

On July 3, 2018, this matter was removed to this Court. Dkt # 1. On July 11, 2018, this Court entered its Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, which, in accordance with Rule 16(b)(3)(A), Fed.R.Civ.P, required the parties to submit a Joint Status Report containing "[a] proposed deadline for the joining of additional parties." Dkt. # 15 at 2:9. In accordance with that requirement, on October 9, 2018, the parties submitted a Joint Status Report proposing such a deadline:

> 3.  PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES.
>
> December 3, 2018.

Dkt. # 111 at 2:11-12.

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 4 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

The Court then entered its Minute Order Setting Trial and Pretrial Dates, which included the following:

> Deadline for the FILING of any motion to     December 3, 2018
> join parties

Dkt. # 113 at 1:14.

Since removal, Plaintiff has twice before sought leave to amend his pleadings. Dkt. # 72; Dkt. # 90.

### C. DCo has never been named as a party and has never participated in the case

Despite Plaintiff several times having amended his pleadings and adding new defendants, Plaintiff never has named DCo as a party or listed it in any proposed amended pleading until the filing of the present motion, on February 14, 2019.  Nor has DCo heretofore participated as a party in this lawsuit in any fashion.  The motion mentions "DCo's counsel," in apparent reference to a lawyer from Gordon Thomas Honeywell in attendance at depositions in the matter.  Gordon Thomas Honeywell does represent DCo in local asbestos matters (and is presenting this opposition on DCo's behalf).  But it also represents various other defendants in various asbestos matters. Ricketts Decl. at ¶ 6[3]  Its appearance at prior depositions in this matter was on behalf of – and only on behalf of – one of those other clients, Pneumo Abex LLC.  Gordon Thomas Honeywell was not retained to represent DCo in this matter prior to the filing of this motion, which is hardly surprising given that DCo had not been named a party. Ricketts Decl. at ¶¶ 3-4.

---

[3] Gordon Thomas Honeywell currently represents DCo in one other pending matter brought by Dean Omar Branham.  However, it also represents five other defendants in other Dean Omar Branham matters in which DCo is not and never has been a party.  Ricketts Decl. at ¶ 6.

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 5 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

### III. LEGAL AUTHORITY AND ARGUMENT

#### A. Under Rule 15, Fed.R. Civ. P., leave to amend should be liberally granted but bad faith, undue delay, prejudice, and futility must be considered

Amendments to pleadings implicate Rules 15 and 16, Fed.R. Civ. P. *Lochridge v. City of Tacoma*, 315 F.R.D. 596, 598 (W.D. Wash. 2014). Except for amendments made "as a matter of course" or pursuant to a stipulation, leave of court is required to amend a pleading. Rule 15(a), Fed.R. Civ. P. In determining whether leave to amend is appropriate, the "district court considers 'the presence of any four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *Lochridge*, 315 F.R.D. at 598 ("Although leave to amend is liberally granted, undue delay, bad faith, or undue prejudice are grounds for denying leave.").

The determination of "delay" turns on whether "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. A party "contending that it learned 'new' facts to support a claim should not assert a claim that it could have pleaded in previous pleadings." *Lochridge*, 315 F.R.D. at 600. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

Prejudice can also be established by demonstrating that a motion to amend was made after or near discovery deadlines. *Lochridge*, 315 F.R.D. at 600. Furthermore, when "additional discovery would have to be undertaken because the amended pleading contains different legal theories and requires proof of different facts, the opposing party

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 6 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

may be prejudiced." *Id*. (citations omitted). Prejudice can also exist where Plaintiff's proposed amendments would "cause added time and expense" for the defendant. *See Riedesel*, 2015 WL 4227014, at *2; *Jackson*, 902 F.2d at 1387-88 ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (citations omitted).

### B. Under Rule 16, Fed.R. Civ. P., once the deadline for adding parties has passed, leave to amend to add parties requires a showing of good cause

While amendments of pleadings are a topic of Rule 15, once a scheduling order has been entered pursuant to Rule 16(b)(1), Fed. R. Civ. P., a "showing of 'good cause' for amendment must be made if the scheduling order's deadline for amending pleadings has passed." Rule 16(b), Fed. R. Civ. P; *Lochridge*, 315 F.R.D. at 599 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). Such a showing is required because:

> Permitting the amendment to add a new cause of action would necessarily require the Court to extend the discovery deadline to permit the Defendant to respond to the new allegations. The amendment would also require an extension of the deadline for dispositive motions in order that the Defendants may challenge the claim, if appropriate. Good cause must be shown to justify any modification of the scheduling order.

*Id*.

The "good cause" analysis under Rule 16 primarily consists of the diligence of the party seeking amendment. *Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"). Notably, while courts consider factors including prejudice in considering granting leave to amend, if the

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 7 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

moving party was not diligent "the inquiry should end" there and the motion should be denied. *Id*.

### D. Plaintiff's lack of diligence and undue delay calls for denial of the motion

Fourteen months passed from the time Plaintiff first filed his complaint until this Court's deadline for adding new parties expired. During that interval in which prior state court deadlines for confirming joinder of parties also passed, and in which Plaintiff three times moved to amend his complaint to add new parties, Plaintiff never sought leave to add DCo as a party – despite characterizing DCo as a "target defendant." Motion at 43:25. Plaintiff's only justification for this failure (which is offered without any evidentiary support) is his counsel's mistaken belief that DCo had been named as a defendant because "its counsel" had appeared at all depositions in the case. Motion at 2:5-6. As explained above, however, there was no reason in the first place for drawing such a conclusion. Plaintiff's counsel, or at least someone, apparently drew that conclusion from the fact that an attorney from Gordon Thomas Honeywell was in attendance. But that appearance was behalf of another defendant, Pneumo Abex.

That situation was no different than any number of other cases in which Gordon Thomas Honeywell currently represents one or more defendants – but not DCo -- in matters brought by plaintiff's counsel Dean Omar Branham. If Plaintiff's counsel needed to confirm who they had sued, they could have reviewed the original or the several amended complaints they have filed in this matter; none of them named DCo. If they wanted to see what parties were represented at a deposition in this matter, they could have reviewed the appearances listed in the transcript; no transcript shows an

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 8 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

appearance by Gordon Thomas Honeywell for any defendant than Pneumo Abex.[4] The Motion perhaps provides a candid explanation as to how this situation came about, but it does not demonstrate diligence or the absence of undue delay necessary to justify a pleading amendment in disregard of the Case Scheduling Order.

Moreover, Plaintiff has delayed bringing this Motion even after this excuse disappeared. During depositions held in December, Plaintiff's counsel was directly told by the Gordon Thomas Honeywell lawyer in attendance that she was not appearing for DCo but for another defendant, Pneumo Abex, and that DCo was not in the case. Pearson Decl. at ¶ 4. Plaintiff still waited nearly two months to bring this motion, all while the deadline for adding parties receded further into the past and while the remaining time in which to disclosure experts, conduct discovery, and otherwise prepare this matter for trial continued to shrink.

While lack of diligence alone defeats a claim of good cause, here, prejudice to DCo is manifest. Plaintiff (and other defendants) have known of this matter for sixteen months, and have known of impending deadlines for expert disclosures and the close of discovery since this Court entered its Case Scheduling Order last October. Plaintiff has identified Victor gaskets his counsel located in the garage of a family friend, Raymond Smith, as relevant to Plaintiff's claims of asbestos exposure, and sent them to a testing laboratory in early July of last year, yet apparently took no action until now to assert any claims against DCo. With the filing of this Motion, less than sixty days now remain until

---

[4] The Motion states that at one deposition, Plaintiff's counsel *inquired of other defense counsel* whether DCo had appeared. Motion at 2:7-9. The Motion does not explain if the inquiry was whether "counsel for DCo" had appeared, or simply whether a lawyer from Gordon Thomas Honeywell had appeared. Plaintiff's counsel apparently mistook the two to be synonymous. In any event, Plaintiff's counsel did not take the trouble to engage counsel who he thought was representing DCo until a week later, when his misimpression Declaration of Patricia T.O. Pearson ("Pearson Decl." at ¶¶ 2-4.

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 9 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

DCo, if it is added, is to disclose what experts it would retain; only 120 days remain for DCo to conduct any discovery it believes necessary. Plaintiff's Motion argues that "[DCo's] lawyers have actively participated in the discovery phase, including attending and actively participating in all of the depositions taken in this case to date." Motion at 4:7-8. That statement is false and simply perpetuates the problem that brought us to this situation in the first place, of assuming that Gordon Thomas Honeywell's earlier participation in this matter was on behalf of DCo, when it was not.

## IV.   CONCLUSION

The importance of a deadline for joining other parties is borne out by the fact that Rule 16(a)(3)(A), Fed.R.Civ.P., requires that the scheduling order in every case set one. One was set in this case; Plaintiff has long known of this requirement, and has had months, and multiple other occasions to amend, to comply with it with regard to DCo. When Plaintiff's (inexplicable) misunderstanding about DCo never having been made a party was correct, Plaintiff waited still longer to bring this Motion. Regardless of its ability to retain lawyers previously involved with the case, DCo would be prejudiced by having to be brought into the case under its current schedule. Leave to amend should not be granted, and good cause does not exist to alter the Case Scheduling Order to allow it. The Motion should be denied.

Dated this 25th day of February, 2019.

GORDON THOMAS HONEYWELL LLP

By: _/s/ Michael E. Ricketts_____
Michael E. Ricketts, WSBA No. 9387
mricketts@gth-law.com
Attorneys for DCo LLC

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 10 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, I electronically filed the foregoing with the Clerk of the court using CM/ECF which will send notification of such filing to the following:

| Counsel for Plaintiff<br>Brian D. Weinstein<br>Benjamin R. Couture<br>Alexandra B. Caggiano<br>WEINSTEIN COUTURE PLLC<br>service@weinsteincouture.com<br><br>Benjamin H. Adams, *Pro Hac Vice*<br>DEAN OMAR & BRANHAM LLP<br>badams@dobllp.com<br>jjohnson@dobllp.com<br>Dsmith-hogan@dobllp.com<br>cweeks@dobllp.com | Counsel for Federal-Mogul Asbestos Personal Injury Trust<br>Christine E. Dinsdale<br>SOHA & LANG PS<br>asbestos@sohalang.com<br>rubin@sohalang.com<br><br>Frances Lopez, *Pro Hac Vice*<br>HAWKINS PARNELL THACKSTON & YOUNG LLP<br>flopez@hptylaw.com<br>jjaeschke@hptylaw.com |
|---|---|
| Counsel for Air & Liquid Systems Corp.; CBS Corp.; Ingersoll-Rand Company<br>Mark B. Tuvim<br>Kevin J. Craig<br>GORDON & REES LLP<br>SeaAsbestos@gordonrees.com | Counsel for Cost Less Auto Parts, Inc.<br>Howard (Terry) Hall<br>Diane C. Babbitt<br>FOLEY & MANSFIELD PLLP<br>Asbestos-sea@foleymansfield.com |
| Counsel for Crane Co.<br>G. William Shaw<br>K&L GATES<br>se.asbestos@klgates.com | Counsel for Crosby Valve, Inc.; Viad Corp.<br>Ronald Gardner<br>GARDNER TRABOLSI & ASSOCIATES<br>asbestos@gandtlawfirm.com |
| Counsel for The William Powell Company<br>James D. Hicks<br>Brian Smith<br>FOLEY & MANSFIELD PLLP<br>Asbestos-sea@foleymansfield.com | Counsel for Flowserve US, Inc.<br>Randy J. Aliment<br>Marc M. Carlton<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>Seattle-Asbestos@lewisbrisbois.com |
| DAP, Inc. k/n/a La Mirada Products Co., Inc.<br>J. Scott Wood<br>Diane C. Babbitt<br>FOLEY & MANSFIELD PLLP<br>Asbestos-sea@foleymansfield.com | Counsel for Honeywell International, Inc.<br>Kristine E. Kruger<br>PERKINS COIE LLP<br>HW_Asbestos_SEA@perkinscoie.com |

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 11 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

| | |
|---|---|
| **Counsel for Metropolitan Life Insur. Co.**<br>Richard G. Gawlowski<br>WILSON SMITH COCHRAN DICKERSON<br>MetLifeAsbestos@wscd.com | **Counsel for O'Reilly Automotive Stores, Inc.**<br>Steven G. Leatham<br>HEURLIN POTTER JAHN LEATHAM & HOLTMANN PS<br>sgl@hpl-law.com |
| **Counsel for Parker-Hannifin Corp.; Standard Motor Products, Inc.**<br>Howard (Terry) Hall<br>J. Scott Wood<br>Dirk Bernhardt<br>Diane C. Babbitt<br>FOLEY & MANSFIELD PLLP<br>Asbestos-sea@foleymansfield.com | **Counsel for GE Co.; Foster Wheeler Energy Corp.**<br>Christopher S. Marks<br>Erin P. Fraser<br>TANNENBAUM KEALE LLP<br>cmarks@tktrial.com<br>efraser@tktrial.com<br>seattle.asbestos@tktrial.com |
| **Counsel for Genuine Parts Company**<br>Jeanne F. Loftis<br>Megan E. Uhle<br>BULLIVANT HOUSER BAILEY PC<br>asbestos-pdx@bullivant.com | **Counsel for Saint-Gobain Abrasives, Inc.**<br>J. Michael Mattingly<br>Kevin Clonts<br>RIZZO MATTINGLY BOSWORTH<br>asbestos@rizzopc.com |
| **Counsel for Toyota Motor Sales, U.S.A., Inc.**<br>Jose Edward Gaitan<br>Virginia Leeper<br>THE GAITAN GROUP PLLC<br>service@gaitan-law.com | **Counsel for Weir Valves & Controls USA, Inc.**<br>Dana C. Kopij<br>WILLIAMS KASTNER & GIBBS<br>wkgasbestos@williamskastner.com |
| **Counsel for Viking Pump, Inc.**<br>Todd Thacker<br>WFBM LLP<br>tthacker@wfbm.com | **Counsel for BorgWarner Corp.**<br>Richard D. Ross<br>Michael J. Madderra<br>BENNETT BIGELOW & LEEDOM PS<br>rross@bbllaw.com<br>mmadderra@bbllaw.com |
| **Counsel for Henry Co.**<br>Daira Waldenberg<br>SELMAN BREITMAN LLP<br>asbestosWA@selmanlaw.com | |

DATED this 25th day of February, 2019.

                                                */s/ Savanna Stevens*
                                                Savanna Stevens, Legal Assistant
                                                GORDON THOMAS HONEYWELL LLP

DCO LLC'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 12 of 12
(Cause No. 2:16-CV-01708)
[4841-5976-3848]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575