# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Amend Complaint (Dkt. 154). The Court has considered the motion and the remainder of the file herein. For the reasons below, the Court should grant Plaintiff's Motion for Leave to Amend Complaint (Dkt. 154).

## I. BACKGROUND

On October 27, 2017, Plaintiff filed a complaint in this matter in Pierce County Superior Court, alleging that Mr. Rudie Klopman-Baerselman's (decedent) exposure to asbestos from

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 1

asbestos-containing products manufactured, sold, or distributed by the named Defendants substantially contributed to his mesothelioma. Dkt. 1. On May 14, 2018, in Pierce County Superior Court, Plaintiff filed a motion seeking leave to amend complaint to name a personal representative as plaintiff and add six defendants. Dkt. 68-1, at 688. The motion to amend was granted. Dkt. 68-1, at 743.

On July 3, 2019, the case was removed to this Court. Dkt. 1. Since then, Plaintiff has asked this Court for leave to amend complaint three times. Dkts. 72; 90; and 154. The first motion for leave to amend was granted, permitting Plaintiff to add Toyota Motor Corporation as a defendant. Dkt. 88. The second motion for leave to amend was denied as futile. Dkt. 107. In the third and instant motion, Plaintiff seeks leave to amend to add DCo LLC ("DCo") as a named defendant. Plaintiff alleges that decedent had boxes of DCo's asbestos-containing Victor brand gaskets in his garage. Dkt. 154, at 3–4. This appears to be corroborated by the testimony of decedent's friend, Mr. Ray Smith. Dkt. 154, at 4.

Plaintiff admits that its "failure to name DCo as a defendant in this matter was an oversight[.]" Dkt. 161, at 1. Plaintiff erroneously believed that it had named DCo as a defendant because "its counsel" had participated in a telephonic deposition. Dkt. 154, at 2. Plaintiff alleges that its counsel had "even inquired of defense counsel whether [DCo] had appeared. Counsel for another defendant confirmed that [DCo]'s counsel had appeared and was participating in the deposition telephonically." Dkt. 154, at 5.

DCo is represented in this matter by counsel from Gordon Thomas Honeywell LLP ("GTH"); GTH also represents DCo in another pending matter. Dkts. 154, at 2; and 158, at 5. Counsel from GTH was at the deposition, but it notes that "[i]ts appearance at prior depositions in this matter was on behalf of—and only on behalf of—one of those other clients, Pneumo Abex

LLC. [GTH] was not retained to represent DCo in this matter prior to the filing of this motion, which is hardly surprisingly given that DCo had not been named a party." Dkt. 158, at 5.

After the deadline for filing any motion to join parties had passed (December 3, 2018. Dkt. 113[1]), Plaintiff realized that DCo had not been named as a defendant in this case. Plaintiff filed the instant motion seeking leave to amend complaint on February 11, 2019. Dkt. 154. The proposed redlined amended complaint submitted by Plaintiff adds DCo as a named defendant and makes no substantive changes. Dkt. 155-1. DCo responded in opposition to Plaintiff's motion to amend (Dkt. 158), and Plaintiff replied in support of its motion to amend (Dkt. 161).

Plaintiff argues that its motion to amend complaint should be granted because there is strong public policy permitting the amendment of pleadings when justice so requires. Dkt. 154. DCo argues that leave to amend should not be granted and that good cause does not exist to alter the Case Scheduling Order (Dkt. 113) to allow it. Dkt. 158.

## II. DISCUSSION

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing

---

[1] MINUTE ORDER SETTING TRIAL AND PRETRIAL DATES; Length of Trial: *FIFTEEN DAYS*. Jury Trial is set for 10/15/2019 at 09:30 AM in Courtroom A before Judge Robert J. Bryan. Joinder of Parties due by 12/3/2018, Expert Witness Disclosure/Reports under FRCP 26(a)(2) due by 4/17/2019, Motions due by 5/28/2019, Discovery completed by 6/14/2019, Dispositive motions due by 7/16/2019, Motions in Limine due by 9/13/2019, Pretrial Order due by 9/27/2019, Pretrial Conference set for 10/4/2019 at 08:30 AM in Courtroom A before Judge Robert J. Bryan. Trial briefs to be submitted by 10/4/2019, Proposed voir dire/jury instructions due by 10/4/2019.

Dkt. 113.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 3

of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, 1152 (9th Cir. 2011).

In determining whether leave to amend is appropriate, the court considers five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the moving party has previously amended its pleading. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990). "[T]he consideration of prejudice to the opposing party … carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

First, there is no evidence of bad faith. Second, "Plaintiff admits there has been some delay in adding [DCo.]" Dkt. 154, at 3. However, Plaintiff's delay appears to have been caused by confusion related to GTH's presence at an earlier deposition. Dkt. 154, at 5. Third, DCo is inconvenienced— not prejudiced. The first pretrial deadline pertaining to DCo as a defendant in this case (expert witness disclosures and reports) is not due until April 17, 2019, and trial is more than half a year away. Dkt. 113. Fourth, the amendment is not futile. Decedent allegedly had boxes of DCo's asbestos-containing Victor brand gaskets in his garage, which appears corroborated by the testimony of Mr. Ray Smith. Dkt. 154, at 3–4. Fifth, Plaintiff has moved to amend complaint three times before the instant motion and has been permitted to amend it twice. Dkts. 68-1, at 688, 743; 72; 88; 90; 107; and 154. This growing history of amendments is concerning, but "there is a 'strong policy to permit the amending of pleadings,' and denial of a motion to amend must be reviewed 'strictly.'" *Sweaney v. Ada Cty.*, 119 F.3d 1385, 1392 (9th Cir. 1997) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

In light of the factors considered above, it appears that the balance of justice again tilts toward allowing Plaintiff to amend its complaint. Therefore, the Court should grant Plaintiff's Motion for Leave to Amend Complaint (Dkt. 154).

The Court is optimistic that the Parties can accommodate the addition of DCo as a defendant without delay. The Court cautions Plaintiff that amending further oversights in its pleadings may unduly delay this case and be prejudicial to opposing parties.

### III. ORDER

Therefore, it is **HEREBY ORDERED that:**

- Plaintiff's Motion for Leave to Amend Complaint (Dkt. 154) is **GRANTED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of March, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge