# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,

    Plaintiff,

v.

AIR & LIQUID SYSTEMS CORPORATION, et al.,

    Defendants.

CASE NO. 3:18-cv-05536-RJB

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THIS MATTER comes before the Court on Plaintiff's Notice of Motion and Motion to Compel Further Answers to Interrogatories and Requests for Production of Documents from Defendant O'Reilly Automotive Stores, Inc. ("Motion to Compel"). Dkt. 181. Oral argument is unnecessary to decide the motion.

For the reasons set forth below, the Court should grant, in part, and deny, in part, Plaintiff's Motion to Compel.

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 1

I.        **<u>BACKGROUND</u>**

This Motion to Compel arises from a case regarding the mesothelioma-related death of Mr. Rudie Klopman-Baerselman's ("Decedent"), for which Plaintiff alleges Defendants are liable. Dkt. 181. Plaintiff alleges that Decedent was exposed to asbestos as a professional and home auto mechanic. Plaintiff alleges to have discovered numerous asbestos-containing auto parts in Decedent's garage. Decedent allegedly purchased many of the asbestos-containing auto parts from Schuck's Auto Parts stores in Vancouver, Washington, and Camas, Washington.

Defendant O'Reilly Auto Enterprises, LLC ("O'Reilly"; elsewhere in the record referred to as "CSK"), formerly known as CSK Auto, Inc., is apparently responsible for the Schuck's Auto Parts Stores ("Schuck's"). Dkt. 181. Schuck's was an automotive parts retailer throughout Washington, Idaho, Oregon, and Montana. Dkt. 164-3, at 10. Schuck's was acquired by O'Reilly in 1987. Dkt. 164-3, at 10.

On November 28, 2018, Plaintiff served on O'Reilly a First Set of Interrogatories and Requests for Production, as well as a First Set of Requests for Admission. Dkt. 181, at 2–3. On December 20, 2018, O'Reilly apparently emailed Plaintiff requesting an extension to answer the discovery requests. Dkt. 181, at 3. Plaintiff granted the extension. Dkt. 181, at 3.

On January 11, 2019, O'Reilly apparently served its initial Answers and Responses to Plaintiff's First Interrogatories and Requests for Production, as well as its Responses to Plaintiff's Requests for Admission. Dkt. 181, at 3. In its initial answers and responses, O'Reilly apparently did not produce any documents, nor did it provide any information concerning the Schuck's in Vancouver, Washington. Dkt. 181, at 3; *see* Dkt. 187.

On February 14, 2019, Plaintiff emailed O'Reilly a response detailing the alleged deficiencies in O'Reilly's answers and responses. Dkt. 182-10. On February 15, 2019, counsel

for O'Reilly emailed back a response, "I can't discuss all of this with you until next week. I'll let you know when I have the client input I need." Dkt. 181, at 4.

Plaintiff alleges that, after seven days, Plaintiff's counsel called, left a voicemail, and sent an email to O'Reilly's counsel. Dkt. 181, at 4. O'Reilly's counsel responded by email, "I'll bug them again, Ben. I still have nothing back from the client." Dkt. 181, at 4. O'Reilly's counsel continued, "The person I need to speak to has been and is out, and now I am having surgery on Monday. We have set up a call for next Friday morning [(March 1, 2019)], so I can respond substantively after that. Sorry for the delay." Dkt. 182-16, at 2. Plaintiff's counsel asked to speak with O'Reilly's counsel that Friday, March 1, 2019. Dkt. 181, at 5.

On March 28, 2019, apparently after receiving no response from O'Reilly, Plaintiff filed the instant Motion to Compel requesting sufficient answers and responses to its discovery requests and sanctions against O'Reilly. Dkt. 181.

O'Reilly's counsel alleges that it had prepared a detailed email response to Plaintiff but inadvertently did not sent it, possibly "due to the aftereffects of surgery."[1] Dkt. 187, at 3. O'Reilly's counsel modified the email and sent it to Plaintiff on March 29, 2019. Dkt. 187, at 3.

On April 8, 2019, O'Reilly responded in opposition to Plaintiff's instant Motion to Compel:

> Many of the issues [Plaintiff alleges in the instant Motion to Compel] should be resolved by [the email O'Reilly's counsel sent to Plaintiff] and the parties' ensuing telephone conversation. For example, CSK agreed to and will delete its general objections to the discovery requests. CSK will respond regarding the Vancouver store.[2] CSK has confirmed that it possesses no responsive documents for the relevant timeframe regarding the products CSK carried and sold, or financial information regarding such sales.

---

[1] O'Reilly's counsel apparently had shoulder surgery on February 25, 2019. Dkt. 187, at 3.

[2] O'Reilly had previously objected per relevancy to providing responses regarding the Schuck's in Vancouver, Washington. Dkt. 182-9.

> CSK has confirmed that it has no information to enable it to
> answer as to when CSK acquired knowledge or warned about
> products. CSK will produce the document retention policies it has
> been able to locate.'

Dkt. 187, at 3.

On April 10, 2019, O'Reilly served on the Parties amended answers and responses to Plaintiff's First Interrogatories and Requests for Production. Dkt. 192-1.

In its reply in support of the Motion to Compel, Plaintiff argues, "Even as amended, O'Reilly's discovery responses are so devoid of information as to be almost worthless …. O'Reilly's responses remain highly evasive and incomplete. And O'Reilly's document production is still grossly insufficient." Dkt. 193, at 2. Plaintiff maintains its request for sanctions against O'Reilly. Dkt. 193, at 6.

## II. DISCUSSION

### A. INSUFFICIENT RESPONSES

> On notice to other parties and all affected persons, a party may
> move for an order compelling disclosure or discovery. The motion
> must include a certification that the movant has in good faith
> conferred or attempted to confer with the person or party failing to
> make disclosure or discovery in an effort to obtain it without court
> action.

Fed. R. Civ. P. 37(a)(1).

The Court does not provide individualized discussion for each amended response alleged to be deficient in Plaintiff's reply to the Motion to Compel. The Court notes that Plaintiff's efforts to communicate with O'Reilly between February 14, 2019, and March 1, 2019, constituted a good faith conferral or attempt to confer with O'Reilly to obtain the requested disclosures and discovery without court action.

With respect to many interrogatories and requests for production, O'Reilly claims that it does not have the materials or information requested by Plaintiff. Dkt. 192-1. O'Reilly contends that it did not acquire CSK until 2008 and that it has little information about the business it purchased.

Many of O'Reilly's responses are incredible and hard to believe (e.g., O'Reilly's responses to Interrogatory No. 22 (Dkt. 192-1, at 12); Request for Production No. 35 (Dkt. 192-1, at 26); and Request for Production No. 46 (Dkt. 192-1, at 30)). O'Reilly's responses to Interrogatories No. 3–17 are especially hard to believe. *See* Dkt. 192-1, at 3–10. In effect, O'Reilly's responses to Interrogatories No. 3–17 amount to O'Reilly having had its head in the sand with respect to every brake, clutch, and gasket that may or may not have ever been sold by O'Reilly and its related entities. This is especially problematic because Schuck's brakes, clutches, and gaskets appear to be the products most central to this case as it relates to O'Reilly.

Nevertheless, the Court should not compel production of materials and answers that do not exist.[3] But the Court cautions O'Reilly:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard [,] may impose other appropriate sanctions[.]

Fed. R. Civ. P. 37(c)(1)(C).

Although the Court cannot divine the responses appropriate to all of Plaintiff's discovery requests, at least four of O'Reilly's amended responses were clearly insufficient.

---

[3] This should not be construed as the Court ruling that any materials do not exist.

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 5

1. **Interrogatory No. 1:**

   Was there ever a Schuck's Auto Supply store in Camas, Washington? If YOUR answer is anything other than no, please state:

   1) The address of each Schuck's Auto Supply store;
   2) The time period (start date and end date) when each store was open;
   3) The phone number of each store;
   4) The identity of the manager of each store.

   []

   **ANSWER:** Objection. Plaintiff contends that decedent was exposed to asbestos while performing automotive repair and replacement work from approximately 1960 to 2002. Plaintiff contends that decedent bought automotive parts from time to time at a Schuck's store in Camas, Washington. Questions seeking information during any other time frame and regarding any other store are overly broad, unduly burdensome, and seek information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, there were no Schuck's Auto Supply stores in Camas Washington prior to December 1999.

Dkt. 192-1, at 3.

O'Reilly's objection is without merit. If the relevant timeframe related to this interrogatory is from 1960 to 2002, which it appears to be, then O'Reilly's objection appears not to grasp that December 1999 falls within that timeframe. To the extent that O'Reilly's objection suggests that current (or any time beyond 2002) basic store information and manager contact information is irrelevant, the Court disagrees. Basic store information and contact information of store managers may be useful in discovering who knows something about Schuck's history of auto parts sales, of which O'Reilly claims to know almost nothing. Regardless, the Court observes that O'Reilly's legal talents would be better spent preparing for settlement or trial, and not squabbling over basic, routine discovery requests.

O'Reilly's response to Interrogatory No. 1 is insufficient.

2. **Interrogatory No. 2:**

Was there ever a Schuck's Auto Supply store in Vancouver, Washington? If YOUR answer is anything other than no, please state:

    1) The address of each Schuck's Auto Supply store;
    2) The time period (start date and end date) when each store was open;
    3) The phone number of each store; and
    4) The identity of the manager of each store.

[]

**ANSWER:** Objection. Plaintiff contends that decedent was exposed to asbestos while performing automotive repair and replacement work from approximately 1960 to 2002. Plaintiff contends that decedent bought automotive parts from time to time at a Schuck's store on Mill Plain Boulevard in Vancouver, Washington. Questions seeking information during any other time frame and regarding any other stores are overly broad, unduly burdensome, and seek information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, there were no Schuck's Auto Supply stores on Mill Plain Boulevard in Vancouver, Washington prior to July 1982.

Dkt. 192-1, at 3.

    O'Reilly's response to Interrogatory No. 2 is insufficient for the same reasons discussed in Interrogatory No. 1, examined above. Additionally, the Court notes that O'Reilly's amended answer is particularly disappointing, and perhaps misleading, in light of the significantly delayed email response O'Reilly's counsel sent Plaintiff, in which he promised that "CSK will respond regarding the Vancouver store." Dkt. 187, at 3.

3. **Request for Production No. 46:**

Please produce YOUR most recent document retention policy.

[]

> **RESPONSE:** See objections and responses to Interrogatory Nos. 1 through 3 and 22. As the company acquiring the assets of CSK, O'Reilly does not possess any responsive documents.

Dkt. 192-1, at 30.

O'Reilly's response, apparently partly copied and pasted, is nonresponsive, incomplete, and evasive. O'Reilly's acquisition of CSK has no bearing on O'Reilly's most recent document retention policy. Even if O'Reilly somehow, improbably, has no document retention policy, it should have said so. If it does have a document retention policy, it should have provided it.

The Court notes that document retention policy information may be relevant to acquiring product information and employee records, and may be helpful in determining the veracity of O'Reilly's numerous objections to Plaintiff's discovery requests. Additionally, the Court notes that O'Reilly's amended answer is particularly disappointing, and perhaps misleading, in light of the significantly delayed email response O'Reilly's counsel sent Plaintiff, in which he promised that "CSK will produce the document retention policies it has been able to locate." Dkt. 187, at 3.

O'Reilly's response to Request for Production No. 46 is insufficient.

### 4. Request for Production No. 50:

> Please produce the contract and/or purchase agreement between YOU and CSK Auto, Inc.
>
> []
>
> **RESPONSE:** Objection. The requested documents are publicly available on-line, and are as available to plaintiff as they are to CSK. Furthermore, the purchase and sale documents are voluminous, making this request overly broad and unduly burdensome.

Dkt. 192-1, at 31–32.

O'Reilly's bare assertion that the purchase and sale documents are publicly available online is belied by its initial response to requests for production, where it objected that "[t]he requested documents contain confidential business information that CSK is precluded from disclosing." Dkt. 182-8, at 45. Regardless, Plaintiff contends that it does not have access to the purchase and sale documents. Dkt. 193, at 4.

O'Reilly's objection that production of the purchase and sale documents is overly broad and unduly burdensome is also without merit. Plaintiff clearly identified the relevant transaction and clearly identified the requested materials: "the contract and/or purchase agreement between YOU and CSK Auto, Inc." Dkt. 192-1, at 31-32. This does not appear overly voluminous, overly broad, or unduly burdensome.

Moreover, given O'Reilly's numerous incredible objections to requests for production and interrogatories, the Court observes that the contents of the purchase and sale agreement between O'Reilly and CSK may shed light on the veracity of O'Reilly's objections that it does not have many requested materials related to Schuck's and CSK—including basic employee, inventory, training, and sales records.

O'Reilly's response to Request for Production No. 50 is insufficient.

The four responses discussed above are only examples of O'Reilly's insufficient responses. O'Reilly should examine and revise its answers to Plaintiff's requests for production and interrogatories as may be appropriate.

**B. SANCTIONS**

Courts are given broad discretion to control discovery under FRCP 37, including "particularly wide latitude . . . to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater*

*Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

The Court is sympathetic to O'Reilly's counsel's shoulder surgery experience, but it cautions counsel that a pattern of ignoring deadlines and objecting overbroadly to basic discovery requests is unacceptable.

At this time, the Court declines to impose sanctions against O'Reilly.

## C. CONCLUSION

Despite Plaintiff's apparent efforts (see Dkts. 181 and 193) to improve the flow of discovery and to obtain the requested disclosures and discovery, at least four, and possibly many more, of O'Reilly's responses do not sufficiently answer Plaintiff's interrogatories and requests for production. Under the circumstances, O'Reilly should be compelled to produce all discovery, within the scope and limits of Fed. R. Civ. P. 26, requested by Plaintiff. To maintain the trial and pretrial schedule ordered in Dkt. 174, O'Reilly should serve and file an adequate answer to Plaintiff's First Interrogatories and Requests for Production (as seen in Dkt. 192-1) no later than May 13, 2019.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Compel (Dkt. 181) is **GRANTED, IN PART**, and **DENIED, IN PART**. The motion is **GRANTED** as follows:
    o Defendant O'Reilly shall serve and file a sufficient and complete answer, within the scope of Fed. R. Civ. P. 26, to Plaintiff's First Interrogatories and Requests for Production (as seen in Dkt. 192-1) no later than May 13, 2019.

- The motion is otherwise **DENIED.**

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of April, 2019.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge