UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUEID KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION; et al., | CASE NO. C18-5536RJB<br><br>ORDER GRANTING DEFENDANT VIKING PUMP INC.'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the Viking Pump, Inc.'s ("Viking") Motion for Summary Judgment. Dkt. 206. The Court has reviewed the pleadings filed regarding the motion and the remaining record.

For the reasons stated below, Viking's Motion for Summary Judgment (Dkt. 206) should be granted.

**I.     BACKGROUND**

The above-entitled action was commenced in Pierce County, Washington Superior Court on October 27, 2017. Dkt. 1, at 2. The Notice of Removal was filed with this Court on July 3, 2018. *Id.*

ORDER GRANTING DEFENDANT VIKING PUMP INC.'S MOTION FOR SUMMARY JUDGMENT - 1

In the Third Amended Complaint, Plaintiffs allege that Mr. Klopman-Baerselman was exposed to asbestos while working as a merchant marine and through personal automotive exposure. Dkt. 168, at 5-6. The Plaintiffs claim liability based on theories of product liability, including negligence, strict product liability, conspiracy, and premises liability. *Id.*, at 6-13. Mr. Klopman-Baerselman passed away from mesothelioma on November 25, 2017. *Id.*, at 4.

Viking now moves for summary judgment, pursuant to Fed. R. Civ. P. 56, arguing that there is no evidence to support any of Plaintiffs' claims against it. Dkt. 206-1.

## II.   DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

**B. WASHINGTON STATE SUBSTANTIVE LAW APPLIES**

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

**C. SUMMARY JUDGMENT ANALYSIS**

1. <u>Washington Products Liability Standard</u>

"Generally, under traditional product liability theory, the plaintiff must establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product. In order to have a cause of action, the plaintiff must identify the particular manufacturer of the product that caused the injury." *Lockwood v. AC & S, Inc.*, 109 Wn.2d 235, 245–47 (1987) (quoting *Martin v. Abbott Laboratories,* 102 Wn.2d 581, 590 (1984)).

> Because of the long latency period of asbestosis, the plaintiff's ability to recall specific brands by the time he brings an action will be seriously impaired. A plaintiff who did not work directly with the asbestos products would have further difficulties in personally identifying the manufacturers of such products. The

> problems of identification are even greater when the plaintiff has been exposed at more than one job site and to more than one manufacturer's product. [] Hence, instead of personally identifying the manufacturers of asbestos products to which he was exposed, a plaintiff may rely on the testimony of witnesses who identify manufacturers of asbestos products which were then present at his workplace.

*Id.* (citations omitted). *Lockwood* prescribes several factors for courts to consider when "determining if there is sufficient evidence for a jury to find that causation has been established:"

1. Plaintiff's proximity to an asbestos product when the exposure occurred;
2. The expanse of the work site where asbestos fibers were released;
3. The extent of time plaintiff was exposed to the product;
4. The types of asbestos products to which plaintiff was exposed;
5. The ways in which such products were handled and used;
6. The tendency of such products to release asbestos fibers into the air depending on their form and the methods in which they were handled; and
7. Other potential sources of the plaintiff's injury.

*Id.* at 248–49.

### 2. Washington Products Liability Analysis

Viking's motion for summary judgment (Dkt. 206) should be granted. Viking argues that the Plaintiffs cannot show that Mr. Klopman-Baerselman was exposed to or harmed by any asbestos or asbestos-containing products manufactured or supplied by Viking. Dkt. 206-1. It notes that with no evidence of exposure to Viking products, the Plaintiffs cannot show that a Viking product was "a substantial factor in the development of [Mr. Klopman-Baerselman's] disease." *Id.* The Plaintiffs did not respond to the motion. Accordingly, the Plaintiffs have not offered evidence admissible at summary judgment establishing a reasonable connection between Mr. Mr. Klopman-Baerselman's mesothelioma, products manufactured or supplied by Viking,

and/or Viking itself. Plaintiffs have not offered admissible evidence showing, Viking or products that it manufactured or supplied caused, or a were a substantial factor that caused, Mr. Klopman-Baerselman's mesothelioma.

In the absence of evidence from Plaintiff on summary judgment, and in consideration of the *Lockwood* factors above, there is nothing the Court can use to determine whether there is sufficient evidence for a jury to find that causation— a necessary element of all Plaintiffs' claims — has been established. Therefore, the Court should grant Viking's Motion for Summary Judgment (Dkt. 206) and dismiss Viking from this case.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Viking Pump, Inc.'s Motion for Summary Judgment (Dkt. 206) is **GRANTED;** and
- Viking Pump, Inc. is **DISMISSED** from the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 14th day of May, 2019.

ROBERT J. BRYAN
United States District Judge