UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER DENYING DEFENDANT NATIONAL AUTOMOTIVE PARTS ASSOCIATION'S MOTION FOR RECONSIDERSATION OF ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

THIS MATTER comes before the Court on Defendant National Automotive Parts Association's ("NAPA") Motion for Reconsideration of Order Denying Motion to Dismiss for Lack of Personal Jurisdiction. ("Motion for Reconsideration"). Dkt. 246. The Court is familiar with the record and filings herein and is fully apprised.

NAPA offers three arguments for reconsideration: "First, the Order [Denying Motion to Dismiss for Lack of Personal Jurisdiction ("Order")] appears to have mistakenly cited to

ORDER DENYING DEFENDANT NATIONAL AUTOMOTIVE PARTS ASSOCIATION'S MOTION FOR RECONSIDERSATION OF ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 1

inadmissible and incompetent evidence, including hearsay, testimony of witnesses lacking personal knowledge, and mischaracterizations in plaintiff's brief." Dkt. 246, at 1.

"Second, it appears the Court may have overlooked a key distinction between branding or licensing a product and manufacturing or distributing a product." Dkt. 246, at 2.

"Finally, the Order did not rule on NAPA's alternative request that an evidentiary hearing be held to resolve any factual conflict." Dkt. 246, at 2.

\* \* \*

Western District of Washington Local Civil Rule 7(h)(1) provides: "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling, or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).

For the reasons set forth below, the Court should deny NAPA's Motion for Reconsideration.

1. <u>THE COURT CONSIDERED INADMISSIBLE AND INCOMPETENT EVIDENCE</u>

NAPA's argument is without merit. "At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003). The materials considered by the Court were appropriate at summary judgment.

The Court used language from Plaintiff's brief to the extent that it fairly and conveniently described evidence at issue, as considered in the light most favorable to Plaintiff. The Court was fully apprised of the record and materials cited by the Parties as it relates to the Order.

ORDER DENYING DEFENDANT NATIONAL AUTOMOTIVE PARTS ASSOCIATION'S MOTION FOR RECONSIDERSATION OF ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 2

## 2. THE COURT OVERLOOKED A KEY DISTINCTION BETWEEN BRANDING OR LICENSING A PRODUCT AND MANUFACTURING OR DISTRIBUTING A PRODUCT

NAPA's argument is without merit. The evidence and arguments offered by Plaintiff, viewed in a light most favorable to Plaintiff, show that NAPA's activity in Washington went beyond "merely licens[ing] the use of the 'NAPA' logo and trademark to its members and to certain authorized supplies." Dkt. 213, at 3. *See* Dkt. 223. Viewed in a light most favorable to Plaintiff, the evidence demonstrated that NAPA's activity in Washington included not just the branding and licensing of a trademark, but also manufacturing and distributing asbestos-containing products that may have caused injury to Mr. Rudy Klopman-Baerselman.

## 3. THE COURT DID NOT RULE ON NAPA'S ALTERNATIVE REQUEST FOR AN EVIDENTIARY HEARING

In the Order, the Court inadvertently did not rule on NAPA's alternative request for an evidentiary hearing. *See* Dkt. 235. NAPA wrote in its Reply in Support of its instant Motion to Dismiss:

> [S[hould the Court have any question after reviewing all of the written evidence submitted by both parties as to whether NAPA itself distributed or sold asbestos-containing automotive parts, NAPA requests that the Court exercise its discretion to hold an evidentiary hearing to resolve any disputed question of fact relating to the existence of personal jurisdiction over NAPA in this case.

Dkt. 213, at 6.

The Court may, in its discretion, take evidence at a preliminary hearing in order to resolve contested issues of jurisdictional fact. *See Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

> If the court determines that it will receive only affidavits or affidavits plus discovery materials, these very limitations dictate that a plaintiff must make only a prima facie showing of

> jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss. Any greater burden such as proof by a preponderance of the evidence would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials. Thus a plaintiff could not meet a burden of proof requiring a preponderance of the evidence without going beyond the written materials. Accordingly, if a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.
>
> If a plaintiff makes such a showing, however, it does not necessarily mean that he may then go to trial on the merits. *If the pleadings and other submitted materials raise issues of credibility or disputed questions of fact with regard to jurisdiction, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues.*

*Id.* (internal citations omitted) (emphasis added).

As discussed in the Order, Plaintiff made a prima facie showing of jurisdictional facts through submitted materials, including declarations and affidavits. *See* Dkt. 235. Although the materials relied on by NAPA and Plaintiff raise several issues of credibility and disputed questions of fact with regard to jurisdiction, the Court, in its discretion, declines to grant NAPA's request for an evidentiary hearing <u>at this time</u>. Jurisdiction issues may be further raised by motion.

4. CONCLUSION

NAPA has not shown manifest error in the Order, or shown new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Therefore, the Court should deny NAPA's Motion for Reconsideration. Jurisdiction issues may be raised by motion.

* * *

**THEREFORE,** it is **HEREBY ORDERED** that:

- Defendant National Automotive Parts Association's Motion for Reconsideration of Order Denying Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 246) is **DENIED**.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of July, 2019.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge