UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND DEFENDANT GENUINE PARTS COMPANY'S CROSS-MOTION FOR PROTECTIVE ORDER AND SANCTIONS. |

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Further Responses from Defendant Genuine Parts Company to Plaintiff's First Interrogatories and First and Second Requests for Production ("Motion to Compel") (Dkt. 237) and Defendant Genuine Parts Company's ("GPC") Cross-Motion for Protective Order and Sanctions (Dkt. 249). The Court is familiar with the records and files herein and all documents filed in support of an in opposition to the motions. Oral argument is unnecessary to decide these motions.

For the reasons set forth below, the Court should grant, in part, and deny, in part, Plaintiff's Motion to Compel (Dkt. 237); and the Court should deny GPC's Cross-Motion for Protective Order and Sanctions (Dkt. 249).

## I.     BACKGROUND

Plaintiff and GPC appear unable to cooperate under the discovery plan outlined by the Parties in the Joint Status Report (Dkt. 125-1). Plaintiff's instant Motion to Compel puts at issue 70 allegedly insufficient answers to discovery requests. Dkts. 237; and 255. The alleged insufficiencies can be categorized as follows, with some overlap:

1. GPC's unclear and evasive preliminary statement and general objections. Dkt. 237, at 9.
2. GPC's evasive, incomplete answers to interrogatories (Interrogatories 1, 3–11, 13–14, and 16–17).[1] Dkt. 237, at 10.
3. GPC's evasive, incomplete answers to interrogatories where GPC improperly references other discovery (Interrogatories 8, 9, and 16). Dkt. 237, at 11.
4. GPC's unanswered interrogatories that GPC improperly refused to answer based on its contention that Plaintiff exceeded the limit of 25 interrogatories (Interrogatories 17–25). Dkt. 237, at 11.
5. GPC's untruthful answers to Requests for Admission ("RFA") that should be deemed admitted (RFAs 4–5, 8, 20–21, 31–32, 40, 43, 54, 72–74, 84, 94–95, and 97–98). Dkt. 237, at 13.

---

[1] Plaintiff withdrew its Motion to Compel as to interrogatory No. 15. Dkt. 255, at 7.

6. GPC's evasive answers to requests for production where GPC "document dump[ed]" large quantities of unrequested materials (Requests for Production 4, 6, 8–9, 12, 14–19, 21–22, 24–27, 29–38, and 48). Dkt. 237, at 12.

7. Plaintiff also seeks production of photographs and video footage from the site inspection of Mr. Rudie Klopman-Baerselman's ("Decedent") home conducted by GPC, which GPC claims is protected work-product. Dkt. 237, at 15; s*ee generally* Dkt. 147 (granting, in part, GPC's motion to compel a site inspection of Decedent's home).

GPC argues that it has provided sufficient answers to Plaintiff's discovery requests. Dkt. 249. Additionally, GPC moves for "a protective order against any further discovery by plaintiff against GPC in this case, and … sanctions against plaintiff[.]" Dkt. 249, at 24. Plaintiff also requests sanctions against GPC. Dkt. 237, at 15.

Below, the Court first discusses Plaintiff's Motion to Compel. Second, the Court discusses GPC's cross-motion for a protective order. Finally, the Court discusses sanctions.

## II. DISCUSSION

### A. PLAINTIFF'S MOTION TO COMPEL

The Federal Rules of Civil Procedure provide, in part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

> (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

> (B) *To Compel a Discovery Response.* A Party seeking discovery
> may move for an order compelling an answer, designation,
> production, or inspection.

Fed. R. Civ. P. 37(a)(3)(A)–(B).

Plaintiff certifies that it has made good faith efforts to confer and settle the many discovery disputes at issue. *See* Dkt. 237, at 7–10; *see also* Dkt. 249, at 2.

The instant motions demonstrate an overreliance on the Court in this discovery process, which the Court should not countenance. The Court does not discuss in detail each of the 70 alleged insufficiencies; rather, the Court discusses the alleged insufficiencies as categorized above in § I.

1. <u>GPC's preliminary statement and general objections create unclear and evasive responses</u>

Plaintiff argues that Plaintiff's General Objections (Dkts. 238-3, at 2–3; and 238-3, at 59–63) are blanket objections not permitted because they create unclear and evasive responses in violation of FRCP 33 and 34. GPC responded that it "agreed to withdraw its preliminary statement and general objections, well before plaintiff filed this motion." Dkt. 249, at 7.

The Court concludes that GPC has withdrawn its Preliminary Statement and General Objections. Therefore, the Court should deny as moot Plaintiff's Motion to Compel as to GPC's general objections.

2. <u>Evasive, incomplete answers to interrogatories (Interrogatories 1, 3–11, and 13–14, and 16–17)</u>

GPC consistently provided evasive, incomplete answers to these interrogatories. For example, Interrogatory No. 4 asks: "During what years did GPC remanufacture, sell, or distribute asbestos-containing clutches?" GPC's answer provides only when it began using non-asbestos

containing friction materials and ceased the use of asbestos in clutches—the opposite of the question asked.

Therefore, GPC should provide amended, non-evasive, complete answers to these interrogatories. Although the Court is aware that GPC may not have records or information necessary to answer some of Plaintiff's interrogatories, the Court cautions GPC:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard [,] may impose other appropriate sanctions[.]

Fed. R. Civ. P. 37(c)(1), (C).

3. <u>Evasive, incomplete answers to interrogatories in which GPC improperly references other discovery (Interrogatories 8, 9, and 16)</u>

GPC's argument that it "does not reference any other discovery" is misleading and untrue. *See generally* Dkt. 249, at 9, 11. For example, GPC objects to Interrogatory No. 8 as "overly burdensome, cumulative, duplicative, and intended to harass," and, "subject to and without waiving these objections, *GPC refers plaintiff to GPC's Responses and Objections to Plaintiffs' First Set of Discovery Requests to GPC,* dated June 28, 2018." Dkt. 238-3, at 7–8 (emphasis added). GPC clearly referenced other discovery in its answer, namely, the June 28, 2018 response to discovery requests served against GPC by Plaintiff when the Court was in state court.

Moreover, GPC misleadingly responded in opposition to Plaintiff's Motion to Compel as to Interrogatory No. 8 by quoting (conspicuously without citation) an interrogatory response from its state court June 28, 2018 responses as if the quoted material was from the March 23, 2019 responses at issue. *See* Dkt. 249, at 9:7–9; c*ompare* Dkt. 238-3, at 7–9 (Interrogatory No. 8)

*with* Dkt. 250-5, at 15 (Interrogatory No. 12). GPC's conflation of the different responses appears misleading.

GPC directed Plaintiff to other discovery materials instead of providing adequate responses to Plaintiff's Interrogatories. Therefore, GPC should provide non-evasive, complete answers to these interrogatories without improperly directing Plaintiff to other discovery materials.

4. <u>Unanswered interrogatories that GPC improperly refused to answer based on its contention that Plaintiff exceeded the limit of 25 interrogatories (Interrogatories 17–25)</u>

The Federal Rules of Civil Procedure provide, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete sub-parts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1).

"Although the term discrete subparts does not have a precise meaning, courts generally agree that interrogatory subparts ought to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question." *Trevino v. ACB American Inc,* 232 F.R.D. 612 (N.D. CA 2006) (quotations and citations omitted); *see generally Neill v. All Pride Fitness of Washougal, LLC,* C08-5424RJB, 2009 WL 10676369, at *2 (W.D. Wash. May 21, 2009) (discussing case law on what is and is not a discrete subpart).

Plaintiff's Interrogatory No. 17, which appears similar to Interrogatory No. 18, should be counted as one interrogatory. The interrogatory's subparts are factually subsumed within and necessarily related to the primary question of basic store information.

GPC's argument that Plaintiff exceeded the 25 interrogatory limit is incorrect, and GPC's responses to Interrogatories 17–25 are incomplete. Therefore, GPC should provide amended, complete answers to these interrogatories.

    5. <u>Untruthful answers to RFAs that should be deemed admitted (RFAs 4–5, 8, 20–21, 31–32, 40, 43, 54, 72–74, 84, 94–95, and 97–98)</u>

> [A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. A party requesting an admission may, if he feels these requirements have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. Although the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed, this determination, like most involved in the oversight of discovery, is left to the sound discretion of the district judge.

*Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) (citations omitted).

GPC's answers are insufficient. GPC's answers consistently state that "GPC objects to this request as it is identical or nearly identical to previous requests to which GPC has already responded, and is thus overly burdensome, cumulative, duplicative, and intended to annoy and harass" and then refer Plaintiff to other discovery materials. *E.g.,* Dkt. 238-3, at 65:7–9.

Plaintiff's RFAs appear substantially similar to RFAs that Plaintiff served on GPC in 2018 when the case was in state court. *Compare* Dkt. 238-3, at 63 *with* Dkt. 250-6, at 5. Apparently, Plaintiff and GPC agreed to re-serve discovery requests in federal court. Dkt. 250-8. In a February 25, 2019 email, GPC's counsel wrote to Plaintiff's counsel, "I recall us agreeing that GPC would re-serve its discovery requests in federal court. I do not recall us agreeing that GPC's responses to plaintiff's discovery were a nullity." Dkt. 250-8, at 1. Regardless, discovery was clearly re-served and GPC's answers thereto consistently object to the requests as

duplicative and refer Plaintiff to the 2018 state court objections and responses and other discovery materials. GPC's counsel appears to have agreed to discovery being re-served in federal court, so how can it object that the re-served discovery is duplicative?

The Court should order that GPC amend the answers to these RFAs.

6. <u>Evasive answers to requests for production in which GPC "document dump[ed]" large quantities of unrequested materials obscuring the sought-after discovery (Requests for Production 4, 6, 8–9, 12, 14–19, 21–22, 24–27, 29–38, and 48)</u>

GPC argues that by providing Plaintiff with a compact disc containing GPC's asbestos document repository that it has produced the requested documents as they are kept in the ordinary course of business in accordance with FRCP 34(b)(2)(E)(i), and Plaintiff is equally capable, if not more capable, of searching GPC's production to identity the requested documents. Dkt. 249, at 13. GPC continues, "Plaintiff's objections to the burden of locating these documents are insincere. Plaintiff counsel is a sophisticated national law firm …. [and it] already knows the location … of the documents it seeks. GPC's production in this case marks the fourth time in 2.5 years that GPC has produced its asbestos document repository to plaintiff counsel." Dkt. 249, at 13.

GPC's answers are insufficient. Again, the counselors' history of litigation is irrelevant and, again, GPC consistently refers Plaintiff to other discovery materials. Worse, here, the referrals to other discovery are often twofold: GPC's responses first refer Plaintiff to the 2018 state court responses (see, e.g., Dkt. 238-3, at 19 (Request for Production No. 4)) and then, second, the 2018 state court responses refer Plaintiff to a repository[2] of GPC documents related to asbestos (see, e.g., 250-5, at 31 (Request for Production No. 6)).

---

[2] Plaintiff alleges the repository is 39,210 pages. *See* Dkt. 237, at 12.

ORDER ON PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND DEFENDANT GENUINE PARTS COMPANY'S CROSS-MOTION FOR PROTECTIVE ORDER AND SANCTIONS. - 8

GPC's consistent referrals to the 2018 state court responses are clearly improper, as discussed above in § II(A)(3), but it is unclear whether production of the repository of GPC documents complies with FRCP 34, which provides:

(i) A Party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms[.]

Fed. R. Civ. P. 34(b)(2)(E)(i)–(ii).

To the extent that GPC's asbestos document repository does not produce documents as they are kept in the usual course of business or are organized and labeled to correspond to the categories of the request, GPC should be ordered to provide amended answers.

7. <u>Plaintiff also seeks production of the photographs and video footage from the site inspection of Decedent's home conducted by GPC</u>

Plaintiff requested photographs and video footage prepared by GPC during a site inspection of Decedent's home, where Plaintiff's counsel was present. Dkt. 237, at 15. GPC argues that the photographs and video footage are protected work-product. Dkt. 249, at 21.

Plaintiff's briefing of this issue is inadequate. Plaintiff's entire argument spans just 16 lines and cites to no authority whatever for its assertion that work-product protection was waived because Plaintiff's counsel was present during the site inspection. *See* Dkt. 237, at 15.

Therefore, the Court should deny without prejudice Plaintiff's Motion to Compel as to the requested photographs and video footage from the site inspection, except that GPC should produce any video footage that included Plaintiff's counsel.

**B. GPC'S CROSS-MOTION FOR A PROTECTIVE ORDER**

GPC's cross-motion for a protective order against any further discovery against GPC by Plaintiff in this case is without merit and fails to cite to supporting authority. GPC's argument is that Plaintiff's discovery requests have been overly voluminous and inappropriate. GPC alleges that many of Plaintiff's discovery requests are intended to harass and induce settlement; GPC suggests that many of Plaintiff's discovery requests are unnecessary because Plaintiff's counsel has significant asbestos litigation experience and the counselors are familiar adversaries.

The Court disagrees with GPC. The Joint Status Report provides that "[t]his is a *highly complex* ... asbestos litigation action …. The case will involve many witnesses, including expert witnesses." Dkt. 111, at 1 (emphasis added). Much of GPC's argument, especially concerning the volume of discovery, is simply a reflection of the complexity of this case. It appears to the Court that most of Plaintiff's discovery requests at issue have been aimed at making its case and simplifying issues at trial. The counselors' history of litigation outside of this case is irrelevant.

Therefore, the Court should deny GPC's Cross-Motion for Protective Order.

**C. SANCTIONS**

Plaintiff and GPC both request sanctions against each other. Dkts. 237, at 15; and 249, at 23.

Courts are given broad discretion to control discovery under FRCP 37, including "particularly wide latitude … to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

GPC provided many of evasive, incomplete, and insufficient answers to many, but not all, of the discovery requests discussed above. However, considering the complexity and volume of the requests for discovery here, the Court declines to order sanctions at this time.

**D. CONCLUSION**

Despite Plaintiff and GPC having conducted meet and confer sessions to resolve the numerous discovery issues above, many of GPC's answers are insufficient. To the extent the discovery requests are within the scope and limits of FRCP 26, and as directed herein, GPC should be compelled to file and serve an amended response to the discovery requests discussed above. To maintain the trial and pretrial schedule ordered in Dkt. 113, GPC should serve and file an amended answer to Plaintiff's discovery requests no later than August 2, 2019. The deadline for filing dispositive motions should be extended to August 12, 2019, and all other trial and pretrial deadlines should remain unchanged.

GPC's Cross-motion for a Protective Order and Sanctions should be denied. Additionally, both Plaintiff and GPC's requests for sanctions should be denied at this time.

The Court hopes that Plaintiff and GPC can complete discovery without additional Court involvement.

# III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Compel Further Responses (Dkt. 237) is **GRANTED, IN PART**, and **DENIED, IN PART**;
  - The motion is **GRANTED** as follows:
    - Defendant General Parts Company shall serve and file an amended, sufficient, and complete answer to Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant Genuine Parts Company (as seen in Dkt. 238-2) and to Plaintiff's First Requests for Admission to Defendant Genuine Parts Company (as seen in Dkt. 238-2), within the scope of FRCP 26, and as directed herein, no later than August 2, 2019.
    - The deadline for filing dispositive motions shall be extended to August 12, 2019, and all other trial and pretrial deadlines shall remain unchanged.
    - General Part's Company shall produce any video footage of Plaintiff's counsel from the site inspection.
  - The motion is **DENIED AS MOOT** as to General Part's Company's preliminary statements and general objections;
  - The motion is **DENIED WITHOUT PREJUDICE** as to the requested photographs and video footage from the site inspection, except that General Part's Company shall produce any video footage of Plaintiff's counsel from the site inspection, as ordered above.

- - The Motion is **DENIED** in all other respects.
- Defendant Genuine Parts Company's Cross-Motion for Protective Order and Sanctions (Dkt. 249) is **DENIED.**

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of July, 2019.

*[signature]*

ROBERT J. BRYAN
United States District Judge