UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,

Plaintiff,

v.

AIR & LIQUID SYSTEMS CORPORATION, et al.,

Defendants.

CASE NO. 3:18-cv-05536-RJB

ORDER GRANTING DEFENDANT STANDARD MOTOR PRODUCTS, INC.'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant Standard Motor Products, Inc.'s ("SMP") Motion for Summary Judgment (Dkt. 261). The Court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion.

For the reasons stated below, SMP's Motion for Summary Judgment should be granted.

## I. <u>BACKGROUND</u>

This is an asbestos case. Dkt. 168. The above-entitled action was commenced in Pierce County Superior Court of October 27, 2017. Dkt. 1-1, at 6. Notice of removal from the state court was filed with this Court on July 3, 2018. Dkt. 1-1.

ORDER GRANTING DEFENDANT STANDARD MOTOR PRODUCTS, INC.'S MOTION FOR SUMMARY JUDGMENT - 1

In the operative complaint, Plaintiff alleges that Rudie Klopman-Baerselman ("Decedent") was exposed to asbestos-containing products designed, manufactured, and sold by SMP, causing Decedent injuries for which SMP is liable. Dkt. 168. Decedent was diagnosed with mesothelioma on approximately July 11, 2017, and died on November 25, 2017.

The complaint provides that "Decedent [] was an employee of Royal Dutch Lloyd, Rotterdam Lloyd and worked as a merchant mariner assigned to several vessels. While performing his duties as a boiler oilman/stoker from approximately 1955 through 1959, Decedent [] was exposed to asbestos, asbestos-containing materials and products while aboard the vessels." Dkt. 168, at 6. The complaint continues, "Decedent [] performed all maintenance work on his vehicles specifically friction work. Decedent [] performed maintenance to his vehicles, during the approximate years 1966 through 1997. Decedent [] was exposed to asbestos, asbestos materials and products while performing vehicle maintenance." Dkt. 168, at 6.

"Plaintiff claims liability based upon the theories of product liability (RCW 7.72 et seq.); negligence; conspiracy; strict product liability under Section 402A and 402B of the Restatement of Torts; premises liability; and any other applicable theory of liability." Dkt. 168, at 6.

On July 11, 2019, SMP filed the instant Motion for Summary Judgment, arguing that:

(1) Plaintiff is unable to identify any evidence, admissible or otherwise, that the Decedent was exposed to any asbestos-containing products manufactured or produced by SMP.

(2) Plaintiff is unable to identify any evidence, admissible or otherwise, that the Decedent suffered a substantial exposure to asbestos associated with any asbestos-containing products manufactured or produced by SMP.

(3) Plaintiff has failed to present evidence sufficient to establish genuine issues of material fact with respect to Plaintiff's claims of negligence, conspiracy, strict

liability under Section 402A and 402B of the Restatements of Torts, and premises liability.

Dkt. 261.

Plaintiff filed nothing in opposition to SMP's Motion for Summary Judgment.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect.*

*Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

**B. WASHINGTON STATE SUBSTANTIVE LAW APPLIES**

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

**C. SUMMARY JUDGMENT ANALYSIS**

1. <u>Washington Product Liability</u>

"Generally, under traditional product liability theory, the plaintiff must establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product. In order to have a cause of action, the plaintiff must identify the particular manufacturer of the product that caused the injury." *Lockwood v. AC & S, Inc.,* 109 Wn.2d 235, 245–47 (1987) (quoting *Martin v. Abbott Laboratories,* 102 Wn.2d 581, 590 (1984)).

> Because of the long latency period of asbestosis, the plaintiff's ability to recall specific brands by the time he brings an action will be seriously impaired. A plaintiff who did not work directly with the asbestos products would have further difficulties in personally identifying the manufacturers of such products. The problems of identification are even greater when the plaintiff has been exposed at more than one job site and to more than one manufacturer's product. [] Hence, instead of personally identifying the manufacturers of asbestos products to which he was exposed, a plaintiff may rely on the testimony of witnesses who identify

> manufacturers of asbestos products which were then present at his workplace.

*Id.* (citations omitted).

*Lockwood* prescribes several factors for courts to consider when "determining if there is sufficient evidence for a jury to find that causation has been established":

1. Plaintiff's proximity to an asbestos product when the exposure occurred;
2. The expanse of the work site where asbestos fibers were released;
3. The extent of time plaintiff was exposed to the product;
4. The types of asbestos products to which plaintiff was exposed;
5. The ways in which such products were handled and used;
6. The tendency of such products to release asbestos fibers into the air depending on their form and the methods in which they were handled; and
7. Other potential sources of the plaintiff's injury; courts must consider the evidence presented as to medical causation.

*Id.* at 248–49.

Plaintiff has not offered admissible evidence establishing a reasonable connection between Decedent's injury and death, products manufactured by SMP, and SMP. Moreover, Plaintiff has not filed anything in opposition to SMP's instant motion for summary judgment.

Although Plaintiff alleges that Decedent was exposed to asbestos from SMP asbestos-containing products, no witnesses have testified identifying such a product used by Decedent. *See* Dkts. 262-2; 262-3; 262-4; 262-5; and 262-6. Eric Klopman-Baerselman testified identifying four brands of brakes used by Decedent (Rayloc, Bendix, Toyota, and Raybestos), Dkt. 262-6, at 4, and had earlier testified that Decedent may have used "more than two" brands of brakes, although he could not recall them. Dkt. 262-5, at 4.

Plaintiff has not offered admissible evidence showing, even viewed in a light most favorable to Plaintiff, that SMP or its products caused Decedent's injuries and death. In consideration of the *Lockwood* factors above, the Court cannot determine that there is sufficient evidence for a jury to find that causation—a necessary element of Plaintiff's claim—has been established.

Therefore, the Court should grant SMP's Motion for Summary Judgment (Dkt. 261) as to Plaintiff's Washington product liability claim. The Court need not consider the issue raised by SMP of whether exposure to an asbestos-containing product from SMP was a substantial factor in the development of Decedent's mesothelioma.

2. Other Claims

Plaintiff has failed to present evidence sufficient to establish genuine issues of material fact with respect to Plaintiff's broad claims of negligence, conspiracy, strict liability under Section 402A and 402B of the Restatements of Torts, and premises liability. Therefore, the Court should grant SMP's Motion for Summary Judgment (Dkt. 261) as to all of Plaintiff's claims against SMP.

3. Conclusion

Therefore, the Court should grant SMP's Motion for Summary Judgment (Dkt. 261) and dismiss SMP from this case.

### III. ORDER

Therefore, it is hereby ORDERED that:

- Defendant Standard Motor Products, Inc.'s Motion for Summary Judgment (Dkt. 261) is **GRANTED;** and
- Defendant Standard Motor Products, Inc. is **DISMISSED** from the case.

1     IT IS SO ORDERED.

2     The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

    Dated this 5th day of August, 2019.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge