UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,

Plaintiff,

v.

AIR & LIQUID SYSTEMS CORPORATION, et al.,

Defendants.

CASE NO. 3:18-cv-05536-RJB

ORDER ON DEFENDANT O'REILLY'S MOTION FOR PROTECTIVE ORDER

THIS MATTER comes before the Court on Defendant O'Reilly Auto Enterprises, LLC's ("O'Reilly") Motion for Protective Order (Dkt. 271). The Court has considered the motion, all materials filed in support of and in opposition to the motion, and the remainder of the record herein, and it is fully advised.

For the reasons set forth below, O'Reilly's Motion for Protective Order should be granted, in part, and denied, in part.

**I. BACKGROUND**

On June 28, 2019, Plaintiff served O'Reilly with a notice of deposition requiring O'Reilly to designate a FRCP 30(b)(6) corporate representative. Dkt. 271-1. The notice contains

ORDER ON DEFENDANT O'REILLY'S MOTION FOR PROTECTIVE ORDER - 1

52 topics of examination. Dkt. 271-1. O'Reilly filed the instant motion, disputing the appropriateness of Topics 4, 5, 7–22, 24–26, 28–30, 32–41, 43, 46, and 49–52. O'Reilly argues that "[t]he scope of plaintiff's notice of deposition is impossibly broad, unduly burdensome, and disproportionate to the needs of this case. The Court should issue a protective order, limiting the scope of the upcoming deposition as requested in this motion." Dkt. 271, at 10. Pursuant to LCR 26(c)(1), counsel for O'Reilly certifies that the parties engaged in a good faith meet and confer attempting to resolve the disputed issues. Dkt. 271, at 2.

## II. DISCUSSION

The rules guiding this order were well laid out by the Court in *Boyer v. Reed Smith, LLP*, C12-5815 RJB, 2013 WL 5724046, at *2 (W.D. Wash. Oct. 21, 2013):

> Pursuant to Fed. R .Civ. P. 30(b)(6), a party may serve notice on an organization that describes "with reasonable particularity the matters on which examination is requested." The noticed organization must then "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). "The persons so designated shall testify as to the matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).
>
> Although there is conflicting case law from other circuits on the proper scope of a Rule 30(b)(6) deposition in light of its "reasonable particularity" requirement, districts in the Ninth Circuit have concluded that "[o]nce the witness satisfies the minimum standard [for serving as a designated witness], the scope of the deposition is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); see also *U.S. E.E.O. V. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).
>
> Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense [and proportional to the needs of the case.]" The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter

that could bear on any issue that is or may be raised in a case. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

In turn, Fed. R. Civ. P. 26(b)(2)(c) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) [the proposed discovery is outside the scope permitted by Rule 26(b)(1)]." Fed. R. Civ. P. 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To establish "good cause," a party seeking a protective order for discovery materials must "present a factual showing of a particular and specific need for the protective order." *Welsh v. City and County of San Francisco*, 887 F.Supp. 1293, 1297 (N.D. Cal. 1995); *see also Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). In determining whether to issue a protective order, courts must consider "the relative hardship to the non-moving party should the protective order be granted." *Gen. Dynamics*, 481 F.2d at 1212. Under the liberal discovery principles of the Federal Rules, a party seeking a protective order carries a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court may fashion any order which justice requires to protect a party, or person, from undue burden, oppression, or expense. *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982).

The Court need not, and does not, discuss each of the many topics in dispute. Below, the Court discusses select topics demonstrating the need for Plaintiff to amend and reserve the notice of deposition in conformity with the liberal rules and purpose of discovery set forth above.

**Topic 4: O'Reilly's corporate history and business, including the dates of inception; the asbestos containing products it manufactured, distributed, and sold; the brands of brakes, clutches, and gaskets it sold; the identity of its suppliers of brakes, clutches, and gaskets; the quantity of brakes, clutches, and gaskets it purchased and**

**sold each year before 2003; the scope of its business; the locations of its business; the locations of production, distribution, and sale; yearly revenue from its business before 2003; O'Reilly's total revenue from the years when it was selling and distributing asbestos-containing brakes, clutches, and/or gaskets; and O'Reilly's business relationship with CSK Auto.**

Topic 4 is overbroad, unduly burdensome, and not proportional to the needs of the case. *See McArthur v. Rock Woodfired Pizza & Spirits,* 318 F.R.D. 136, 142 (W.D. Wash. 2016) (finding that extensive financial information sought by plaintiff was not proportional to the needs of the case); Fed. R. Civ. P. 26(b)(1)-(2). Portions of Topic 4 appear to relate to all of O'Reilly's business activity, regardless of its relationship, if any, to asbestos-containing products or a particular geographic region or certain store locations. Topic 4 is also duplicative of other topics, including Topics 7–8, 12–13, 15, 17, 19, and 21.

Topic 4 also lacks reasonable particularity because it has no clear date range. *See McArthur,* 318 F.R.D. at 143 (finding that certain FRCP 30(b)(6) topics lack particularity when they fail to provide a date range). Topic 4 provides an upper date range of 2003 but leaves O'Reilly, and the Court, to speculate as to how far back it relates.

**Topic 7: The brands of brakes, clutches, and gaskets Schucks sold before 2003.**

Topic 7 lacks reasonable particularity because it has no clear date range. Moreover, the Court observes that Schucks was apparently founded in 1917, which may raise concerns of relevancy and proportionality.

**Topics 8, 12-22, and 24: Sales Activity Topics**

These topics are overbroad and lack reasonable particularity for having no date range or an unclear date range, similar to Topic 7 above.

**Topics 25-26: O'Reilly's knowledge and understanding of discovery and court orders.**

Topics 25-26 lack reasonable particularity and are overbroad, not proportional to the needs of the case, and not reasonably related to Plaintiff's claims. Plaintiff argues these topics are necessary because "Plaintiff believes that O'Reilly has perpetrated a fraud on this court and on Plaintiff by repeatedly providing willfully false and misleading responses to written discovery that directly contradict its prior sworn testimony." Dkt. 284, at 8. The Court would consider Plaintiff's allegation by motion, but it should not subject O'Reilly to these overbroad topics.

**Topic 28: O'Reilly's knowledge and understanding regarding its purchase of CSK Auto, including the amount of money it paid for CSK, all investigation and due diligence it performed before purchasing the company, and the location and substance of any documents it reviewed before purchasing CSK.**

Topic 28 is overbroad and lacks reasonable particularity, especially its vague reference to "all investigation and due diligence." Moreover, the breadth of this topic does not appear proportional to the needs of this case. *See McArthur,* 318 F.R.D. at 142.

**Topic 36-38: O'Reilly's corporate values and codes of conduct, including its positions, beliefs, and opinions regarding safety, public health, compliance with federal law, compliance with state law, providing clean and safe products, conducting business in an open and fair way, clarity and transparency in communication and disclosure, moral obligations to customers, conscientiousness, common sense, caring, doing what's right, warnings that clearly provide the necessary information to the user, and the principle of safe design.**

Topic 36 is overbroad and lacks reasonable particularity. For example, it is substantially unclear what Plaintiff means by O'Reilly's "positions, beliefs, and opinions regarding … caring, doing what's right."

**Topics 40 & 41: The locations where O'Reilly's & Schucks's businesses operated.**

Topics 40 and 41 lack particularity because they have no date range. Moreover, they are overbroad and not proportional to the needs of the case. For example, the topics have no geographical limitations related to Plaintiff's claims or to the stores in Camas and Vancouver.

**Topic 49: O'Reilly's knowledge, contentions, and opinions regarding Rudie**

**Klopman-Baerselman, his disease, his treatment, his life, his exposures to asbestos, his family, his wife, his children, his death, and this lawsuit.**

Topic 49 is overbroad and lacks reasonable particularity. For example, a question concerning O'Reilly's opinion on the life of Rudie Klopman-Baerselman is almost boundless.

### III. CONCLUSION

The Court should not issue a protective order at this time; Plaintiff should amend and serve on O'Reilly the notice of deposition in conformity with the guidance above. The Parties' reliance on the Court for discovery in this case has been extraordinary, and it is the Court's hope that the Parties can finish discovery with minimal additional Court involvement.

### IV. ORDER

**THEREFORE**, the Court hereby **ORDERS** that:

- Defendant O'Reilly Auto Enterprises, LLC's Motion for Protective Order is **GRANTED, in part, and DENIED, in part,** as follows:
    - The motion is **GRANTED** as follows:
        - Plaintiff shall amend and serve on O'Reilly the notice of deposition, as directed above, by August 21, 2019.
    - The motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of August, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT O'REILLY'S MOTION FOR PROTECTIVE ORDER - 6