# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>**REPLACEMENT** ORDER ON PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND DEFENDANT GENUINE PARTS COMPANY'S CROSS-MOTION FOR PROTECTIVE ORDER AND SANCTIONS |

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Further Responses from Defendant Genuine Parts Company to Plaintiff's First Interrogatories and First and Second Requests for Production ("Motion to Compel") (Dkt. 237) and Defendant Genuine Parts Company's ("GPC") Cross-Motion for Protective Order and Sanctions (Dkt. 249). The Court is familiar with the records and files herein and all documents filed in support of an in opposition to the motions. Oral argument is unnecessary to decide these motions.

For the reasons set forth below, the Court should grant, in part, and deny, in part, Plaintiff's Motion to Compel (Dkt. 237); and the Court should deny GPC's Cross-Motion for Protective Order and Sanctions (Dkt. 249).

## I.     BACKGROUND

Plaintiff and GPC appear unable to cooperate under the discovery plan outlined by the Parties in the Joint Status Report (Dkt. 125-1). Plaintiff's instant Motion to Compel puts at issue numerous allegedly insufficient answers to discovery requests. Dkts. 237; and 255. The alleged insufficiencies can be categorized as follows, with some overlap:

1. GPC's unclear and evasive preliminary statement and general objections. Dkt. 237, at 9.

2. GPC's evasive, incomplete answers to interrogatories (Interrogatories 1, 3–11, 13–14, and 16–17).[1] Dkt. 237, at 10.

3. GPC's evasive, incomplete answers to interrogatories where GPC improperly references other discovery (Interrogatories 8, 9, and 16). Dkt. 237, at 11.

4. GPC's unanswered interrogatories that GPC improperly refused to answer based on its contention that Plaintiff exceeded the limit of 25 interrogatories (Interrogatories 17–25). Dkt. 237, at 11.

5. GPC's untruthful answers to Requests for Admission ("RFA") that should be deemed admitted (RFAs 4–5, 8, 20–21, 31–32, 40, 43, 54, 72–74, 84, 94–95, and 97–98). Dkt. 237, at 13.

---

[1] Plaintiff withdrew its Motion to Compel as to interrogatory No. 15. Dkt. 255, at 7.

6. GPC's evasive answers to requests for production where GPC "document dump[ed]" large quantities of unrequested materials (Requests for Production 4, 6, 8–9, 12, 14–19, 21–22, 24–27, 29–38, and 48). Dkt. 237, at 12.

7. Plaintiff also seeks production of photographs and video footage from the site inspection of Mr. Rudie Klopman-Baerselman's ("Decedent") home conducted by GPC, which GPC claims is protected work-product. Dkt. 237, at 15; s*ee generally* Dkt. 147 (granting, in part, GPC's motion to compel a site inspection of Decedent's home).

GPC argues that it has provided sufficient answers to Plaintiff's discovery requests. Dkt. 249. Additionally, GPC moves for "a protective order against any further discovery by plaintiff against GPC in this case, and … sanctions against plaintiff[.]" Dkt. 249, at 24. Plaintiff also requests sanctions against GPC. Dkt. 237, at 15.

The Court initially ruled on the instant motion in Dkt. 264 ("Order"). In the Order, Court inadvertently referenced GPC's March 2019 discovery responses (Dkt. 238-3) instead of the April 2019 supplemental discovery responses (Dkts. 250-3 and 250-3). GPC moved for reconsideration (Dkt. 265) , the Court ordered Plaintiff to respond (Dkt. 274), Plaintiff responded (Dkt. 289), and GPC replied (Dkt. 311). The Court vacated the Order, necessitating this replacement order to resolve the pending discovery motions.

Below, the Court first discusses Plaintiff's Motion to Compel. Second, the Court discusses GPC's cross-motion for a protective order. Finally, the Court discusses sanctions.

## II. DISCUSSION

### A. PLAINTIFF'S MOTION TO COMPEL

The Federal Rules of Civil Procedure provide, in part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

> (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) *To Compel a Discovery Response.* A Party seeking discovery may move for an order compelling an answer, designation, production, or inspection.

Fed. R. Civ. P. 37(a)(3)(A)–(B).

Plaintiff certifies that it has made good faith efforts to confer and settle the many discovery disputes at issue. *See* Dkt. 237, at 7–10; *see also* Dkt. 249, at 2.

The instant motions demonstrate an overreliance on the Court in this discovery process, which the Court should not countenance. The Court does not discuss in detail each of the numerous alleged insufficiencies; rather, the Court discusses the alleged insufficiencies as categorized above in § I.

1. <u>GPC's preliminary statement and general objections create unclear and evasive responses</u>

Plaintiff argues that Plaintiff's General Objections (Dkts. 238-3, at 2–3; and 238-3, at 59–63) are blanket objections not permitted because they create unclear and evasive responses in violation of FRCP 33 and 34. GPC responded that it "agreed to withdraw its preliminary statement and general objections, well before plaintiff filed this motion." Dkt. 249, at 7.

The Court concludes that GPC has withdrawn its Preliminary Statement and General Objections. Therefore, the Court should deny as moot Plaintiff's Motion to Compel as to GPC's general objections.

2. <u>Evasive, incomplete answers to interrogatories (Interrogatories 1, 3–11, and 13–14, and 16–17)</u>

Some of GPC's answers appear insufficient. For example, Interrogatory No. 10 asks: "During what time period (start date and end date) did EIS supply friction and lining material to Genuine Parts Company?" Dkt. 250-2, at 7. GPC responds, in part, "upon information and belief, after a reasonable search, GPC is unaware of 'EIS' supplying friction material to its Rayloc Division." Dkt. 250-2, at 7. It unclear to the Court why GPC limited its answer to GPC's Rayloc Division when the question was directed to GPC broadly.

Therefore, it appears that GPC should provide amended, non-evasive, complete answers to at least some of these interrogatories. Although the Court is aware that GPC may not have records or information necessary to answer some of Plaintiff's interrogatories, the Court cautions GPC:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard [,] may impose other appropriate sanctions[.]

Fed. R. Civ. P. 37(c)(1), (C).

3. <u>Evasive, incomplete answers to interrogatories in which GPC improperly references other discovery (Interrogatories 8, 9, and 16)</u>

These interrogatories are insufficient, but not necessarily because of references to other discovery, if any.

REPLACEMENT ORDER ON PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND DEFENDANT GENUINE PARTS COMPANY'S CROSS-MOTION FOR PROTECTIVE ORDER AND SANCTIONS - 5

Interrogatory No. 8 asks: "During what time period (start date and end date) did Pneumo Abex (aka American Brakeblok) supply friction lining material to Genuine Parts Company?" Dkt. 250-2, at 6. GPC's answer states, in part, "Abex supplied some, but not all, of the friction material used by Rayloc on its remanufactured brakes during the 1966-1997 exposure period at issue in this case." Dkt. 250-2, at 6. This answer is problematic because, although there may be limits as to what time periods are relevant and proportionate to the needs of this case, GPC's answer is limited to an exposure period not set forth in the interrogatory.

Interrogatory No. 9 asks: "How much friction lining material dud Pneumo Abex (aka American Brakeblok) supply to Genuine Parts Company?" Dkt. 250-2, at 6–7. GPC responds, in part, "GPC … is unaware of complete records that demonstrate 'how much friction lining material Pneumo Abex supplied to GPC.'" Dkt. 250-2, at 7. GPC Continues, "By way of further response, GPC states that records responsive to this interrogatory, to the extent they exist, were contained on the CD of the GPC's asbestos document repository that was produced to Plaintiff's counsel in this case in September 2018." Dkt. 250-2, at 7. GPC's answer makes no assertion that it conducted a reasonable search for records responsive to the interrogatory. Instead, GPC directs Plaintiff to a large asbestos document repository. And although Plaintiff elsewhere states that the repository documents are contained as they were kept in their usual course of business (e.g., Dkt. 250-2, at 22), GPC does not make that assurance here.

Interrogatory No. 16 asks:

> Was there ever a NAPA Auto Parts store in Camas, Washington?
> If Genuine Parts Company's answer is anything other than no,
> please state the following:
>
> A. The date the store opened and/or became a NAPA store;
> B. The address or addresses of the store from the date it opened
> until today;

C. The name of the auto parts store, if any, before it became a NAPA store;
D. The name, address, and phone number of any managers and/or jobbers of the store prior to 1988; and
E. Whether the store had a machine shop.

Dkt. 250-2, at 12.

GPC's answer is almost sufficient, but it does not contain the requested address and phone numbers of any managers and/or jobbers. GPC identified Henry Maul as a manager or jobber, but it did not state his title, address, or phone number, nor did GPC indicate whether it conducted a reasonable search for the remaining information requested.

Therefore, it appears that GPC should amend its answers to these interrogatories, but not necessarily because of references to other discovery materials.

4. <u>Unanswered interrogatories that GPC improperly refused to answer based on its contention that Plaintiff exceeded the limit of 25 interrogatories (Interrogatories 17–25)</u>

The Federal Rules of Civil Procedure provide, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete sub-parts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1).

"Although the term discrete subparts does not have a precise meaning, courts generally agree that interrogatory subparts ought to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question." *Trevino v. ACB American Inc,* 232 F.R.D. 612 (N.D. CA 2006) (quotations and citations omitted); *see generally Neill v. All Pride Fitness of Washougal, LLC,* C08-5424RJB, 2009 WL 10676369, at *2 (W.D. Wash. May 21, 2009) (discussing case law on what is and is not a discrete subpart).

1  Plaintiff's Interrogatory No. 17, which appears similar to Interrogatory No. 18, should be counted as one interrogatory. The interrogatory's subparts are factually subsumed within and necessarily related to the primary question of basic store information.

GPC's argument that Plaintiff exceeded the 25 interrogatory limit is incorrect, and GPC's responses to Interrogatories 17–25 are incomplete. Therefore, GPC should provide amended, complete answers to these interrogatories.

5. <u>Untruthful answers to RFAs that should be deemed admitted (RFAs 4–5, 8, 20–21, 31–32, 40, 43, 54, 72–74, 84, 94–95, and 97–98)</u>

> [A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. A party requesting an admission may, if he feels these requirements have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. Although the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed, this determination, like most involved in the oversight of discovery, is left to the sound discretion of the district judge.

*Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) (citations omitted).

These RFAs and their responses are problematic but do not require Court intervention. For example, RFA No. 8 asks: "Genuine Parts Company's slogan in October of 1975 was 'Let's Be Responsible.'" Dkt. 250-3, at 7. GPC responded:

> GPC objects to this request as it is identical or nearly identical to previous requests to which GPC has already responded, and is thus overly burdensome, cumulative, duplicative, and intended to annoy and harass. Additionally, GPC objects to this request as vague, ambiguous and overly broad as to the term "slogan." Subject to and without waiving these objections, GPC admits that the phrase "Let's Be Responsible" was used in some marketing materials.

Dkt. 250-3, at 7–8.

This is not a model answer, but the difference between this and a model answer is not so great as to require the intervention of the Court.

As an example of a bad RFA, RFA No. 31 asks: "Genuine Parts Company is a company that follows through with warnings to customers." Dkt. 250-3, at 20. GPC responded:

> GPC objects to this request as it is identical or nearly identical to previous requests to which GPC has already responded, and is thus overly burdensome, cumulative, duplicative, and intended to annoy and harass. GPC objects to the phrase "follows through" as vague, ambiguous, and overly broad. GPC further objects to the extent this request calls for a legal conclusion related to the duty to warn of a remanufacturer or distributor of finished goods that are manufactured and packaged by the third party suppliers.

Dkt. 250-3, at 20.

GPC's objection is fair. Indeed, the Court does not know what kind of responsive answer would be sufficient to such an unbounded question.

Therefore, the Court should not deem as admitted RFAs 4–5, 8, 20–21, 31–32, 40, 43, 54, 72–74, 84, 94–95, and 97–98, nor order an amended answer as to these RFAs.

6. <u>Evasive answers to requests for production in which GPC "document dump[ed]" large quantities of unrequested materials obscuring the sought-after discovery (Requests for Production 4, 6, 8–9, 12, 14–19, 21–22, 24–27, 29–38, and 48)</u>

GPC argues that, by providing Plaintiff with a compact disc containing GPC's asbestos document repository, it has produced the requested documents as they are kept in the ordinary course of business in accordance with FRCP 34(b)(2)(E)(i), and Plaintiff is equally capable, if not more capable, of searching GPC's production to identity the requested documents. Dkt. 249, at 13. GPC also states, "Plaintiff's objections to the burden of locating these documents are insincere. Plaintiff counsel is a sophisticated national law firm …. [and it] already knows the location … of the documents it seeks. GPC's production in this case marks the fourth time in 2.5

years that GPC has produced its asbestos document repository to plaintiff counsel." Dkt. 249, at 13.

Plaintiff argues that "simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought" is prohibited under Rule 34. Dkt. 237, at 12 (quoting *S.E.C. v. Collins & Aikman Corp.,* 256 F.R.D. 403, 410 (S.D.N.Y. 2009)). Rule 34 provides:

(i) A Party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms[.]

Fed. R. Civ. P. 34(b)(2)(E)(i)–(ii).

Because the asbestos document repository CD purportedly "contains documents as they were kept in their usual course of business," e.g., Dkt. 250-2, at 18, it does not appear that its production here is prohibited under Rule 34.

Therefore, the Court should not order an amended answer as to RFPs 4, 6, 8–9, 12, 14–19, 21–22, 24–27, 29–38, and 48.

7. <u>Plaintiff also seeks production of the photographs and video footage from the site inspection of Decedent's home conducted by GPC</u>

Plaintiff requested photographs and video footage prepared by GPC during a site inspection of Decedent's home, where Plaintiff's counsel was present. Dkt. 237, at 15. GPC argues that the photographs and video footage are protected work-product. Dkt. 249, at 21.

Plaintiff's briefing of this issue is inadequate. Plaintiff's entire argument spans just 16 lines and cites to no authority whatever for its assertion that work-product protection was waived because Plaintiff's counsel was present during the site inspection. *See* Dkt. 237, at 15.

1  Therefore, the Court should deny without prejudice Plaintiff's Motion to Compel as to
2  the requested photographs and video footage from the site inspection, except that GPC should
3  produce any video footage that included Plaintiff's counsel.

**B. GPC'S CROSS-MOTION FOR A PROTECTIVE ORDER**

GPC's cross-motion for a protective order against any further discovery against GPC by Plaintiff in this case is without merit and fails to cite to supporting authority. GPC's argument is that Plaintiff's discovery requests have been overly voluminous and inappropriate. GPC alleges that many of Plaintiff's discovery requests are intended to harass and induce settlement; GPC suggests that many of Plaintiff's discovery requests are unnecessary because Plaintiff's counsel has significant asbestos litigation experience and the counselors are familiar adversaries.

The Court disagrees with GPC. The Joint Status Report provides that "[t]his is a *highly complex* ... asbestos litigation action …. The case will involve many witnesses, including expert witnesses." Dkt. 111, at 1 (emphasis added). Much of GPC's argument, especially concerning the volume of discovery, is simply a reflection of the complexity of this case. It appears to the Court that much of Plaintiff's discovery requests at issue have been aimed at making its case and simplifying issues at trial. The counselors' history of litigation outside of this case is irrelevant.

Therefore, the Court should deny GPC's Cross-Motion for Protective Order.

**C. SANCTIONS**

Plaintiff and GPC both request sanctions against each other. Dkts. 237, at 15; and 249, at 23.

Courts are given broad discretion to control discovery under FRCP 37, including "particularly wide latitude … to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater*

*Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

Some of the discovery requests and answers are problematic. However, considering the complexity and volume of the requests for discovery here, the Court declines to order sanctions at this time.

**D. CONCLUSION**

Despite Plaintiff and GPC having conducted meet and confer sessions to resolve the numerous discovery issues above, some of GPC's answers are insufficient. To the extent the discovery requests are within the scope and limits of FRCP 26, and as directed herein, GPC should be compelled to file and serve an amended response to the discovery requests as instructed above. To maintain the trial and pretrial schedule ordered in Dkt. 113, GPC should serve and file an amended answer to Plaintiff's discovery requests no later than September 13, 2019.

GPC's Cross-motion for a Protective Order and Sanctions should be denied. Additionally, both Plaintiff and GPC's requests for sanctions should be denied at this time.

The Court hopes that Plaintiff and GPC can complete discovery without additional Court involvement.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Compel Further Responses (Dkt. 237) is **GRANTED, IN PART**, and **DENIED, IN PART**;
    - The motion is **GRANTED** as follows:
        - Defendant General Parts Company shall serve and file an amended, sufficient, and complete answer to Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant Genuine Parts Company and to Plaintiff's First Requests for Admission to Defendant Genuine Parts Company, within the scope of FRCP 26, and as directed herein, no later than September 13, 2019.
        - General Part's Company shall produce any video footage of Plaintiff's counsel from the site inspection.
    - The motion is **DENIED AS MOOT** as to General Part's Company's preliminary statements and general objections;
    - The motion is **DENIED WITHOUT PREJUDICE** as to the requested photographs and video footage from the site inspection, except that General Part's Company shall produce any video footage of Plaintiff's counsel from the site inspection, as ordered above.
    - The Motion is **DENIED** in all other respects.
- Defendant Genuine Parts Company's Cross-Motion for Protective Order and Sanctions (Dkt. 249) is **DENIED.**

REPLACEMENT ORDER ON PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND DEFENDANT GENUINE PARTS COMPANY'S CROSS-MOTION FOR PROTECTIVE ORDER AND SANCTIONS - 13

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of August, 2019.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge