UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER ON DEFENDANTS TOYOTA MOTOR CORPORATION'S AND TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION FOR PROTECTIVE ORDER PROTECTING THEIR WITNESSES PRODUCED PURSUANT TO FED. R. CIV. P. 30(B)(6) AND LIMITING CERTAIN DISCOVERY |

THIS MATTER comes before the Court on Defendants Toyota Motor Corporation's ("TMC") and Toyota Motor Sales, U.S.A., Inc.'s ("TMS") (collectively "Toyota Defendants") Motion for Protective Order Protecting Their Witnesses Produced Pursuant to Fed. R. Civ. P. 30(b)(6) and Limiting Certain Discovery ("Motion for Protective Order") (Dkt. 325). The Court has considered the motion, all materials filed in support of and in opposition to the motion, and the remainder of the record herein, and it is fully advised.

For the reasons set forth below, Toyota Defendants' Motion for Protective Order (Dkt. 325) should be granted, in part, and denied, in part.

# I. BACKGROUND

On April 3, 2019, Plaintiff and Toyota discussed the necessity of a deposition in this case. Toyota Defendants' counsel wrote to Plaintiff's counsel asking whether Plaintiff would accept, in lieu of another deposition, the deposition of Jessica Dean, taken from the "Swasey case" involving TMC. Dkt. 334-1, at 46. Plaintiff's counsel declined. Dkt. 334-1, at 52. Toyota Defendants' counsel requested that Plaintiff serve the notices of deposition "by the end of May to allow them sufficient time to prepare for their depositions[.]" Dkt. 334-1, at 67.

On May 31, 2019, Plaintiff served notices of deposition to Toyota Defendants. Dkt. 333, at 6. The notices of deposition contained 96 matters of examination ("topics") and their schedule of documents contained 71 document requests. Dkts. 334-1, at 70–124. Plaintiff contends that, "[a]lthough the notices were lengthy and comprehensive, Toyota, unlike other asbestos defendants, has relatively limited involvement in asbestos litigation. As such, plaintiff could not rely on the prior testimony as heavily as plaintiff often can with other defendants, many of whom have been deposed 50-100+ times in asbestos litigation." Dkt. 333, at 6–7. The TMS deposition was scheduled for September 5, 2019, and the TMC deposition was scheduled for September 12, 2019. Plaintiff notes that this allowed for "over triple the 30-day notice period under FRCP 30(b)(2) and 34(b)(2)(A)." Dkt. 333, at 7.

On August 8, 2019,[1] Toyota Defendants' counsel wrote to Plaintiff's counsel: "virtually all of the topics and document requests are objectionable due to overbreadth, vagueness, relevance, and lack of particularity." Dkt. 334-2, at 2. Toyota Defendants' counsel asked to meet and confer regarding the deposition notices and other discovery matters with TMS. Dkt. 334-2, at 2.

---

[1] Plaintiff states that he did not receive Toyota Defendants objections until August 13, 2019. Dkt. 333, at 8.

ORDER ON DEFENDANTS TOYOTA MOTOR CORPORATION'S AND TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION FOR PROTECTIVE ORDER PROTECTING THEIR WITNESSES PRODUCED PURSUANT TO FED. R. CIV. P. 30(B)(6) AND LIMITING CERTAIN DISCOVERY - 2

Plaintiff states that, on August 15, 2019, "Plaintiff sent Toyota a significantly shortened deposition notice. Plaintiff made large reductions to nearly every topic, and deleted 23 topics of examination and 21 document requests in their entirety." Dkt. 333, at 8 (internal citations omitted). Later that day, Plaintiff's counsel and Toyota Defendants' counsel apparently met and conferred telephonically. Dkt. 333, at 8. Plaintiff's counsel apparently deleted 14 additional topics and 7 more document requests, and emailed a red-lined notice to Toyota Defendants. Dkt. 333, at 8. The following day, Toyota Defendants' counsel sent Plaintiff's counsel an email agreeing to review the red-lined notice. Dkt. 334-2, at 81.

Plaintiff states that, on August 19, 2019, Toyota Defendants' Counsel emailed Plaintiff's counsel that it believed plaintiff's written discovery requests were inconsistent with the Court's orders on other discovery matters. Dkt. 333, at 9. Plaintiff states that "[t]he next communication Plaintiff received from Toyota was when Toyota filed the instant 14-page motion[.]" Dkt. 333, at 9.

On August 22, 2019, Toyota Defendants filed the instant Motion for Protective Order. Dkt. 325. Toyota Defendants contend that Plaintiff deluged the defendants with deposition topics lacking particularity and not limited to any reasonable boundaries corresponding to vehicles, component parts, facts, or dates at issue in this case. Dkt. 325. Toyota Defendants argue that, although Plaintiff served an amended notice of deposition to TMS, Plaintiff failed to serve TMC. Dkt. 325. Toyota Defendants contend that Plaintiff failed to review pending TMS written discovery following the August 15, 2019 meet and confer, and that the written discovery is duplicative of topics in the deposition notices. Dkt. 325. Toyota Defendants also argue that the Court should protect privileged documents and materials from production. Dkt. 325, at 13.

ORDER ON DEFENDANTS TOYOTA MOTOR CORPORATION'S AND TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION FOR PROTECTIVE ORDER PROTECTING THEIR WITNESSES PRODUCED PURSUANT TO FED. R. CIV. P. 30(B)(6) AND LIMITING CERTAIN DISCOVERY - 3

Plaintiff filed a response in opposition to the instant motion. Dkt. 333. Plaintiff makes three primary arguments: (1) Toyota Defendants prejudiced Plaintiff by waiting 74 days to object to Plaintiff's deposition notices; (2) Plaintiff's deposition notices and discovery are relevant and proportional to the needs of the case; and (3) Toyota did not meaningfully meet and confer regarding the written discovery and the amended deposition emailed after the meet and confer on August 15, 2019. Dkt. 333.

Toyota Defendants filed a reply in support of the instant motion. Dkt. 337.

## II. DISCUSSION

The rules guiding this order were laid out well by the Court in *Boyer v. Reed Smith, LLP*, C12-5815 RJB, 2013 WL 5724046, at *2 (W.D. Wash. Oct. 21, 2013):

> Pursuant to Fed. R .Civ. P. 30(b)(6), a party may serve notice on an organization that describes "with reasonable particularity the matters on which examination is requested." The noticed organization must then "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). "The persons so designated shall testify as to the matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).
>
> Although there is conflicting case law from other circuits on the proper scope of a Rule 30(b)(6) deposition in light of its "reasonable particularity" requirement, districts in the Ninth Circuit have concluded that "[o]nce the witness satisfies the minimum standard [for serving as a designated witness], the scope of the deposition is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); see also *U.S. E.E.O. V. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).
>
> Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense [and proportional to the needs of the case.]" The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter

that could bear on any issue that is or may be raised in a case. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

In turn, Fed. R. Civ. P. 26(b)(2)(c) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) [the proposed discovery is outside the scope permitted by Rule 26(b)(1)]." Fed. R. Civ. P. 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To establish "good cause," a party seeking a protective order for discovery materials must "present a factual showing of a particular and specific need for the protective order." *Welsh v. City and County of San Francisco*, 887 F.Supp. 1293, 1297 (N.D. Cal. 1995); *see also Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). In determining whether to issue a protective order, courts must consider "the relative hardship to the non-moving party should the protective order be granted." *Gen. Dynamics*, 481 F.2d at 1212. Under the liberal discovery principles of the Federal Rules, a party seeking a protective order carries a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court may fashion any order which justice requires to protect a party, or person, from undue burden, oppression, or expense. *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982).

Below, the Court first discusses meet and confer requirements. Second, the Court discusses select topics demonstrating that Plaintiff should amend and re-serve the notices of deposition in conformity with the liberal rules and purpose of discovery set forth above. Finally, the Court briefly discusses production of privileged materials.

### A. Meet and Confer Requirements

Rule 26(c)(1) provides, in part, that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

It appears that the parties here met and conferred regarding written discovery and the notices of deposition, and there was some discussion between Plaintiff's counsel and Toyota Defendants' counsel moving towards resolution. However, Plaintiff argues that Toyota Defendants did not meaningfully participate in the meet and confer sessions regarding written discovery and that Toyota Defendants never responded substantively to the amended notice of deposition before filing the instant motion. Dkt. 333, at 10–14. Toyota Defendants argue that, "[o]ther than the agreement to narrow some time frames, there was no real compromise represented in the edited Notices." Dkt. 337, at 7. Regardless, it appears that the parties met and conferred, and that Toyota Defendants fulfilled the meet and confer requirements under Rule 26(c)(1).

### B. Plaintiff Should Amend and Re-serve the Notices of Deposition

The following is an example of a topic that is overbroad and lacks particularity: "Toyota's position, subjective beliefs, and opinions about the proper and reasonable conduct of a manufacturer of consumer products." Dkts. 334-2, at 25; 340, at 8; and 341, at 8.[2] The court should not subject Toyota Defendants to such an overbroad and unbounded topic.

---

[2] The topic numbers in the red-lined amended notice do not match the topic numbers of the previously served notices of deposition to which Toyota Defendants filed objections. For example, the topic above is Topic No. 5 in the amended notice, but Topic No. 6 in the objections. *Compare* Dkt. 334-2, at 25 *with* Dkts. 340, at 8; and 341, at 8. And the record here is voluminous. Toyota Defendants' objections to Plaintiff's notices of deposition alone span 240 pages. Dkts. 340; and 341. To avoid confusion, the Court does not refer to the topics by number.

ORDER ON DEFENDANTS TOYOTA MOTOR CORPORATION'S AND TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION FOR PROTECTIVE ORDER PROTECTING THEIR WITNESSES PRODUCED PURSUANT TO FED. R. CIV. P. 30(B)(6) AND LIMITING CERTAIN DISCOVERY - 6

The following is an example of a topic that is unduly burdensome and disproportionate to the needs of the case: "A description of and the purpose of brakes, clutches, gaskets, heat insulators, and any other asbestos-containing component of Toyota vehicles, as well as Toyota's knowledge regarding how these materials operated, deteriorated, and were replaced." Dkts. 334-2, at 25; 340, at 5–6; and 341, at 5–6; s*ee McArthur v. Rock Woodfired Pizza & Spirits,* 318 F.R.D. 136, 142 (W.D. Wash. 2016) (finding that extensive financial information sought by plaintiff was not proportional to the needs of the case).

As noted by Toyota Defendants in their objections, this topic "is not limited in scope to a specific relevant time period, location, or to a specific model vehicle, model year, … or component part known to be at issue in Plaintiff's lawsuit[.]" Dkts. 340, at 6; and 341, at 6. The Court should not subject Toyota Defendants to a topic that is clearly disproportionate to the needs of the case.

Therefore, Plaintiff should review, reconsider, amend, and re-serve all parts of the notices of deposition by September 24, 2019. If there is further concern about the notices, the parties should meet and confer before asking for the Court's intervention.

### C. Privileged Materials

Toyota Defendants fail to show that Plaintiff has requested production of privileged materials. Toyota Defendants' argument spans just seven lines, cites no case law, and does not explain how or why any of Plaintiff's "extensive questioning regarding facts, documents and witnesses supporting Defendants' affirmative defenses" amounts to a request for production of privileged materials. *See* Dkt. 325, at 13. Therefore, Toyota Defendants' instant motion should be denied as to its request that the Court protect unspecified documents as privileged.

### D. Written Discovery

Toyota Defendants argue that, "[a]fter this case was removed from State Court … TMS responded to … 22 interrogatories that were pending prior to removal." Dkt. 337, at 7. Toyota Defendants continue, "Plaintiff has not requested leave to allow more than 25 interrogatories be served on TMS. TMS previously responded to 22 interrogatories and should only be required to respond to an additional three of th[e] pending interrogatories[.]" Dkt. 337, at 7.

Plaintiff contends that the "discovery Toyota allegedly already responded to was in the state court action. Plaintiff is unaware of Toyota responding to any interrogatories or requests for admission in the current case." Dkt. 333, at 14.

Plaintiff is only entitled to 25 interrogatories pursuant to Rule 33(a)(1). Therefore, Toyota Defendants' instant motion should be granted as to its request limiting written discovery. Toyota Defendants need only respond to three pending interrogatories. Plaintiff should advise Toyota Defendants forthwith which three of the pending unanswered interrogatories Defendants should answer, if any.

### III. CONCLUSION

The Court should grant, in part, and deny, in part, Toyota Defendants' Motion for Protective Order. Toyota Defendant's Motion for Protective Order should be granted as follows: the Court should not issue a protective order at this time; Plaintiff should amend and serve to Toyota Defendants notices of deposition in conformity with the guidance and rules set forth above. Plaintiff should amend and serve the notices of deposition by September 24, 2019.

Toyota Defendants' instant motion should be granted as to its request limiting written discovery as follows: Toyota Defendants need only respond to three pending interrogatories.

Plaintiff should advise Toyota Defendants forthwith which three of the pending unanswered interrogatories Defendants should answer, if any.

Toyota Defendants' instant motion should be otherwise denied.

The parties' reliance on the Court for discovery in this case continues to be extraordinary, but the Court hopes that Plaintiff and Toyota Defendants can manage the remaining discovery without additional Court involvement.

## IV. <u>ORDER</u>

**THEREFORE**, the Court hereby **ORDERS** that:

- Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc.'s Motion for Protective Order Protecting Their Witnesses Produced Pursuant to Fed. R. Civ. P. 30(b)(6) and Limiting Certain Discovery (Dkt. 325) is **GRANTED, in part, and DENIED, in part,** as follows:
    - The motion is **GRANTED** as follows:
        - Plaintiff shall review, reconsider, amend, and re-serve to Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc., the notices of deposition, as directed above, by September 24, 2019. If there is further concern about the notices, the parties shall meet and confer before asking for the Court's intervention.
        - Plaintiff is only entitled to 25 interrogatories. Plaintiff shall advise Toyota Defendants forthwith which three of the pending unanswered interrogatories Toyota Defendants should answer, if any.

- The motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of September, 2019.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge