UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEM CORPORATION; et al.,<br><br>Defendants. | Civil Action No. 3:18-cv-5536-RJB<br><br>PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC.<br><br>NOTE ON MOTION CALENDAR: OCTOBER 25, 2019<br><br>ORAL ARGUMENT REQUESTED |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** this motion is noted on the Court's calendar for October 25, 2019, in the above-entitled matter, Plaintiff Eric Klopman-Baerselman will and hereby does move this Court for an order granting sanctions against Defendant O'Reilly Auto Enterprises, LLC for (1) violating this Court's order regarding written discovery by claiming it had no knowledge of the brands of brakes, clutches, and gaskets it sold when its corporate representative had this exact information all along, and (2) sending a corporate representative who was unprepared for deposition. Specifically, Plaintiff moves for sanctions in the form of (1)

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC. - 1
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

deeming the brakes, clutches, and gaskets purchased by Rudie Klopman-Baerselman from Schuck's to be asbestos-containing; (2) deeming that Schuck's knew asbestos was hazardous at the time Rudie Klopman-Baerselman purchased the asbestos-containing products from Schuck's; (3) deeming Rudie's exposure to asbestos from Schuck's brakes, clutches, and gaskets he purchased a substantial factor in increasing his risk of developing mesothelioma, (4) instructing the jury that Schuck's made untruthful statements under oath in this case, which the jury can consider in assessing Schuck's credibility; (5) deeming admitted Schuck's responses to various requests for admission; and (6) issuing an order that O'Reilly pay to Plaintiff the sum of **$19,052.39** as the reasonable cost and attorney's fees incurred by the moving party in connection with this proceeding.

## I.   LCR 26 CERTIFICATION

Plaintiff's counsel Benjamin H. Adams conferred by telephone with counsel for Defendant O'Reilly on October 4, 2019, regarding the subject of this motion. The parties were unable to resolve this dispute.

## II.   INTRODUCTION

This case arises out of the death of Rudie Klopman-Baerselman from malignant mesothelioma, a terminal cancer of the lining of the lung caused only by exposure to asbestos. Rudie, a husband and father of three, was exposed to asbestos for nearly five decades while working as a professional auto mechanic at multiple locations, and while working as the go-to auto mechanic for his family, friends, neighbors, and the Dutch immigrant community he grew up in. Upon Rudie's death, numerous asbestos-containing brakes, clutches, and gaskets were found in his garage, some composed of up to 95% pure asbestos. Rudie purchased many of the asbestos-

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 2
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

containing brakes, clutches, and gaskets he worked with from two local Schuck's Auto Parts stores in Vancouver and Camas, Washington. O'Reilly is the entity responsible for the Schuck's stores.

Plaintiff propounded standard written discovery to O'Reilly regarding the brands of brakes, clutches, and gaskets Schuck's sold at the two stores Rudie frequented. O'Reilly declined to respond to most of Plaintiff's written discovery and, more importantly, claimed it had no knowledge of the brands of brakes, clutches, and gaskets it had sold. In granting plaintiff's subsequently filed motion to compel, this Court – in no uncertain terms – warned O'Reilly that its feigned ignorance of the brands of brakes, clutches, and gaskets it sold was *"incredible and hard to believe."* Dkt. 210. This Court went further, explicitly and directly warning O'Reilly that its failure to disclose the brands it sold *"amount[s] to O'Reilly having had its head in the sand with respect to every brake, clutch, and gasket that may or may not have ever been sold by O'Reilly and its related entities." Id.* After the Court's clear warning, O'Reilly amended its responses but continued to claim it could not identify a single brand of brakes, clutches, or gaskets it ever sold. This was despite the fact that Plaintiff had asked in written discovery about specific brands, filed a motion to compel on the same issue, and obtained a Court order *strongly* warning O'Reilly that its responses appeared untrue. The Court's instincts proved correct. Months later, Plaintiff deposed O'Reilly's designated corporate representative. He testified that O'Reilly sold the *exact same brands O'Reilly had previously claimed under oath to this Court it had no knowledge of*. These are the same brands of asbestos-containing brakes and gaskets in Rudie Klopman-Baerselman's garage. It is hard to imagine a cleaner example of blatant fraud on the Court. Sanctions must be imposed.

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 3
No. 3:18-cv-5536-RJB

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

### III. STATEMENT OF FACTS

Plaintiff served O'Reilly with his First Interrogatories and Requests for Production on November 28, 2018. **Ex. 1**, Plaintiff's Motion to Compel Discovery (April 22, 2019) (Exhibit 3 to Murray Dep.), Dkt. 181, 2-3. Plaintiff agreed to an extension for O'Reilly to respond, which occurred on January 11, 2019. *Id.* at 3. Unfortunately, O'Reilly provided evasive responses, refused to admit a single RFA (there were 137), and failed to produce a single document. Finding the answers deficient, Plaintiff left multiple voicemails and emails with O'Reilly's counsel for a more responsive answer. *Id.* at 5. Having received no response from O'Reilly, Plaintiff filed a motion to compel sufficient answers and responses to discovery requests and sanctions against O'Reilly. Dkt. 181.

On April 22, 2019, this Court issued an Order on Plaintiff's Motion to Compel Discovery. Dkt. 210. This Court found, among other things, that many of O'Reilly's responses are *"incredible and hard to believe," Id.* at 5, and O'Reilly's discovery responses were *"nonresponsive, incomplete, and evasive," Id.* at 5. In particular, the Court found that *"O'Reilly's responses to Interrogatories No. 3-17 amount to O'Reilly having had its head in the sand with respect to every brake, clutch, and gasket that may or may not have ever been sold by O'Reilly and its related entities." Id.* The Court ordered O'Reilly to produce all discovery requested by Plaintiff, within the limits of Federal Rule of Civil Procedure 26. *Id.* at 10.

Interrogatories 3-17, with respect to which this Court found O'Reilly had its head in the sand, pertained to the brands of clutches, gaskets, and brakes O'Reilly sold, including specifically Bendix brakes, Partex brakes, Fel Pro gaskets, Victor gaskets, Ztreeter remanufactured clutches, Borg Warner clutches, Raybestos brakes, Wagner brakes, and EIS brakes. **Ex. 2**, Defendant

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 4
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

O'Reilly Automotive Stores, Inc.'s Amended Answers and Responses to Plaintiff's First Interrogatories and Requests for Production, Nos. 3-17 (April 10, 2019) (Exhibit 2 to Murray Dep.). In its responses, O'Reilly claimed under oath that it "does not have information available to enable it to answer this discovery request." *Id*. at Interrogatory Nos. 3-17.

However, as discussed below, O'Reilly's corporate representative testified during his deposition that he did in fact have that exact knowledge, even though O'Reilly declined to disclose such knowledge in response to written discovery. Worse, O'Reilly made no effort to answer those interrogatories after this Court ordered it to do so, as its supplemental responses provide no response whatsoever to interrogatory numbers 3-45 and 47-49. **Ex. 4**, Defendant O'Reilly Automotive Stores, Inc.'s Supplemental Responses to Plaintiff's First Interrogatories and Requests for Production (May 13, 2019). In every other respect, O'Reilly's corporate representative was unprepared to testify at his deposition. Sanctions are warranted.

**A. Defendant's Corporate Representative Had The Exact Information Responsive to Plaintiff's Interrogatories At The Time The Court Ordered O'Reilly to Provide Such Information.**

During his deposition, O'Reilly's corporate representative admitted that his testimony, such as that regarding Bendix, is *"vastly different"* than what the company represented in written discovery responses. **Ex. 3**, Deposition of James F. Murray ("Murray Dep.") at 73:21-24.

For example, in response to the interrogatory regarding Bendix, O'Reilly represented that it "does not have information available to enable it to answer this discovery request." **Ex. 2** at Interrogatory Nos. 3, 8. When asked to admit it sold Bendix brakes, O'Reilly represented that it "is unable to admit or deny this request." **Ex. 5**, Defendant O'Reilly Automotive Stores, Inc.'s Amended Responses to Plaintiff's First Set of Requests for Admission, No. 10-22, 112-116. Both

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC. - 5
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

sworn responses were untrue. Mr. Murray, O'Reilly's long-time corporate representative, knew O'Reilly sold Bendix brakes starting at least in the mid-1980s:

> Q. I'd like to talk a little bit about Bendix right now, Bendix brakes. You told us that was one of the brand brakes that Shuck's or CSK sold dating back to roughly 1980-ish or so.
>
> A. Yeah, it would probably have been like mid-'80s, somewhere in there.
>
> Q. That was an off-the shelf product, correct?
>
> A. It was one we stocked, yes.
>
> …
>
> Q. In other words, you didn't just see a document yesterday that lo and behold refreshed your memory that Bendix was a brand of brake that was being sold by Shucks or CSK, as of the mid '80s, right?
>
> A. No, that's what I recall. I'm going by memory.
>
> Q. In other words, you're going from your memory, and you were living that in real time, correct?
>
> A. Correct.
>
> …
>
> Q. And that's certainly no secret within the company, true?
>
> A. Oh, true.
>
> Q. Bendix, is, was, at least, a big name brake, correct?
>
> A. Right.

**Ex. 3** at 53:17-56:9 (objections omitted).

Mr. Murray admitted that he had testified consistently in the past that Bendix was a brand of brakes Schuck's sold:

> Q. I don't have all of your transcripts, but I know you testified to that in 2009, right?
>
> A. (Nods head)
>
> Q. You testified to that just a couple years ago in 2017?
>
> A. Okay.

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 6
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Q. And you testified to that in 2012. True?

A. Sure, if you say so. I don't remember all the dates, but --

Q. Sure. But you've given that testimony consistently.

A. Exactly.

**Ex. 3** at 56:17-57:3 (objections omitted)

In response to the interrogatory regarding Partex, another brand found in Rudie's garage, O'Reilly represented that it "does not have information available to enable it to answer this discovery request." **Ex. 2** at Interrogatory Nos. 3, 9. When asked to admit it sold Partex brakes, O'Reilly represented that it "is unable to admit or deny this request." Ex. 5, Defendant O'Reilly Automotive Stores, Inc.'s Amended Responses to Plaintiff's First Set of Requests for Admission, No. 30-36.  In contrast, Mr. Murray testified that Partex was the clutch brand that O'Reilly had in the 1970s into the 1980s. **Ex. 3** at 21:1-2. He had previously identified Partex as a vendor that supplied automotive parts to Schuck's. **Ex. 4**, 6.3.09 Depo of CSK Auto, Inc. at 62:22-63:21.

In response to the interrogatory regarding Fel Pro gaskets, another brand found in Rudie's garage, O'Reilly represented that it "does not have information available to enable it to answer this discovery request." **Ex. 2** at Interrogatory Nos. 3, 10. When asked to admit it sold Fel Pro gaskets, O'Reilly represented that it "is unable to admit or deny this request." **Ex. 5**, Defendant O'Reilly Automotive Stores, Inc.'s Amended Responses to Plaintiff's First Set of Requests for Admission, No. 90-95.  In contrast, at deposition Mr. Murray freely admitted Schuck's sold Fel-Pro exhaust gaskets and o-rings in Washington state between 1982 and 2003:

> Q. And number 11 is information regarding the brands of any exhaust insulation materials Shucks sold between '82 and 2003 in Washington state, including the time period, name brand, any asbestos warnings and appearance of such materials. If you would, tell me what information you have on that topic.

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 7
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

A. The exhaust stuff we had during that time should have all been Fel-Pro. Talking about exhaust gaskets and O-rings and that kind of thing would have all been Fel-Pro pretty much during that time period.

**Ex. 3** at 32:13-33:14.

In fact, Mr. Murray testified that O'Reilly still sells Fel Pro:

Q. In fact, during that time period Shucks sold a whole wide array of Fel-Pro gaskets, correct?

A. We still do, to this day.

*Id*. at 33:2-4.

In response to the interrogatory regarding Raybestos brakes, yet another brand of brakes found in Rudie's garage, O'Reilly represented that it "does not have information available to enable it to answer this discovery request." Ex. 2 at Interrogatory Nos. 3, 14, 15, 16. When asked to admit it sold Raybestos brakes, O'Reilly represented that it "is unable to admit or deny this request." **Ex. 5**, Defendant O'Reilly Automotive Stores, Inc.'s Amended Responses to Plaintiff's First Set of Requests for Admission, No. 37-43. In contrast, Mr. Murray easily admitted Schuck's sold Raybestos brakes. **Ex. 3** at 34:21-35:4. In fact, Mr. Murray as far back as a deposition in 2012, Mr. Murray had testified that O'Reilly sold Raybestos brakes. *Id*. at 102:12-103:6.

When asked to admit O'Reilly sold EIS brakes, O'Reilly represented, it "is unable to admit or deny this request." **Ex. 5**, Defendant O'Reilly Automotive Stores, Inc.'s Amended Responses to Plaintiff's First Set of Requests for Admission, No. 44-50. In contrast, Mr. Murray testified O'Reilly sold EIS brakes. **Ex. 3** at 34:21-35:4. In fact, as far back as a deposition in 2009, Mr. Murray had testified that O'Reilly sold EIS brakes:

Q. …You've given testimony relative to EIS brakes back in 2009, correct?

A. At every one of my depositions I have, yes.

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 8
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

> Q. What you've said has been consistent throughout those depositions, true?
>
> A. Correct. Correct.
>
> Q. The company's also aware that its other corporate representatives, namely Mr. Myrtakis, Mr. Chisler and Mr. Brunell, also all have testified that EIS, EIS, was one of the brand brakes that Shucks or CSK or Kragen sold. True.
>
> A. Yeah, by their testimony that I just said, correct.

*Id*. at 119:17-120:5.

When asked to admit O'Reilly sold Wagner brakes, O'Reilly represented it "is unable to admit or deny this request." **Ex. 5**, Defendant O'Reilly Automotive Stores, Inc.'s Amended Responses to Plaintiff's First Set of Requests for Admission, No. 58-64. In contrast, at deposition Mr. Murray readily admitted O'Reilly sold Wagner brakes. **Ex. 3** at 34:21-35:4. He admitted that, like the other products, it would be difficult for O'Reilly not to know that it or its predecessor had carried the product:

> Q. So I'd like to direct your attention back to Exhibit Number 2, which are the interrogatories, the questions and answers that were sent. And I'd like you to flip to page 7, if you would. Interrogatory number 15. You'll see there it says:· "Have you ever sold Wagner brakes?· If your answer is anything other than no, please state, number 1, the time period when you sold Wagner brakes, number 2, the locations where you sold Wagner brakes, number 3, whether the Wagner brakes you sold contained asbestos, and number 4, whether there were any warnings about asbestos included with the Wagner brakes that you sold." If we look at the answer, it says, "See answer to interrogatory number 3." Do you see that?
>
> A. Yes.
>
> Q. All right. If we flip over there again, that's the same answer that we've read a few times now
>
> A. Correct.
>
> Q. And the pertinent part says:· "Without waiving said objections, O'Reilly Automotive Stores, Incorporated, formerly known as O'Reilly Automotive, Inc., did not acquire CSK Auto Corporation until July 11th, 2008. Accordingly, CSK does not have access to historical sales information, including but not limited to the time period and store locations at issue in this lawsuit and does not have information available to enable it to answer this discovery request." Did I read that correctly again?

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC. - 9
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

A. Yes.

Q. All right. Given your testimony over the past at least ten years, and Mr. Chisler's testimony dating back to 2003, this interrogatory response is also hard to believe, correct?

A. Yeah, from what I know, yes.

*Id*. at 116:8-117:18 (objection omitted).

In addition to not disclosing information held by its corporate representative, Defendant sent to its deposition a corporate representative who was unprepared to testify.

### B. Defendant's Corporate Representative Was Unprepared to Testify at His Deposition.

O'Reilly's corporate representative was woefully unprepared to testify at his deposition. On September 11, 2019, O'Reilly offered its corporate representative, James F. Murray, for deposition. **Ex. 3**. Mr. Murray was unprepared for his deposition. Mr. O'Reilly could not recall ever asking for or receiving documents specific to this case or asbestos cases in general. *Id.* at 17:19-18:3. Nor did he ask if there was any material that he should review in preparation for his deposition. *Id.* at 18:8-15. He never reviewed any of the depositions taken in this case. *Id.* at 19:25-20:2. He never reached out to anyone in the legal department about this case. *Id.* at 23:12-14. The only thing he did is talk with one former employee and Google the date when the companies were formed. *Id.* at 21:13-25. He did nothing else:

> Q…Did you personally search for any responsive documentation…With respect to any other documents called for?
>
> A. No.
>
> Q. No. Did you ask anybody at O'Reilly to go through and conduct a search for documents?
>
> A. No.
>
> Q. Were you personally ever asked by anybody at O'Reilly to go through and conduct a search for documents?
>
> A. No.

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 10
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

> Q. Were you personally ever asked by anybody to go and look for documents?
> A. No.

**Ex. 3** at 21:19-22:9.

O'Reilly Auto Parts' corporate representative admitted that he was not the person most knowledgeable on many of the questions listed in the deposition notice, including the issue of O'Reilly/Shucks' knowledge of hazards of asbestos at the time period when it first learned that asbestos could hurt people. **Ex. 3** at 25:13-26:2.

Mr. Murray testified that he was not the person most knowledgeable on the second issue of the deposition notice, concerning the company's knowledge and understanding of the allegations made against it by Plaintiff in this case. *Id.* at 26:3-11.

Mr. Murray testified that he was not the person most knowledgeable on the third issue of the deposition notice, concerning the accuracy and truth of the testimony of the deponents in this case [*Id.* at 26:15-27:1], nor the person most knowledgeable on the fourth issue of the deposition notice, concerning when asbestos-containing products were manufactured, sold, distributed, or discontinued. *Id.* at 27:2-19.

Mr. Murray testified that he was not the person most knowledgeable on the ninth issue of the deposition notice, concerning the quantity of brakes, clutches, and gaskets Shucks purchased and sold between 1982 to 2003, as well as the yearly revenue from such sales. *Id.* at 31:14-32:2.

Mr. Murray testified that he was not the person most knowledgeable on the twelfth issue of the deposition notice, concerning O'Reilly/Shucks' knowledge and understanding of the truth and accuracy of the responses to Plaintiff's interrogatories; in fact, Mr. Murray had not even looked at the interrogatories. *Id.* at 33:17-25.

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 11
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Mr. Murray testified that he was not the person most knowledgeable on the fourteenth issue of the deposition notice, concerning O'Reilly/Shucks' due diligence in the purchase of CSK Auto. *Id.* at 38:5-10.

Mr. Murray testified that he was not the person most knowledgeable on the fifteenth issue of the deposition notice, concerning O'Reilly/Shucks' contentions, opinions, or beliefs regarding whether or not Rudie was exposed to asbestos by an entity or person other than O'Reilly. *Id.* at 39:21-40:5.

Mr. Murray testified that he was not the person most knowledgeable on the sixteenth issue of the deposition notice, concerning O'Reilly/Shucks' contentions, opinions, or beliefs regarding whether or not a person other than O'Reilly/Shucks is at fault for Rudie's mesothelioma. *Id.* at 40:6-12.

Mr. Murray testified that he was not the person most knowledgeable on the seventeenth issue of the deposition notice, concerning any warnings that O'Reilly/Shucks' ever gave to anyone about asbestos. *Id.* at 40:9-19.

Mr. Murray testified that he was not the person most knowledgeable on the nineteenth issue of the deposition notice, concerning O'Reilly/Shucks' contention, if made, that automotive work with asbestos-containing brakes, clutches, and gaskets cannot cause or contribute to the development of mesothelioma. *Id.* at 42:13-22.

Mr. Murray testified that he was not the person most knowledgeable on the twentieth issue of the deposition notice, concerning the identity of any public health organization that agrees with the company's contention, if made, that automotive work with asbestos-containing clutches,

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC. - 12
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

brakes, and gaskets cannot cause or contribute to the development of mesothelioma. *Id.* at 42:23-43:9.

Mr. Murray testified that he was not the person most knowledgeable on the twenty-second issue of the deposition notice, concerning the company's position on the proper and reasonable conduct of a seller of products that contain a carcinogen. *Id.* at 44:2-10.

Mr. Murray testified that he was not the person most knowledgeable on the twenty-fifth issue of the deposition notice, concerning the company's knowledge of federal safety standards regarding asbestos, including the time period and extent of such knowledge and awareness prior to 2003. *Id.* at 45:9-21.

Mr. Murray testified that he was not the person most knowledgeable on the twenty-seventh issue of the deposition notice, concerning where, if anywhere, the company has stated or implied in writing that asbestos is hazardous or harmful. *Id.* at 46:2-10.

Mr. Murray testified that he was not the person most knowledgeable on the thirtieth issue of the deposition notice, concerning the company's knowledge, contentions, and opinions regarding the truth and accuracy of the testimony of the witnesses in this case about the company. *Id.* at 47:7-16.

Mr. Murray testified that he was not the person most knowledgeable on the thirty-first issue of the deposition notice, concerning affirmative defenses. *Id.* at 47:17-21.

### IV.   LEGAL ARGUMENT

O'Reilly should be sanctioned for its failure to comply with this Court's order to produce honest and straightforward responses to written discovery and for its failure to prepare its 30(b)(6) designee.

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC. - 13
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

**A. O'Reilly Should Be Sanctioned for Failing to Comply with This Court's Order.**

Rule 37(b) of the Federal Rules of Civil Procedure provides a wide range of sanctions for a party's failure to comply with court discovery orders. *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980). Sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. Pro. 37(b). The Court may fashion other remedies as it sees fit. For example, an adverse inference jury instruction has been found warranted as a sanction for a party's failure to produce sales and commission records requested by the other party. *Hawley v. Mphasis Corp.*, 302 F.R.D. 37 (S.D.N.Y. 2014). In another case, an appropriate sanction for the plaintiff's failure to timely disclose requested items during discovery was for the district judge to inform the jury about the plaintiff's misconduct. *Network Computing Services Corp. v. Cisco Systems, Inc.*, 223 F.R.D. 392 (D.S.C. 2004). Deeming requests for admission to be admitted is also a permissible sanction: In *Callwood v. Zurita*, 158 F.R.D. 359 (D.V.I. 1994), the court imposed several sanctions, including prohibiting the assertion of any defense or presenting any evidence or argument refuting admissions, which had been included in the plaintiff's request for admissions and which the court deemed admitted against the defendants.

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC. - 14
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

This Court's discretion in imposing a sanction will not be disturbed unless the appellate court has "'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980).

Under the broad provision for sanctions of Rule 37, Plaintiffs request an order (1) deeming the brakes, clutches, and gaskets purchased by Rudie Klopman-Baerselman from Schuck's to be asbestos-containing; (2) deeming that Schuck's knew asbestos was hazardous at the time Rudie Klopman-Baerselman purchased the asbestos-containing products from Schuck's; (3) instructing the jury that Schuck's made untruthful statements under oath in this case, which the jury can consider in assessing Schuck's credibility; (4) instructing the jury that Schuck's made untruthful statements under oath in this case, which the jury can consider in assessing Schuck's credibility; (5) deeming admitted Schuck's responses to various requests for admission; and (6) issuing an order that O'Reilly pay to Plaintiff the sum of $14,552.39 as the reasonable cost and attorney's fees incurred by the moving party in connection with this proceeding and the prior motion to compel against O'Reilly.

In addition, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37.

Plaintiff has spent 8 hours preparing the instant motion at a rate of $450 per hour, for a total of $3,600. Plaintiff anticipates spending another 2 hours preparing a Reply to O'Reilly's

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 15
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Response to the Motion, for a an additional $900.00. Plaintiff previously spent 7.3 hrs on the motion to compel which resulted in the Order O'Reilly has now violated, for a total of $3,285.00.

In addition, Plaintiff's costs to take the deposition of Mr. Murray are **$11,267.39**, for airfare ($1,208), hotel ($592.76), and ground transportation ($241.63); and $5,400 for 12 hours travel time, $1,800 for 4 hours preparing for the deposition, and $2,025 for 4.5 hours for taking Mr. Murray's deposition, all at $450 per hour. The total fees and costs associated with this motion are therefore approximately **$19,052.39.**

This amount does not include any filing fees or service fees. It also does not include anything for the time spent attempting to meet and confer with O'Reilly. It significantly underestimates the actual expense involved in bringing this Motion.

**B. O'Reilly Should be Sanctioned for Failing to Produce a Fully Prepared Rule 30(b)(6) Witness.**

A Rule 30(b)(6) deponent testifies as to the knowledge of the corporation and the corporation's subjective beliefs and opinions and interpretation of documents and events:

> Under the Federal Rules of Civil Procedure, parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Information need not be admissible at trial to be discoverable. Fed. R. Civ. P. 26(b)(1). During discovery, a party may depose a public or private corporation, or a governmental agency, which must then designate one or more officers to testify on its behalf, as well as the matters on which each designated person will testify. **The person designated must testify about information known or reasonably available to the organization**. Fed. R. Civ. P. 30(b)(6).

*Fed. Deposit Ins. Corp. for Washington Mut. Bank v. Arch Ins. Co.,* No. C14-545RSL, 2017 WL 3701186, at *1 (W.D. Wash. May 25, 2017) (emphasis added). A deponent corporation must "make a good faith effort to prepare a 30(b)(6) deponent based on reasonably available information." *Id*. (citation omitted). "[P]roducing an unprepared witness is tantamount to 'failure

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 16
No. 3:18-cv-5536-RJB

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

to appear,' which is sanctionable under Rule 37(d)." *Sullivan v. Dollar Tree Stores, Inc.*, 2008 U.S. Dist. LEXIS 27458, at *4 (E.D. Wash. Mar. 14, 2008) (quoting *Black Horse Lane Assoc. L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3rd Cir. 2000)).

Thus, O'Reilly having violated this Court's order without any reasonable excuse, this Court may sanction it by issuing the sanctions requested herein.

## V.   CONCLUSION

Plaintiff respectfully requests that the Court enter an Order granting sanctions in the form of (1) deeming the brakes, clutches, and gaskets purchased by Rudie Klopman-Baerselman from Schuck's to be asbestos-containing; (2) deeming that Schuck's knew asbestos was hazardous at the time Rudie Klopman-Baerselman purchased the asbestos-containing products from Schuck's; (3) instructing the jury that Schuck's made untruthful statements under oath in this case, which the jury can consider in assessing Schuck's credibility; (4) deeming Rudie's exposure to asbestos from the Schuck's brakes, clutches, and gaskets he purchased a substantial factor in increasing his risk of developing mesothelioma; (5) deeming admitted the requests for admission; and (6) issuing an order that O'Reilly pay to Plaintiff the sum of $19,052.39 as the reasonable cost and attorney fees incurred by the moving party in connection with this proceeding within ten days of the Court's order.

DATED at Dallas, Texas, this day 4th of October 2019.

DEAN OMAR BRANHAM SHIRLEY, LLP

*s/ Benjamin H. Adams*
BENJAMIN H. ADAMS (*Pro hac vice*)
CA. BAR NO. 272909
302 N. Market Street, Suite 300
Dallas, Texas 75202

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC. - 17
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

T: 214/722-5990
F: 214/722-5799
badams@dobllp.com

and

WEINSTEIN CAGGIANO PLLC

Brian D. Weinstein, WSBA # 24497
Alexandra B. Caggiano, WSBA # 47862
601 Union Street, Suite 2420
Seattle, Washington 98101
T: (206) 508-7070
F: (206) 237-8650

Counsel for Plaintiff

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
O'REILLY AUTOMOTIVE STORES, INC. - 18
No. 3:18-cv-5536-RJB

**WEINSTEIN CAGGIANO PLLC**
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

## CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury under the laws of the State of Washington that on the date below, I electronically served the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED at Dallas, Texas this 4th day of October 2019.

> *s/ Chelsea Weeks*
> Chelsea Weeks, Paralegal
> Dean Omar Branham Shirley, LLP

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC. - 19
No. 3:18-cv-5536-RJB

WEINSTEIN CAGGIANO PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650