UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>      Plaintiff,<br><br>  v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>      Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER GRANTING DEFENDANT PNEUMO ABEX, LLC'S MOTION FOR PROTECTIVE ORDER RE: PLAINTIFF'S THIRD AMENDED NOTICE OF 30(B)(6) VIDEOTAPED DEPOSITION OF ABEX |

  THIS MATTER comes before the Court on Defendant Pneumo Abex, LLC's ("Abex") Motion for Protective Order Re: Plaintiff's Third Amended Notice of 30(b)(6) Videotaped Deposition of Abex ("Motion for Protective Order"). Dkt. 396. The Court has considered the motion, all materials filed in support of and in opposition to the motion, and the remainder of the record herein, and it is fully advised.

  For the reasons set forth below, Abex's Motion for Protective Order (Dkt. 396) should be granted.

ORDER GRANTING DEFENDANT PNEUMO ABEX, LLC'S MOTION FOR PROTECTIVE ORDER RE: PLAINTIFF'S THIRD AMENDED NOTICE OF 30(B)(6) VIDEOTAPED DEPOSITION OF ABEX - 1

**I.     BACKGROUND**

At issue are two Rule 30(b)(6) deposition topics. Plaintiff's initial Rule 30(b)(6) deposition notice to Abex originally identified 71 topics. Dkt. 398-1, at 2–21. After the parties met and conferred, Plaintiff edited the deposition notice to 34 topics, as reflected in Plaintiff's Third Amended Notice served on September 26, 2019. Dkts. 396, at 1–2; and 398-1, at 23–34. Abex agreed to tender a Rule 30(b)(6) witness with respect to 32 of the 34 topics, but the parties were unable to come to an agreement regarding Topics 4 and 5, which are as follows:

> 4. Abex's corporate values and codes of conduct regarding the importance of the health and safety of individuals in the United States who come in contact with Abex's asbestos-containing friction materials between 1960 and 1987.
>
> 5. Abex's position, subjective beliefs, and opinions about the proper and reasonable conduct of a manufacturer and seller of asbestos-containing automotive products in the United States between 1960 and 1987.

Dkts. 396, at 2; and 398-1, at 24.

Abex filed the instant Motion for Protective Order as to Topics 4 and 5 of Plaintiff's Third Amended Notice. Dkt. 396. Abex argues that "these two topics are overbroad, unduly burdensome and lack particularity; are disproportionate to the needs of this case; improperly seek legal or expert testimony applying facts to policies; and are inconsistent with the Court's previous orders in this case [(Dkts. 303; and 353)]." Dkt. 396, at 2.

Plaintiff responded in opposition to Abex's motion for a protective order. Dkt. 416. Plaintiff argues that the topics do not improperly seek expert opinion and "are not overbroad, lacking particularity, or unduly burdensome because they are limited by time (1960–1987), location (United States), product (asbestos friction material), and defendant (Abex)." Dkt. 416, at 2–3.

Abex replied in support of its motion seeking a protective order. Dkt. 423.

## II. DISCUSSION

### A. Meet and Confer Requirement

Rule 26(c)(1) provides, in part, that a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

Counsel for Abex certified that the parties met and conferred but were unable to reach agreement on Topics 4 and 5. Dkts. 396, at 2; and 397. Therefore, the instant motion satisfies the meet and confer requirement of Rule 26(c)(1).

### B. Standards on Rule 30(b)(6) Notices and Protective Orders

The rules guiding this order were laid out well by the Court in *Boyer v. Reed Smith, LLP*, C12-5815 RJB, 2013 WL 5724046, at *2 (W.D. Wash. Oct. 21, 2013):

> Pursuant to Fed. R .Civ. P. 30(b)(6), a party may serve notice on an organization that describes "with reasonable particularity the matters on which examination is requested." The noticed organization must then "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). "The persons so designated shall testify as to the matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).
>
> Although there is conflicting case law from other circuits on the proper scope of a Rule 30(b)(6) deposition in light of its "reasonable particularity" requirement, districts in the Ninth Circuit have concluded that "[o]nce the witness satisfies the minimum standard [for serving as a designated witness], the scope of the deposition is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); see also *U.S. E.E.O. V. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).
>
> Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense [and proportional to the needs of the case.]" The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

In turn, Fed. R. Civ. P. 26(b)(2)(C) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) [the proposed discovery is outside the scope permitted by Rule 26(b)(1)]." Fed. R. Civ. P. 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To establish "good cause," a party seeking a protective order for discovery materials must "present a factual showing of a particular and specific need for the protective order." *Welsh v. City and County of San Francisco*, 887 F.Supp. 1293, 1297 (N.D. Cal. 1995); *see also Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). In determining whether to issue a protective order, courts must consider "the relative hardship to the non-moving party should the protective order be granted." *Gen. Dynamics*, 481 F.2d at 1212. Under the liberal discovery principles of the Federal Rules, a party seeking a protective order carries a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court may fashion any order which justice requires to protect a party, or person, from undue burden, oppression, or expense. *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982).

**C. Analysis of Topics 4 & 5**

Topics 4 and 5 are overbroad, vague, unduly burdensome, and inconsistent with the Court's previous orders in this case. In Topic 4, it is substantially unclear what is meant by

"Abex's corporate values and codes of conduct regarding the importance of the health and safety of individuals who come in contact with Abex's asbestos-containing friction materials[.]" Dkt. 398, at 24; *see Reed v. Nellcor Puritan Bennett & Mallinckrodt*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task …. Where, as here, the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."); Dkt. 303, at 5 (holding that Plaintiff's 30(b)(6) deposition topic was overbroad and lacked reasonable particularity when it gave inquiry notice of "[Defendant O'Reilly Auto Enterprises, LLC]'s corporate values and codes of conduct, including its positions, beliefs, and opinions regarding safety, public health, compliance with federal law, …."). However, if Abex has finalized, written corporate values and/or codes of conduct on the subject requested, they should be produced to Plaintiff.

In Topic 5, it is substantially unclear what is meant by "Abex's position, subjective beliefs, and opinions about the proper and reasonable conduct of a manufacturer and seller of asbestos-containing automotive products[.]" Dkt. 394, at 24; *see Reed,* 193 F.R.D. at 692; Dkt. 353, at 6 (holding that a topic was overbroad and lacked reasonable particularity when it gave inquiry notice of "[Defendant]'s position, subjective beliefs, and opinions about the proper and reasonable conduct of a manufacturer of consumer products.").

### D. Conclusion

The Court should grant Abex's Motion for Protective Order (Dkt. 396) and strike Topics 4 and 5. The court need not consider Abex's further arguments that Topics 4 and 5 improperly seek legal or expert testimony and are overbroad with respect to geographic scope, time, and applicable products.

### III. ORDER

**THEREFORE**, the Court hereby **ORDERS** that:

- Abex's Motion for Defendant Pneumo Abex, LLC's Motion for Protective Order Re: Plaintiff's Third Amended Notice of 30(b)(6) Videotaped Deposition of Abex (Dkt. 396) is **GRANTED.** Topics 4 and 5 of Plaintiff's Third Amended Notice of Videotaped Deposition of Pneumo Abex, LLC (e.g., Dkt. 398-1, at 23) are **STRICKEN.**

- If Defendant Pneumo Abex, LLC has finalized, written corporate values and/or codes of conduct on the subject requested, as discussed above in § II(C), Defendant Pneumo Abex, LLC shall produce them to Plaintiff.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of October, 2019.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge