# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>       Plaintiff,<br>  v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>       Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER ON DEFENDANTS TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES, U.S.A., INC.'S RENEWED MOTION FOR PROTECTIVE ORDER PROTECTING THEIR WITNESSES PRODUCED PURSUANT TO FED. R. CIV. P. 30(B)(6) |

THIS MATTER comes before the Court on Defendants Toyota Motor Corporation ("TMC") and Toyota Motor Sales, U.S.A., Inc.'s ("TMS") (collectively "Toyota Defendants") Renewed Motion for Protective Order Protecting Their Witnesses Produced Pursuant to Fed. R. Civ. P. 30(b)(6) ("Renewed Motion"). Dkt. 399. The Court has considered the motion, all materials filed in support of and in opposition to the motion, and the remainder of the record herein, and it is fully advised.

For the reasons set forth below, Toyota Defendants' Renewed Motion (Dkt. 399) should be granted, in part, and denied, in part.

## I. BACKGROUND

On August 22, 2019, Toyota Defendants filed a Motion for Protective Order (Dkt. 325), which the Court granted, in part, and denied, in part. Dkt. 353. The Court ruled that "Plaintiff should review, reconsider, amend, and re-serve all parts of the notices of deposition by September 24, 2019. If there is further concern about the notices, the parties should meet and confer before asking for the Court's intervention." Dkt. 353, at 7.

On October 3, 2019, Toyota Defendants filed the instant Renewed Motion. Dkt. 399. Plaintiff filed a response in opposition to the Renewed Motion. Dkt. 418. Toyota Defendants filed a reply in support of their Renewed Motion. Dkt. 420.

Following the Court's prior ruling (Dkt. 353), Plaintiff and Toyota Defendants met and conferred twice, resulting in various revisions and a reduction in Matters of Examination ("Topics") and in Requests in the Schedule of Documents ("Requests"), as reflected in the Second Amended Notices of Deposition (Dkt. 419, at 269–300). Dkt. 399, at 2. Nevertheless, Toyota Defendants and Plaintiff were unable to agree on many of the Topics and Requests in the Second Amended Notices of Deposition. Dkts. 399; 418; and 420.

Toyota Defendants argue that the Second Amended Notices' Matters and Requests suffer from three primary defects:

1. Overbreadth and disproportionality as to time frame (Topics 3–4, 13, 14, 17, 19, 20, 22, 27, 28, 38, 39, 42, and 49; Requests 3, 12, TMS Request 19/TMC Request 18,[1] TMS Request 20/TMC Request 19);

---

[1] Plaintiff prepared separate but almost identical notices of deposition for TMC and TMS. *Compare* Dkt. 419, at 269–287, *with* Dkt. 419, at 289–300.

ORDER ON DEFENDANTS TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES, U.S.A., INC.'S RENEWED MOTION FOR PROTECTIVE ORDER PROTECTING THEIR WITNESSES PRODUCED PURSUANT TO FED. R. CIV. P. 30(B)(6) - 2

2. Overbreadth and disproportionality as to products at issue (Matters 2, 4, 6–8, 10, 11–24, 26, 28, 31–32, 35, 41-47, TMS Matter 53/TMC Matter 52; TMS Requests 2, 5, 6, 8–12); and

3. Invasion of attorney-client privilege and/or work product protections (Matters 5, 43–47, TMS Matter 52/TMC Matter 51, TMS Matter 53/TMC Matter 52; Requests 14, TMS Request 15/TMC Request 14, and TMS Requests 22–24/TMC Requests 21–23).

Dkt. 399.

Toyota Defendants further request that the Court, in the alternative to ruling on the above requested limitations, permit the Rule 30(b)(6) deposition to continue subject to a reservation of rights whereby objections can be dealt with later should a party file a subsequent motion. Dkt. 420, at 6.

Toyota Defendants provide a set of "red-lined 'Revised Notices' that take into account each of their objections[.]" Dkt. 420, at 5. Dkts. 420-1; and 420-2. Toyota Defendants further provide that, "[i]f the Notices were revised in the fashion set forth, the depositions could continue as scheduled … even without a reservation of rights." Dkt. 420, at 5.

## II. DISCUSSION

The rules guiding this order were laid out well by the Court in *Boyer v. Reed Smith, LLP*, C12-5815 RJB, 2013 WL 5724046, at *2 (W.D. Wash. Oct. 21, 2013):

> Pursuant to Fed. R .Civ. P. 30(b)(6), a party may serve notice on an organization that describes "with reasonable particularity the matters on which examination is requested." The noticed organization must then "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). "The persons so designated shall testify as to the matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

Although there is conflicting case law from other circuits on the proper scope of a Rule 30(b)(6) deposition in light of its "reasonable particularity" requirement, districts in the Ninth Circuit have concluded that "[o]nce the witness satisfies the minimum standard [for serving as a designated witness], the scope of the deposition is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); see also *U.S. E.E.O. V. v. Caesars Entertainment, Inc*., 237 F.R.D. 428, 432 (D. Nev. 2006).

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense [and proportional to the needs of the case.]" The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A*., 254 F.R.D. 568, 575 (N.D. Cal. 2008). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

In turn, Fed. R. Civ. P. 26(b)(2)(C) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) [the proposed discovery is outside the scope permitted by Rule 26(b)(1)]." Fed. R. Civ. P. 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To establish "good cause," a party seeking a protective order for discovery materials must "present a factual showing of a particular and specific need for the protective order." *Welsh v. City and County of San Francisco*, 887 F.Supp. 1293, 1297 (N.D. Cal. 1995); see also *Gen. Dynamics Corp. v. Selb Mfg. Co*., 481 F.2d 1204, 1212 (8th Cir. 1973). In determining whether to issue a protective order, courts must consider "the relative hardship to the non-moving party should the protective order be granted." *Gen. Dynamics*, 481 F.2d at 1212. Under the liberal discovery principles of the Federal Rules, a party seeking a protective order

carries a heavy burden of showing why discovery should be
denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.
1975). The court may fashion any order which justice requires to
protect a party, or person, from undue burden, oppression, or
expense. *United States v. Columbia Broadcasting System, Inc.*,
666 F.2d 364, 369 (9th Cir. 1982).

### A. Meet and Confer Requirements

Rule 26(c)(1) provides, in part, that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

Toyota Defendants certify that the parties met and conferred in a good faith attempt to resolve this discovery dispute without additional court action. *See* Dkt. 399, at 4. Therefore, the meet and confer requirements of Rule 26(c)(1) have been met.

### B. Second Amended Notices of Deposition

Toyota Defendants' red-lined revised notices were particularly helpful to the Court in resolving this large-scale, unusually acrimonious discovery dispute. Attached to this order are Final "Red-lined" Notices of Videotaped Deposition edited by the Court.[2] The Final Red-lined Notices of Videotaped Deposition reflect that the Court agrees with some, but not all, of the edits and limitations requested by Toyota Defendants.

Toyota Defendants' suggested edits and limitations fall within three categories (overbroad time frame, overbroad products, client privilege/work product). The Court need not

---

[2] The Court is not providing red-lined edits in the sense that it has tracked its changes made to the notices; the Court simply colored the disputed portions of the Final Red-lined Videotaped Notices in red, for the convenience of the parties. The Court made no edits to the Second Amended Notices more limiting than those edits brought to the attention of the Court by Toyota Defendants' red-lined revised notices. Moreover, the Court notes that the parties appear to have sometimes agreed to a limited time frame in one notice but not the other (e.g., Topics 19–20, 27, and 39; compare Dkt. 420-1 with Dkt. 420-2). Similarly, Toyota Defendants objected to Request 10 in the notice to TMS but not in the notice to TMC. Such incongruencies remain in the Final Red-lined Videotaped Notices edited by the Court.

ORDER ON DEFENDANTS TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES, U.S.A., INC.'S RENEWED MOTION FOR PROTECTIVE ORDER PROTECTING THEIR WITNESSES PRODUCED PURSUANT TO FED. R. CIV. P. 30(B)(6) - 5

and does not discuss each of Toyota Defendants' dozens of objections and suggested edits, but the Court briefly discusses the three categories of objections and edits below.

### 1. Overbreadth and disproportionality as to time frame

Plaintiff has included a limited time frame of 1965 to 1994 in many, but not all, of the Topics at issue. Given the alleged time frames of Decedent's exposure to asbestos-containing products, this appears proportionate to the needs of the case. Some of Plaintiff's Topics, however, are not limited to this time frame, and it appears that many such Topics relate to whether Toyota Defendants had notice or knowledge of the effects and possible harm of using asbestos-containing products. Toyota Defendants have not shown that all discovery related to such notice or knowledge should be limited to a timeframe of 1965 to 1994. *See Phoenix Solutions Inc.,* 254 F.R.D. at 575 ("The scope of discovery … should be liberally construed."); *Miller*, 141 F.R.D. at 296 ("Discovery is not limited to the issues raised only in the pleadings; but rather it is designed to define and clarify the issues.").

The Final Red-lined Notices of Videotaped Deposition were edited accordingly.

### 2. Overbreadth and disproportionality as to products at issue

Plaintiff's Topics are primarily concerned with four general types of asbestos-containing automotive parts: brakes, clutches, gaskets, and heat insulators. Toyota Defendants seek to limit the scope of many Topics to only asbestos-containing clutches and gaskets. But it appears that discovery into Toyota Defendants' brakes, clutches, gaskets, and heat insulators, as well as asbestos and asbestos-containing parts generally, may reasonably bear on or could reasonably lead to issues that are or may be raised in this case, including issues of notice or knowledge of the effects and possible harm of asbestos exposure. *See Phoenix Solutions Inc.,* 254 F.R.D. at 575; *Miller*, 141 F.R.D. at 296.

1    The Final Red-lined Notices of Videotaped Deposition were edited accordingly.

2              3.  <u>Invasion of attorney-client privilege and/or work product protections</u>

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense [and proportional to the needs of the case.]" Fed. R. Civ. P. 26(b)(1). Therefore, the Final Red-lined Notices of Videotaped Deposition include Toyota Defendants' requested additional language clearly excluding privileged materials. Regardless, the Court is not optimistic that the parties will now agree as to what is and is not privileged material.

The Final Red-lined Notices of Videotaped Deposition were edited accordingly.

### C. Conclusion

The Court agrees with some, but not all, of Toyota Defendants' requested edits and limitations. The attached Final Red-lined Notices of Videotaped Deposition reflect the Court's decision concerning the Second Amended Notices of Deposition at issue. Having thus ruled on Toyota Defendants' requested edits and limitations, the Court need not and does not consider Toyota Defendants' alternative request that the Court permit a Rule 30(b)(6) deposition of Toyota Defendants to continue subject to a reservation of rights.

### III.  ORDER

**THEREFORE**, the Court hereby **ORDERS** that:

- Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc.'s "Renewed Motion for Protective Order Protecting Their Witnesses Produced Pursuant to Fed. R. Civ. P. 30(b)(6) (Dkt. 399) is **GRANTED, in part, and DENIED, in part,** as reflected in the attached Final Red-lined Notices of Videotaped Deposition edited by the Court. Rule 30(b)(6) depositions may be conducted on the subjects in said Notices.

- The Court need not and does not consider Toyota Defendants' alternative request that the Court permit a Rule 30(b)(6) deposition of Toyota Defendants to continue subject to a reservation of rights.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of October, 2019.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge