UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>                Plaintiff,<br>    v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>                Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DEEM REQUEST FOR ADMISSION NO. 15 PROPOUNDED AGAINST DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC. ADMITTED |

THIS MATTER comes before the Court on Plaintiff's Motion to Deem Request for Admission No. 15 Propounded Against Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") Admitted. Dkt. 403. The Court has considered the motion, all materials filed in support of and in opposition to the motion, and the remainder of the record herein, and it is fully advised. Oral argument is unnecessary to decide this motion.

For the reasons set forth below, Plaintiff's motion should be denied.

## I. BACKGROUND

This is the latest discovery dispute between Plaintiff and TMS. Plaintiff propounded to TMS Request for Admission ("RFA") No. 15, requesting that TMS authenticate as genuine 35 documents. Dkt. 404-1, at 4-5. All of the documents, except one, appear to be repair manuals and owner's manuals for various Toyota vehicles; the other document is titled "1986 EPA Guidance for Preventing Asbestos Disease Among Auto Mechanics." Dkt. 404-1, at 5.

TMS objected at length to RFA No. 15 as, in part:

> [O]verly broad, unduly burdensome, oppressive, and as asking for information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this request is not limited in time or scope to any product at issue …. In addition, TMS objects to this request to the extent it asks TMS to authenticate third-party documents that TMS did not produce and that are unrelated to TMS. TMS objects to the request as phrased because it asks TMS to authenticate documents that range from 50 to 25 years old, which TMS did not produce, are not readily available, and would require a page by page comparison.

Dkt. 404-3, at 12-13.

Plaintiff filed the instant motion, which provides five examples of why "the manuals are some of the most relevant evidence in the entire case" and argues that the Court should order RFA No. 15 admitted because "Toyota's objection that authenticating its manuals 'would require a page by page comparison' is without merit." Dkt. 403, at 4. Plaintiff certifies that the parties met and conferred on two different occasions but were unable to resolve this dispute. Dkt. 403, at 2.

TMS responded in opposition to the Motion. Dkt. 441. TMS argues, in part, that Plaintiff mischaracterizes the documents at issue and the burden of authenticating over 11,114 pages of material. Dkt. 441. TMS specifically argues that one of the documents in RFA 15 is an EPA gold

book document not authored by TMS, only a few of the manuals and guides at issue were actually found in Decedent's garage, and many of the other manuals and guides originate from other litigation involving Toyota Defendants. Dkt. 441, at 3-4. TMS further argues that the parties did not meaningfully meet and confer to resolve this issue without court assistance. Dkt. 441, at 7.

Plaintiff replied in support of the Motion and withdrew the EPA gold book from its RFA No. 15. Dkt. 462, at 2.

## II. DISCUSSION

### A. STANDARD ON REQUESTS FOR ADMISSION

Pursuant to Fed. R. Civ. P 36(1):

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (a) facts, the application of law to fact, or opinions about either; and
>
> (b) the genuineness of any described documents.

Under Fed. R. Civ. P. 36(4), if a matter is not admitted, it must be denied or the answering party must "state in detail" why it cannot truthfully admit or deny it. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(4). The rule further provides:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court

may defer its final decision until a pretrial conference or a specified time before trial.

Fed. R. Civ. P. 36(6).

## B. MEET AND CONFER REQUIREMENTS

A motion to determine the sufficiency of an answer must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37 (a)(1).

Plaintiff certifies that Plaintiff and TMS met and conferred on September 24, 2019, and October 4, 2019, but they were unable to resolve this dispute. Dkt. 403, at 2. TMS denies that Plaintiff made a good faith effort to resolve this dispute on either occasion. Dkt. 441, at 7-8. However, TMS's own description of the October 4, 2019 meet and confer indicates that the parties at least briefly discussed this issue over the phone. The Court declines to speculate as to the quality of that meet and confer and accepts Plaintiff's certification that the parties met and conferred. Therefore, Plaintiff's motion satisfies the meet and confer requirements of Fed. R. Civ. P. 37.

## C. REQUEST FOR ADMISSION NO. 15

TMS's objections to RFA No. 15 were substantially justified. Although portions of the materials referenced in RFA No. 15 may be relevant and important to Plaintiff's claims, authentication of more than 11,000 pages of various materials does not appear proportional to the needs of this case. Moreover, Plaintiff's eventual withdrawal of the EPA gold manual from its requests does nothing to change that Plaintiff's RFA, as drafted, was overbroad and unduly burdensome. Therefore, the Court should not deem RFA No. 15 admitted and should deny Plaintiff's Motion.

### III. ORDER

**THEREFORE**, the Court hereby **ORDERS** that:

- Plaintiff's Motion to Deem Request for Admission No. 15 Propounded Against Defendant Toyota Motor Sales, U.S.A., Inc., Admitted (Dkt. 403) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of October, 2019.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge