| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | UNITED STATES DISTRICT COURT |
| | WESTERN DISTRICT OF WASHINGTON |
| | AT TACOMA |

| | | |
|---|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased, | | CASE 3:18-cv-05536-RJB |
| | Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DCO LLC'S CORPORATE REPRESENTATIVE DEPOSITION |
| v. | | |
| AIR & LIQUID SYSTEMS CORPORATION, et al., | | |
| | Defendants. | |

THIS MATTER comes before the Court on Plaintiff's Motion to Compel DCo LLC's ("DCo") Corporate Representative Deposition. Dkt. 405. The Court has considered the motion, all materials filed in support of and in opposition to the motion, and the remainder of the record herein, and it is fully advised. Oral argument is unnecessary to decide the motion.

For the reasons set forth below, Plaintiff's motion should be denied.

### I. BACKGROUND

This is an asbestos case. Plaintiff claims that Rudie Klopman-Baerselman ("Decedent") was exposed to asbestos from Victor brand gaskets, for which DCo is responsible. Dkt. 405. Plaintiff alleges that amosite asbestos was found in Decedent's lung tissue. Dkt. 405, at 2–3.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DCO LLC'S CORPORATE REPRESENTATIVE DEPOSITION - 1

On September 27, 2019, Plaintiff took the FRCP 30(b)(6) deposition of DCo's corporate representative, Marcella Duncan ("Ms. Duncan"). Dkts. 405, at 3; and 406, at 70. Plaintiff's notice of deposition requested, in part, production of "[a]ll writings in Victor's possession, custody, or control that indicate amosite asbestos was an ingredient in Victor's gaskets." Dkt. 406, at 158.

Plaintiff argues that Ms. Duncan "was woefully unprepared to testify at her deposition." Dkt. 405, at 3. Ms. Duncan was asked about sales or purchase records related to an alleged 23 ton purchase of amosite fiber in 1955 by Victor, possibly related to amosite fiber studies. Dkt. 406, at 94. Ms. Duncan answered that she had not searched for such a document and testified that Victor never sold amosite gaskets. Dkt. 406, at 94. When asked to which documents she had relied in forming her opinion, she stated, "It's the lack of documents. And that would be in any of the gaskets that were specified to use as amosite-containing materials, no engineering change, changes, for any gaskets to use amosite-containing materials, no sales records of amosite gaskets being sold. So it's the absence of records, not the finding of records." Dkt. 406, at 95.

Plaintiff filed the instant motion to compel discovery of DCo's documents regarding amosite. Dkt. 405. Plaintiff argues that DCo's responses were evasive and incomplete, and it should be compelled to produce all responsive documents. Dkt. 405, at 4–5.

DCo filed an oppositional response. Dkt. 443. DCo argues that Ms. Duncan was prepared for the deposition and that it had properly made its documents, kept in the ordinary course of business, available to Plaintiff pursuant to FRCP 34. Dkt. 443. DCo further describes Ms. Duncan's preparation efforts and claims that it made its documents available to Plaintiff because of how broad Plaintiff's document requests were. Dkt. 443, at 5–9.

1    Plaintiff replied in support of its motion, arguing, in part, that DCo failed to timely object

2    to Plaintiff's discovery request. Dkt. 460.

## II.   DISCUSSION

### A. STANDARDS ON DISCOVERY

Under the Federal Rules of Civil Procedure, parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26. Information need not be admissible at trial to be discoverable. Fed. R. Civ. P. 26(b)(1). During discovery, a party may depose a public or private corporation, or a governmental agency, which must then designate one or more officers to testify on its behalf, as well as the matters on which each designated person will testify. Fed. R. Civ. P. 30(b)(6). The person designated must testify about information known or reasonably available to the organization. Fed. R. Civ. P. 30(b)(6).

FRCP 37(a)(1) provides that, in part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

FRCP 37(a)(3)(A)–(B) provides that:

> (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) *To Compel a Discovery Response.* A Party seeking discovery may move for an order compelling an answer, designation, production, or inspection.

Courts are given broad discretion to control discovery under FRCP 37, including "particularly wide latitude … to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater*

*Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

### B. MEET AND CONFER REQUIREMENTS

Plaintiff has certified that the parties met and conferred on October 4, 2019, but were unable to resolve this dispute. Therefore, Plaintiff's motion satisfies the applicable meet and confer requirements.

### C. MOTION TO COMPEL

Plaintiff's motion is without merit. Ms. Duncan's preparation efforts for the deposition appear to have been significant, and she appeared reasonably knowledgeable and prepared at deposition. *See* Dkts. 443, at 8–9; and 406, at 94. Plaintiff requests documents that Ms. Duncan's testimony suggests may not even exist. *See* Dkt. 406, at 94. Moreover, DCo has made its documents available for inspection and copying at DCo's document repository in conformity with FRCP 34. *See* Dkt. 443, at 5–8; Fed. R. Civ. P. 34 ("a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request").

Therefore, Plaintiff's motion to compel should be denied.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Compel DCo LLC's Corporate Representative Deposition (Dkt. 405) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of November, 2019.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge