UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br>v.<br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE 3:18-cv-05536-RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC. |

THIS MATTER comes before the Court on Plaintiff's Motion for Sanctions Against O'Reilly Automotive Stores, Inc. ("O'Reilly"; elsewhere referred to as "CSK"). Dkt. 407. The Court has considered the motion, all materials filed in support of and in opposition to the motion, and the remainder of the record herein, and it is fully advised. Oral argument is unnecessary to decide the motion.

For the reasons set forth below, Plaintiff's motion for sanctions should be granted, in part, and denied, in part.

ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS AGAINST O'REILLY AUTOMOTIVE STORES, INC. - 1

# I. PROCEDURAL HISTORY & BACKGROUND

## 1. PROCEDURAL HISTORY

Plaintiff filed the instant motion requesting sanctions against O'Reilly for (1) failing to provide requested written discovery information and (2) sending a corporate representative that was unprepared for a FRCP 30(b)(6) deposition. Dkt. 407. O'Reilly filed a response in opposition to Plaintiff's Motion for Sanctions. Dkt. 430. Plaintiff filed a reply in support of its motion for sanctions. Dkt. 461.

## 2. BACKGROUND

### a. Written Discovery Requests and Responses

The instant motion relates, in part, to a prior discovery dispute on which the Court has already ruled (Dkt. 210; "Order"). In the Order, the Court ruled that "at least four, and possibly many more, of O'Reilly's responses do not sufficiently answer Plaintiff's interrogatories and requests for production." Dkt. 210. The Court further observed that many of O'Reilly's responses claiming to lack requested information were "incredible and hard to believe." Dkt. 210, at 5. One of the requests for admission ("RFA") at issue was RFA 10, which stated, "Please admit YOU sold Bendix brakes." Dkt. 408, at 113. O'Reilly's objection and response provided, in part, "O'Reilly … did not acquire CSK Auto Corporation until July 11, 2008. Accordingly, CSK does not have historical information regarding product sales before that time and is unable to admit or deny this request." Dkt. 408, at 113. In its order, the Court discussed only four individual responses' inadequacies (Interrogatories 1–2 and RFAs 46 and 50) and did not specifically discuss other possibly insufficient responses. Dkt. 210. The Court cautioned O'Reilly to provide all information requested within the scope of FRCP 26 and ordered O'Reilly to file adequate answers to Plaintiff's written discovery requests by May 13, 2019. Dkt. 210, at

10. It appears that O'Reilly served supplemental responses only as to the four insufficient responses specifically discussed by the Court. Dkt. 408, at 103.

On September 11, 2019, Plaintiff deposed O'Reilly's corporate representative, James F. Murray ("Mr. Murray"). Dkt. 408, at 56. Mr. Murray provided testimony regarding, among other things, Bendix brakes sales during the mid-1980s. Dkt. 408, at 70–71. Mr. Murray testified that Bendix brakes were a stocked product sold by Shucks or CSK during approximately the mid-1980s and that Bendix brakes were a high-end line of brakes sold during that time. Dkt. 408, at 70–71. When Mr. Murray was asked whether "what you'd told us about Bendix is vastly different than what the company said in written responses,' he responded, "It looks like it, sure." Dkt. 408, at 75.

Plaintiff alleges that another example of O'Reilly's failure to disclose can be found in connection with RFA 90, which asks, "Please admit YOU sold Fel Pro gaskets." Dkt. 408, at 136. O'Reilly's response referred Plaintiff to its answer concerning Bendix brakes stating that it was unable to admit or deny the request. Dkt. 408, at 113, 136. Plaintiff argues that O'Reilly's purported inability to admit or deny the request was belied by the deposition of Mr. Murray, who testified, in part, "We still [sell Fel Pro gaskets], to this day." Dkt. 408, at 65. Dkt. 407, at 7–8.

Plaintiff contends that Mr. Murray's deposition and other evidence exposed that O'Reilly failed to sufficiently respond to several discovery matters, including requests related to O'Reilly and Bendix brakes (Interrogatories 3, 8 and RFAs 10–22, 112–116), Fel Pro gaskets (Interrogatories 3, 10 and RFAs 90–95), Partex brakes (Interrogatories 3, 9 and RFAs 30–36), Raybestos brakes (Interrogatories 3, 14–16 and RFAs 37-43), EIS brakes (RFAs 44–50), and Wagner brakes (RFAs 58–64). Dkt. 407, at 7–10.

1  O'Reilly writes in its oppositional response, "In that deposition, Mr. Murray provided testimony that included information that would be pertinent to some of plaintiff's discovery requests.[]As a result, defendant submitted amended discovery answers on September 23, 2019." Dkt. 430, at 2. Dkt. 430-1 (providing O'Reilly's Second Amended Answers, filed after the deposition of Mr. Murray). O'Reilly contends that, "[g]iven the broad extent of the discovery sought by plaintiff, parties should be encouraged to provide supplemental discovery responses as information comes to light, not sanctioned." Dkt. 430, at 3. As to RFA 10, O'Reilly amended its answer to provide, in part, "CSK admits that, upon information and belief, as supported by certain deposition testimony, Schuck's may have sold Bendix brakes for some period of time that cannot presently be identified." Dkt. 430-1, at 42. As to RFA 90, O'Reilly amended its answer to provide, in part, "CSK admits that, upon information and belief, as supported by certain deposition testimony, Schuck's may have sold Fel Pro gaskets for some period of time that cannot presently be identified." Dkt. 430-1, at 66.

Plaintiff argues that O'Reilly's amendments came only "after it got caught perpetrating a fraud on the Court" and that "Defendant has had at its disposal answers to much of the discovery it had previously declined to answer." Dkt. 461, at 1–2.

### b. Corporate Representative Preparation

Plaintiff contends that Mr. Murray was unprepared to testify at deposition. Dkt. 407, at 10. O'Reilly argues that Mr. Murray testified to the best of his ability and that "[O'Reilly] is not aware of a company representative who would be more familiar than Mr. Murray with historical sales information regarding CSK Auto in the State of Washington." Dkt. 430, at 2.

### c. Plaintiff's Request for Sanctions

Plaintiff requests sanctions as follows:

(1) deeming the brakes, clutches, and gaskets purchased by Rudie Klopman-Baerselman from Schuck's to be asbestos-containing;

(2) deeming that Schuck's knew asbestos was hazardous at the time Rudie Klopman-Baerselman purchased the asbestos-containing products from Schuck's;

(3) instructing the jury that Schuck's made untruthful statements under oath in this case, which the jury can consider in assessing Schuck's credibility;

(4) deeming Rudie's exposure to asbestos from the Schuck's brakes, clutches, and gaskets he purchased a substantial factor in increasing his risk of developing mesothelioma;

(5) deeming admitted the requests for admission; and

(6) issuing an order that O'Reilly pay to Plaintiff the sum of $19,052.39 as the reasonable cost and attorney fees incurred by the moving party in connection with this proceeding within ten days of the Court's order.

Dkt. 407, at 17.

## II. DISCUSSION

### 1. STANDARDS ON DISCOVERY AND SANCTIONS

FRCP 26(g)(1) requires a litigant to make a reasonable inquiry into the factual basis for its response to a discovery request:

> Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
>
> (B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

FRCP 26(g)(3) provides that:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

FRCP 26(e)(1) provides that:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

FRCP 37(a)(1) provides that, in part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

FRCP 37(a)(3)(A)–(B) provides:

> (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) *To Compel a Discovery Response.* A Party seeking discovery may move for an order compelling an answer, designation, production, or inspection.

Courts are given broad discretion to control discovery under FRCP 37, including "particularly wide latitude … to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

## 2. MEET AND CONFER CERTIFICATION

Plaintiff certifies that the parties met and conferred prior to filing the instant motion. Dkt. 407, at 2. Therefore, the instant motion satisfies the applicable meet and confer requirements.

## 3. WRITTEN DISCOVERY RESPONSES

It does not appear that O'Reilly made a reasonable inquiry into the factual basis for its responses to Plaintiff's written discovery requests. In its Order, the Court cautioned O'Reilly that its purported inability to provide almost any information concerning Shucks' business and sales in Washington was "incredible and hard to believe." Dkt. 210, at 5. Despite the Court's warning that "at least four, and possibly many more, of O'Reilly's responses d[id] not sufficiently answer Plaintiff's interrogatories and requests for production," it appears that O'Reilly provided supplemental responses to only those four matters specifically identified by the Court as "clearly insufficient." Dkt. 210, at 5. Dkt. 408, at 103. Yet O'Reilly's amended answers were unresponsive regarding several matters to which Mr. Murray apparently had substantial knowledge, including the sale of Bendix brakes and Fel Pro gaskets—a product

apparently still sold by O'Reilly. This suggests strongly that O'Reilly made little effort, if any, to locate information pertinent to several of Plaintiff's discovery requests.

O'Reilly writes, "Rather than recognizing that defendant amended its responses in good faith in accordance with its duty to supplement, plaintiff evidently takes the position that O'Reilly is obligated to canvas all of its employees to see whether any of them … have information as to the nature of CSK Auto's historical sales practices." Dkt. 430, at 2. O'Reilly's argument is exaggerated and unpersuasive, and it fails to explain how O'Reilly could have made a reasonable inquiry into the factual basis of its responses without at least identifying related products that are apparently still sold by O'Reilly, such as Fel Pro gaskets. O'Reilly's duty to reasonably inquire as to the factual basis of its responses is not excused by its attempts to comply with its duty to supplement. Moreover, inconsistent with Mr. Murray's testimony, O'Reilly's Second Amended Responses still fail to state whether O'Reilly presently sells Fel Pro gaskets. *See* Dkt. 430-1, at 66.

Therefore, O'Reilly's responses to Plaintiff's written discovery requests were insufficient under FRCP 26. An appropriate "sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3).

### 4. PREPARATION OF O'REILLY'S CORPORATE REPRESENTATIVE, MR. MURRAY

The Court has reviewed the transcript of Mr. Murray's deposition and it appears that he was prepared to testify as to matters known or reasonably available to the organization, as required by FRCP 30(b)(6). The discovery in this case is complex and voluminous, and despite Plaintiff's lengthy critique of Mr. Murray's testimony and preparation efforts, Mr. Murray appeared reasonably knowledgeable and prepared.

Therefore, the Court concludes that O'Reilly's corporate representative, Mr. Murray, was sufficiently prepared under FRCP 30(b)(6) and O'Reilly should not be sanctioned for his deposition preparation efforts.

**5. CONCLUSION**

O'Reilly's responses to Plaintiff's written discovery requests were insufficient under FRCP 26. However, O'Reilly's corporate representative, Mr. Murray, was sufficiently prepared under FRCP 30(b)(6), and O'Reilly should not be sanctioned for his deposition preparation efforts. Therefore, the Court should grant Plaintiff's motion as to its request for sanctions regarding written discovery, and deny Plaintiff's motion as to its request for sanctions regarding the preparation of O'Reilly's corporate representative.

A lesser sanction than that requested by Plaintiff is appropriate. The Court should sanction O'Reilly for $1,000.00 and order it to review its Second Amended Responses to Plaintiff's First Interrogatories and Requests for Production and First Set of Requests for Admission. O'Reilly should conduct a reasonable inquiry into the factual basis of its responses and file a third amended response no later than November 15, 2019.

Discovery in this case has been difficult. Despite extraordinary Court assistance, the parties have frequently been unable to manage the discovery process. Here, O'Reilly's discovery responses and "vastly different" corporate representative deposition statements are yet another example of discovery mismanagement—and a serious one. Dkt. 408, at 75.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion for Sanctions Against O'Reilly Automotive Stores, Inc. (Dkt. 407) is **GRANTED, in part, and DENIED, in part,** as follows:

1         o   The motion is **GRANTED** as to its request for sanctions regarding written discovery as follows:

- O'Reilly Automotive Stores, Inc. is sanctioned for **$1,000.00;** and
- O'Reilly Automotive Stores, Inc. shall review its Second Amended Responses to Plaintiff's First Interrogatories and Requests for Production and First Set of Requests for Admission. O'Reilly Automotive Stores, Inc. shall conduct a reasonable inquiry into the factual basis of its responses and file an amended response no later than **November 15, 2019.**

        o   The motion is otherwise **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 5th day of November, 2019.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge