UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' AFFIRMATIVE DEFENSES |

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment Against All Defendants as to the Affirmative Defense of Alternative Exposures in the Merchant Marines ("Dutch Merchant Marine Motion") (Dkt. 489) and Plaintiff's Motion for Partial Summary Judgment Against All Defendants as to the Affirmative Defense of Third-Party Fault from Alleged Exposures at Tektronix, Inc. ("Tektronix Motion") (Dkt. 491). The Court is familiar with the record herein and has reviewed the motions and documents filed in support of and in opposition thereto, and it is fully advised. Oral argument is unnecessary to decide these motions.

For the reasons set forth below, both motions should be denied.

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' AFFIRMATIVE DEFENSES - 1

## I. BACKGROUND & FACTS

### A. ORDER GRANTING DEFENDANT INGERSOLL-RAND COMPANY'S MOTION FOR SUMMARY JUDGMENT

On October 15, 2019, the Court granted Defendant Ingersoll-Rand Company's Motion for Summary Judgment as to Plaintiff's claims, including Plaintiff's claims related to Rudie Klopman-Baerselman's ("Decedent") alleged asbestos exposure (1) as a Dutch Merchant Marine and (2) as a worker at Tektronix (a theory of asbestos exposure that Plaintiff had removed from the operative complaint). Dkt. 428.[1]

### B. DUTCH MERCHANT MARINE MOTION

On November 7, 2019, Plaintiff filed the instant Dutch Merchant Marine Motion. Dkt. 489. Plaintiff argues that "Defendants lack sufficient evidence to support their position that [Decedent] was exposed to asbestos while in the merchant marines[.]" Dkt. 489, at 2. Plaintiff alleges that defendants have raised affirmative defenses of alternative asbestos exposure from Decedent's time working as a greaser in the Dutch Merchant Marine. Dkt. 489. Plaintiff requests that the Court grant partial summary judgment against defendants as to the affirmative defense of alternative asbestos exposure from working in the Dutch Merchant Marine because defendants allegedly lack sufficient evidence of Decedent's Dutch Merchant Marine exposure to asbestos. Dkt. 489.

Several defendants filed responses and notices of joinder in opposition to Plaintiff's Dutch Merchant Marine Motion. Dkts. 507; 514; 524; 526; 535; 539; 542; and 565. Plaintiff filed a reply. Dkt. 574.

---

[1] Plaintiff's Motion for Reconsideration of that decision is pending before the Court and is ripe for consideration. Dkt. 466.

## C. TEKTRONIX MOTION

On November 7, 2019, Plaintiff filed the instant Tektronix Motion. Dkt. 491. Plaintiff argues that Defendants lacks sufficient evidence of Decedent's exposure to asbestos while working at Tektronix to establish an affirmative defense of alternative asbestos exposure there. Dkt. 491. Plaintiff contends that, "[a]s Defendants have no more evidence than that found insufficient to create an issue of fact for the jury in this Court's Order granting Defendant Ingersoll-Rand Company's Motion for Summary Judgment, they cannot raise the affirmative defense that [Decedent] had an alternative asbestos exposure at Tektronix that caused his disease." Dkt. 491, at 6. Plaintiff requests that the Court grant partial summary judgment against defendants as to the affirmative defense of alternative asbestos exposure at Tektronix. Dkt. 491.

Several defendants filed responses and notices of joinder in opposition to Plaintiff's Tektronix Motion. Dkt. 507; 514; 526; 529; 533; 537; and 543. Plaintiff filed a Reply. Dkt. 575.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some

metaphysical doubt."). *See also* Fed. R. Civ. P. 56(d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

**B. WASHINGTON STATE SUBSTANTIVE LAW APPLIES**

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

**C. WASHINGTON PRODUCT LIABILITY STANDARD**

"Generally, under traditional product liability theory, the plaintiff must establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product. In order to have a cause of action, the plaintiff must identify the particular

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AS TO
DEFENDANTS' AFFIRMATIVE DEFENSES - 4

manufacturer of the product that caused the injury." *Lockwood v. AC & S, Inc.,* 109 Wn.2d 235, 245–47 (1987) (quoting *Martin v. Abbott Laboratories,* 102 Wn.2d 581, 590 (1984)).

> Because of the long latency period of asbestosis, the plaintiff's ability to recall specific brands by the time he brings an action will be seriously impaired. A plaintiff who did not work directly with the asbestos products would have further difficulties in personally identifying the manufacturers of such products. The problems of identification are even greater when the plaintiff has been exposed at more than one job site and to more than one manufacturer's product. [] Hence, instead of personally identifying the manufacturers of asbestos products to which he was exposed, a plaintiff may rely on the testimony of witnesses who identify manufacturers of asbestos products which were then present at his workplace.

*Lockwood,* 109 Wn.2d at 246–47 (citations omitted).

*Lockwood* prescribes several factors for courts to consider when "determining if there is sufficient evidence for a jury to find that causation has been established":

1. Plaintiff's proximity to an asbestos product when the exposure occurred;

2. The expanse of the work site where asbestos fibers were released;

3. The extent of time plaintiff was exposed to the product;

4. The types of asbestos products to which plaintiff was exposed;

5. The ways in which such products were handled and used;

6. The tendency of such products to release asbestos fibers into the air depending on their form and the methods in which they were handled; and

7. Other potential sources of the plaintiff's injury; courts must consider the evidence presented as to medical causation.

*Id.* at 248–49.

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' AFFIRMATIVE DEFENSES - 5

## D. SUMMARY JUDGMENT ANALYSIS

The instant motions appear counterproductive to Plaintiff's claims and are inconsistent with Plaintiff's other pleadings and motions. Plaintiff has argued (and continues to argue)[2] that his evidence of asbestos exposure from working in the Dutch Merchant Marine and at Tektronix satisfies the *Lockwood* factors with respect to various individual defendants. *E.g.,* Dkts. 372; and 374. On the other hand, Plaintiff now argues there is not enough evidence of asbestos exposure from Decedent's work in the Dutch Merchant Marine or at Tektronix to satisfy the *Lockwood* factors or to show that such exposure was a substantial factor in the development of Decedent's mesothelioma. Dkts. 489; and 491.

Plaintiff's instant motions are without merit. Plaintiff's ability or inability to prove causation or exposure to asbestos with respect to certain individual defendants, e.g., Dkt. 428 (granting Defendant Ingersoll-Rand Company's Motion for Summary Judgment), is irrelevant to the defendants' affirmative defenses that Decedent's mesothelioma was caused by exposure to asbestos from several alternative sources, including Decedent's work in the Dutch Merchant Marine and at Tektronix. Plaintiff has not shown that there is no genuine dispute over a material fact with respect to defendants' affirmative defenses of alternative asbestos exposure from Decedent's work in the Dutch Merchant Marine or at Tektronix.

Therefore, Plaintiff's instant Dutch Merchant Marine Motion and Tektronix Motion should both be denied.

---

[2] For example, in response to Defendant Crosby Valve, LLC's motion for summary judgment, which is pending before the Court and ripe for consideration, Plaintiff argues that he has gathered sufficient evidence showing that the Decedent's mesothelioma was caused by asbestos exposure from Crosby Valves while working in the Dutch Merchant Marine. Dkt. 502. Additionally, in Plaintiff's motion for reconsideration of the Court's Order Granting Defendant Ingersoll-Rand Company's Motion for Summary Judgment, which is pending before the Court and ripe for consideration, Plaintiff requests that the Court grant Plaintiff leave to amend his complaint so that he can plead asbestos exposure at Tektronix. Dkt. 466.

### III. ORDER

Therefore, it is hereby ORDERED that:

- Plaintiff's Motion for Partial Summary Judgment Against All Defendants as to the Affirmative Defense of alternative Exposures in the Merchant Marines (Dkt. 489) is **DENIED.**

- Plaintiff's Motion for Partial Summary Judgment Against All Defendants as to the Affirmative Defense of Third-Party Fault from Alleged Exposures at Tektronix, Inc. (Dkt. 491) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of December, 2019.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge