# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,

Plaintiff,

v.

AIR & LIQUID SYSTEMS CORPORATION, et al.,

Defendants.

CASE NO. 3:18-cv-05536-RJB

ORDER GRANTING DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant Crosby Valve, LLC's ("Crosby Valve") Motion for Summary Judgment. Dkt. 449. The Court is familiar with the record herein and has reviewed the motion and documents filed in support of and in opposition thereto, and it is fully advised. Oral argument is unnecessary to decide this motion.

For the reasons set forth below, Crosby Valve's Motion for Summary Judgment should be granted.

ORDER GRANTING DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT - 1

## I. BACKGROUND

This is an asbestos case. Dkt. 168. The above-entitled action was commenced in Pierce County Superior Court on October 27, 2017. Dkt. 1-1, at 6. Notice of removal from the state court was filed with this Court on July 3, 2018. Dkt. 1-1.

In the operative complaint, Plaintiff alleges that Rudie Klopman-Baerselman ("Decedent") was exposed to asbestos-containing products sold or supplied by various defendants, including Crosby Valve, causing Decedent injuries for which Crosby Valve is liable. Dkt. 168. Decedent was diagnosed with mesothelioma on approximately July 11, 2017, and died on November 25, 2017, before being deposed. Dkts. 168, at 4; and 374, at 7.

The complaint provides that "Decedent [] was an employee of Royal Dutch Lloyd, Rotterdam Lloyd and worked as a merchant mariner assigned to several vessels. While performing his duties as a boiler oilman/stoker from approximately 1955 through 1959, Decedent [] was exposed to asbestos, asbestos-containing materials and products while aboard the vessels." Dkt. 168, at 6.

"Plaintiff claims liability based upon the theories of product liability (RCW 7.72 et seq.); negligence; conspiracy; strict product liability under Section 402A and 402B of the Restatement of Torts; premises liability; and any other applicable theory of liability." Dkt. 168, at 6.

Crosby Valve filed the instant Motion for Summary Judgment, arguing that there is no evidence that Decedent was exposed to asbestos from a Crosby valve, and that there is no evidence that asbestos from a Crosby Valve product was the cause of Decedent's mesothelioma. Dkt. 449.

Plaintiff responded in opposition. Dkt. 502. Plaintiff offers that Decedent "worked in the engineering department aboard ships including the *SS Friesland* and the *SS Waterman* (U.S.-built

ships)." Dkt. 502, at 2. Plaintiff provides expert testimony that these ships would have contained greater or lesser amounts of amosite asbestos and that Decedent's work aboard these ships would have exposed him to asbestos through the removal and replacement of asbestos-containing thermal insulation. Dkts. 364-2; and 502. Plaintiff further provides evidence that Crosby Valves sold asbestos-containing valves and products for use by the United States Navy. Dkts. 502, at 3–4. Plaintiff offers expert testimony that Decedent developed mesothelioma substantially caused by mixed asbestos exposure. Dkt. 502, at 6. Plaintiff contends that Decedent was exposed to Crosby Valve asbestos-containing products working aboard U.S.-built ships in the Dutch Merchant Marine, which caused his mesothelioma. Dkt. 502.

Crosby Valve filed a reply in support of its motion for summary judgment. Dkt. 505.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute,

requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

**B. WASHINGTON STATE SUBSTANTIVE LAW APPLIES**

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

**C. SUMMARY JUDGMENT ANALYSIS**

1. <u>Washington Product Liability</u>

"Generally, under traditional product liability theory, the plaintiff must establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product. In order to have a cause of action, the plaintiff must identify the particular

manufacturer of the product that caused the injury." *Lockwood v. AC & S, Inc.,* 109 Wn.2d 235, 245–47 (1987) (quoting *Martin v. Abbott Laboratories,* 102 Wn.2d 581, 590 (1984)).

> Because of the long latency period of asbestosis, the plaintiff's ability to recall specific brands by the time he brings an action will be seriously impaired. A plaintiff who did not work directly with the asbestos products would have further difficulties in personally identifying the manufacturers of such products. The problems of identification are even greater when the plaintiff has been exposed at more than one job site and to more than one manufacturer's product. [] Hence, instead of personally identifying the manufacturers of asbestos products to which he was exposed, a plaintiff may rely on the testimony of witnesses who identify manufacturers of asbestos products which were then present at his workplace.

*Lockwood,* 109 Wn.2d at 246–47 (citations omitted).

*Lockwood* prescribes several factors for courts to consider when "determining if there is sufficient evidence for a jury to find that causation has been established":

1. Plaintiff's proximity to an asbestos product when the exposure occurred;
2. The expanse of the work site where asbestos fibers were released;
3. The extent of time plaintiff was exposed to the product;
4. The types of asbestos products to which plaintiff was exposed;
5. The ways in which such products were handled and used;
6. The tendency of such products to release asbestos fibers into the air depending on their form and the methods in which they were handled; and
7. Other potential sources of the plaintiff's injury; courts must consider the evidence presented as to medical causation.

*Id.* at 248–49.

The Court has considered each of the *Lockwood* factors, none of which weigh in favor of a finding that causation has been established against Crosby Valve. First, although Plaintiff's

evidence relates to Decedent's proximity to shipboard asbestos generally, it does not discuss proximity concerning an asbestos-containing product for which Crosby Valve is responsible. *See, e.g.,* Dkt. 364-2; and 503-1, at 289.

Second, although expert evidence offered by Plaintiff partially describes ships or similar ships on which Decedent worked, it does not specifically describe shipboard expanses or work site expanses where asbestos fibers were released from a product for which Crosby Valve is responsible. *See, e.g.,* Dkt. 364-2; and 503-1, at 289.

Third, although Plaintiff's evidence discusses general asbestos exposure aboard ships, Plaintiff has not shown the extent of time, if any, that Decedent was exposed to any asbestos-containing products for which Crosby Valve is liable. *See, e.g.,* Dkt. 364-2; and 503-1, at 289.

Fourth, Plaintiff offers no evidence regarding the types of asbestos-containing products used by Decedent and produced by Crosby Valve. Plaintiff's proffered evidence only tends to show that Crosby Valve sold asbestos-containing valves for use by the United States Navy and that Decedent worked on U.S.-built ships. *See, e.g.,* Dkt. 364-2; 502; and 503-1.

Fifth, Plaintiff's evidence generally describes the use of valves, pumps, and various other pieces of machinery aboard ships, but it does not show that Decedent used any asbestos-containing product produced by Crosby Valve. *See, e.g.,* Dkt. 364-2; 502; and 503-1.

Sixth, although Plaintiff offers evidence concerning the release of asbestos fibers from gaskets generally, Plaintiff has not shown the tendency of a Crosby Valve product used by Decedent, if any, to release asbestos fibers into the air depending on its form and the methods in which it was handled. *See, e.g.,* Dkt. 364-2; 502; and 503-1.

Finally, it appears that there may be many possible sources that could have caused Decedent's injuries and death. Decedent's merchant marine career aboard multiple ships, his

work at Tektronix, and his automotive repair practice may have exposed him to asbestos from numerous asbestos-containing products produced by various manufacturers. Plaintiff provided the opinion of Dr. Gordon, opining that Decedent had mixed asbestos exposure to chrysotile, crocidolite, amosite, tremolite/actinolite, and anthophyllite, which were causative factors in the development of Decedent's mesothelioma. Dkts. 502, at 6; and 503-1.

Plaintiff has not offered evidence regarding asbestos exposure proximity, regularity, or duration with respect to any Crosby Valve product used by Decedent. Although evidence offered by Plaintiff discusses asbestos exposure factors such as directness, quantity, proximity, and frequency, it does so generally—not with respect to any asbestos exposure to a product produced by Crosby Valve. Plaintiff has not offered evidence establishing a reasonable connection between Decedent's injuries and death and products manufactured, sold, or supplied by Crosby Valve. There is no evidence here showing that Decedent was exposed to asbestos from working with or around a Crosby Valve product.

Plaintiff has offered no testimony of witnesses with personal knowledge of Decedent using or otherwise being exposed to an asbestos-containing product for which Crosby Valve is responsible. Plaintiff has not offered evidence showing, even viewed in a light most favorable to Plaintiff, that Crosby Valve or products that it sold or supplied caused Decedent's injuries and death. In consideration of the *Lockwood* factors above, the Court cannot determine that there is sufficient evidence for a jury to find that causation—a necessary element of Plaintiff's claim—has been established.

Therefore, the Court should grant Crosby Valve's Motion for Summary Judgment as to Plaintiff's Washington product liability claim.

2. <u>Other Possible Claims</u>

The operative complaint's causes of action are vague. *See* Dkt. 168, at 6 ("Plaintiff claims liability based upon the theories of product liability (RCW 7.72 et seq.); negligence; conspiracy; strict product liability under Section 402A and 402B of the Restatement of Torts; premises liability; and any other applicable theory of liability.").

In response to Crosby Valve's instant Motion for Summary Judgment, Plaintiff limited its discussion of claims and theories to Washington product liability, with some additional discussion of a manufacturer's duty to warn in a negligence case. *See* Dkt. 502, at 7–11.

Regardless, Plaintiff has not shown that Decedent worked with or around products manufactured by Crosby Valve and has not shown that exposure to a Crosby Valve asbestos-containing product caused Decedent's mesothelioma.

Therefore, Plaintiff has not presented evidence sufficient to establish genuine issues of material fact with respect to Plaintiff's broad claims against Crosby Valve for product liability, negligence, conspiracy, strict liability under Section 402A and 402B of the Restatements of Torts, and premises liability.

  3. <u>Conclusion</u>

Therefore, the Court should grant Crosby Valve's Motion for Summary Judgment (Dkt. 449) as to all of Plaintiff's claims against Crosby Valve and dismiss Crosby Valve from this case.

### III.  ORDER

Therefore, it is hereby ORDERED that:

- Defendant Crosby Valve, LLC's Motion for Summary Judgment (Dkt. 449) is **GRANTED;** and

- Defendant Crosby Valve, LLC is **DISMISSED** from the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of December, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge