UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,

Plaintiff,

v.

AIR & LIQUID SYSTEMS CORPORATION, et al.,

Defendants.

CASE NO. 3:18-cv-05536-RJB

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT INGERSOLL-RAND COMPANY

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration of Order Granting Summary Judgment for Defendant Ingersoll-Rand Company ("Motion for Reconsideration"). Dkt. 466. The Court is familiar with the record herein and has reviewed the motion and documents filed in support of and in opposition thereto, and it is fully advised.

For the reasons set forth below, Plaintiff's Motion for Reconsideration should be denied.

I. **BACKGROUND**

On October 15, 2019, the Court granted Defendant Ingersoll-Rand Company's ("I-R") Motion for Summary Judgment and dismissed I-R from the case. Dkt. 428 ("Order"). The Court held, in part, that: (1) with respect to Decedent's alleged Dutch Merchant Marine asbestos

exposure, Plaintiff had not offered evidence showing that I-R or products that it sold or supplied caused Decedent's injuries and death; and (2) Plaintiff failed to sufficiently present its claim related to asbestos exposure at Tektronix because the operative complaint lacked necessary factual allegations. Dkt. 428.

On October 29, 2019, Plaintiff filed the instant Motion for Reconsideration. Plaintiff argues that the Court's Order (Dkt. 428) is incorrect and unfair. Plaintiff argues that he should have been allowed to amend the operative complaint to "closely conform to the evidence of [Decedent's] thirty-year career at Tektronix before [summary judgment was] decided." Dkt. 466, at 4. Plaintiff further provides that:

> Upon granting of reconsideration, and the recalling of this Court's order granting summary judgment, plaintiff would thereafter immediately file his motion for leave to amend, along with a proposed amended complaint. If the motion for leave to amend is then granted, this court could properly consider plaintiff's detailed evidence regarding decedent's exposures at Tektronix on its merits when ruling on Ingersoll-Rand's motion for summary judgment.
>
> ....
>
> Plaintiff respectfully submits it would be reversible error to enter summary judgment in Ingersoll-Rand's favor without considering the evidence of decedent's occupational exposures at Tektronix.

Dkt. 466, at 4–5.

The Court granted leave to the parties to file responsive briefing to Plaintiff's Motion for Reconsideration. Dkt. 469.

I-R filed a response in opposition to the Motion for Reconsideration. Dkt. 495. I-R argues that Plaintiff's Motion for Reconsideration cites no new facts or legal authority and identifies no manifest error in the Order. I-R contends that Plaintiff's Motion for Reconsideration should be denied for three reasons: (1) the Order was correct; (2) at any time during the past two years of

litigation, Plaintiff could have moved for leave to amend the operative complaint to include allegations of exposure from working at Tektronix, but Plaintiff chose not to; and (3) leave to amend the complaint at this last stage would be improper. Dkt. 495. I-R further contends, in part, that leave to amend would be prejudicial because discovery is closed and I-R has stopped its trial preparations. Dkt. 495, at 9–11.

Plaintiff filed a reply in support of the Motion for Reconsideration. Dkt. 498.

Elsewhere in the record, in Plaintiff's Reply in Support of Plaintiff's Motion for Summary Judgment on Defendant Foster Wheeler Energy Corporation's Defenses to Plaintiff's Claims, Plaintiff further explains his disappointment with the Order:

> Ingersoll-Rand was a huge target defendant in this case. It is hard to overstate how severely Plaintiff has been prejudiced by Ingersoll-Rand's elimination from this case, not just in Plaintiff's ability to recover against Ingersoll-Rand, but in his ability to prevail against the remaining defendants, who now have a massive empty chair to blame for the blue crocidolite asbestos that was in Ingersoll-Rand's pumps at Tektronix and in Rudie's lung tissue.

Dkt. 577, at 2 n.1.

## II. DISCUSSION

Local Rules W.D. Wash. LCR 7(h)(1) provides as follows: "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

Plaintiff's Motion for Reconsideration makes no argument under the standards for reconsideration. Plaintiff does not make a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Additionally, in its Order, the Court correctly observed that "[a] motion to amend under Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party.'" Dkt. 428, at 6 (quoting *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, 1152 (9th Cir. 2011)). Even now, Plaintiff has not moved to file an amended complaint. Plaintiff has demonstrated undue delay. Furthermore, it is likely that I-R would be unduly prejudiced if leave to amend were granted after the close of discovery and so near to the trial date of January 13, 2020.

Therefore, Plaintiff's Motion for Reconsideration should be denied.

### III.    ORDER

Therefore, it is hereby ORDERED that:

- Plaintiff's Motion for Reconsideration of Order Granting Summary Judgment for Defendant Ingersoll-Rand Company (Dkt. 466) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of December, 2019.

ROBERT J. BRYAN
United States District Judge