UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05536-RJB<br><br>ORDER ON DEFENDANT FOSTER WHEELER'S MOTION FOR SUMMARY JUDGMENT, FOSTER WHEELER'S MOTION TO STRIKE, AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT FOSTER WHEELER'S DEFENSES TO PLAINTIFF'S CLAIMS |

THIS MATTER comes before the Court on Defendant Foster Wheeler Energy Corporation's ("Foster Wheeler") Motion for Summary Judgment (Dkt. 433), Plaintiff's Motion for Summary Judgment on Defendant Foster Wheeler's Defenses to Plaintiff's Claims ("Motion for Partial Summary Judgment") (Dkt. 487), and Foster Wheeler's motion to strike inadmissible evidence (Dkt. 493, at 4–6). The Court is familiar with the record herein and has reviewed the motions and documents filed in support of and in opposition thereto, and it is fully advised. Oral argument is unnecessary to decide these motions.

For the reasons set forth below, Foster Wheeler's Motion for Summary Judgment should be granted, in part, and denied, in part; Plaintiff's Motion for Partial Summary Judgment should be granted; and Foster Wheeler's motion to strike should be denied as moot.

## I. BACKGROUND & RELATED MOTIONS

### A. BACKGROUND

This is an asbestos case. Dkt. 168. The above-entitled action was commenced in Pierce County Superior Court on October 27, 2017. Dkt. 1-1, at 6. Notice of removal from the state court was filed with this Court on July 3, 2018. Dkt. 1-1.

In the operative complaint, Plaintiff alleges that Rudie Klopman-Baerselman ("Decedent") was exposed to asbestos-containing products sold or supplied by various defendants, including Foster Wheeler, causing Decedent injuries for which they are liable. Dkt. 168. Decedent was diagnosed with mesothelioma on approximately July 11, 2017, and died on November 25, 2017, before being deposed. Dkts. 168, at 4; and 374, at 7.

The operative complaint provides that "Decedent … was an employee of Royal Dutch Lloyd, Rotterdam Lloyd and worked as a merchant mariner assigned to several vessels. While performing his duties as a boiler oilman/stoker from approximately 1955 through 1959, Decedent … was exposed to asbestos, asbestos-containing materials and products while aboard the vessels." Dkt. 168, at 6. Plaintiff provides that Decedent worked in maintenance and repair aboard the SS *Friesland* and SS *Waterman*. Dkt. 476, at 3–4. Plaintiff offers evidence purporting to show that Foster Wheeler manufactured asbestos-containing equipment used aboard the SS *Friesland*. Dkts. 476, at 4–6; and 477.

There are two other general theories of asbestos exposure in this case. First, Plaintiff claims that Decedent was exposed to asbestos from performing maintenance work on vehicles,

from approximately 1966 to 1997.[1] Dkt. 168. Second, Plaintiff had previously claimed, but removed from the operative complaint, that Decedent was exposed to asbestos while working at Tektronix. Dkt. 1-1, at 9–10.

"Plaintiff claims liability based upon the theories of product liability (RCW 7.72 et seq.); negligence; conspiracy; strict product liability under Section 402A and 402B of the Restatement of Torts; premises liability; and any other applicable theory of liability." Dkt. 168, at 6.

### A. FOSTER WHEELER'S INSTANT MOTION FOR SUMMARY JUDGMENT & MOTION TO STRIKE

Foster Wheeler argues that summary judgment in its favor is appropriate for two reasons. Dkt. 433. First, that Dutch law should apply, and that Plaintiff's claims are time-barred under Dutch law. Dkt. 433, at 3–7. Second, that Plaintiff has not set forth evidence that Decedent was exposed to asbestos from products produced by Foster Wheeler. Dkt. 433, at 7–8.

Plaintiff filed a response in opposition to Foster Wheeler's motion for summary judgment. Dkt. 476. Plaintiff argues that Foster Wheeler failed to file an answer to Plaintiff's complaint and has waived its affirmative defense that Plaintiff's claims are time-barred. Dkt. 476, at 9–11. Additionally, Plaintiff contends that he has produced evidence of Decedent's exposure to asbestos-containing products produced by Foster Wheeler from when Decedent worked as a greaser aboard the SS *Friesland*. Dkt. 476, at 13.

Foster Wheeler filed a reply in support of its motion for summary judgment. Dkt. 493. Foster Wheeler concedes that it "inadvertently failed to file an answer" to Plaintiff's complaint but argues that it should still be permitted to raise its choice of law affirmative defense at this late stage in litigation. Dkt. 493, at 9–11. Additionally, Foster Wheeler moves to strike numerous

---

[1] Plaintiff has filed a motion for leave to amend the complaint, not yet ripe for consideration, to change the alleged timeframe of Decedent's performed vehicle maintenance to 1959 to 1997. Dkts. 620; and 621-1, at 7.

exhibits from a Declaration of Plaintiff's counsel, Benjamin Adams, as being unauthenticated and for lacking personal knowledge and a proper foundation. Dkt. 493, at 4–6.

**B. PLAINTIFF'S INSTANT MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff filed the instant Motion for Partial Summary Judgment. Dkt. 487. Plaintiff argues that, because Foster Wheeler failed to file an answer to Plaintiff's complaint, "Foster Wheeler has failed to assert any defenses to Plaintiff's claims, has failed to assert any affirmative defenses, and should be prevented from offering evidence in support of any affirmative defenses at trial." Dkt. 487, at 2.

Foster Wheeler filed a response in opposition to Plaintiff's Motion for Partial Summary Judgment. Dkt. 509. Foster Wheeler argues that failure to answer does not constitute an automatic waiver where, as here, there is no prejudice to the plaintiff. Dkt. 509. Foster Wheeler further contends that Plaintiff's motion is untimely. Dkt. 509, at 6.

Plaintiff a reply in support of the instant Motion for Partial Summary Judgment. Dkt. 557.

## II. DISCUSSION

**A. DUTCH LAW STATUTE OF LIMITATIONS & WAIVER**

Fed. R. Civ. P. 8(c)(1) provides the following: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: … laches; … [and] statute of limitations[.]" Fed. R. Civ. P. 12(a)(1) provides:

> Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
>
> (A) A defendant must serve an answer:
>
>     (i) within 21 days after being served with the summons and complaint; or

|     |     |                                                                                                                                                      |
| --- | --- | ---------------------------------------------------------------------------------------------------------------------------------------------------- |
| 1   |     |                                                                                                                                                      |
| 2   | (ii) | if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the |
| 3   |     | defendant outside any judicial district of the United States.                                                                                        |

Fed. R. Civ. P. 12(a)(1)(A)(i)–(ii).

Failure to file a file answer is not an automatic waiver of an affirmative defense where there is no prejudice to the plaintiff. *See Gleeson v. Prevoznik,* 253 F. App'x 176, 179–80 (3d Cr. 2007). "A defendant's conduct through his counsel, however, may be 'sufficiently dilatory or inconsistent with the later assertion of one of these defenses to justify declaring a waiver.'" *Raymond v. Fleming,* 24 Wn. App. 112, 115, 600 P.2d 614, 616 (1979) (quoting Wright & Miller, Federal Practice and Procedure, § 1344, at 526).

The Court need not, and should not, consider the issue raised by Foster Wheeler as to whether the Court should apply Washington choice of law analysis to determine whether Dutch law applies. Foster Wheeler's instant Motion for Summary Judgment argues that, under Dutch law, Plaintiff's claim is time-barred by a 30-year limitation period beginning from the time of exposure. Dkt. 433, at 3. But Foster Wheeler untimely filed its answer to Plaintiff's complaint on November 7, 2019—after two years of litigation, 240 days after Plaintiff filed and served the operative complaint, after the close of discovery, and on the same day as the dispositive motions deadline. Dkt. 486. Plaintiff writes that "[t]he prejudice suffered by Plaintiff as a result of any untimely-identified defenses, now that discovery is closed and trial is approximately two months away, would be irreparable." Dkt. 487, at 5–6. The Court agrees with Plaintiff and wants to maintain the case's trial date, which is now just one month away on January 13, 2020. Foster Wheeler's arguments against Plaintiff's Motion for Partial Summary Judgment are without merit.

Therefore, the Court should rule that Foster Wheeler has waived its Dutch law statute of limitations affirmative defense. However, as discussed below, even under Washington law, Plaintiff has not offered evidence showing that Foster Wheeler or products that it sold or supplied caused Decedent's injuries and death.

**B.  SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor

of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

## C. WASHINGTON STATE SUBSTANTIVE LAW APPLIES

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

## D. SUMMARY JUDGMENT ANALYSIS

1. <u>Washington Product Liability</u>

"Generally, under traditional product liability theory, the plaintiff must establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product. In order to have a cause of action, the plaintiff must identify the particular manufacturer of the product that caused the injury." *Lockwood v. AC & S, Inc.,* 109 Wn.2d 235, 245–47 (1987) (quoting *Martin v. Abbott Laboratories,* 102 Wn.2d 581, 590 (1984)).

> Because of the long latency period of asbestosis, the plaintiff's ability to recall specific brands by the time he brings an action will be seriously impaired. A plaintiff who did not work directly with the asbestos products would have further difficulties in personally identifying the manufacturers of such products. The problems of identification are even greater when the plaintiff has been exposed at more than one job site and to more than one manufacturer's product. Hence, instead of personally identifying the manufacturers of asbestos products to which he was exposed, a plaintiff may rely on the testimony of witnesses who identify manufacturers of asbestos products which were then present at his workplace.

*Lockwood,* 109 Wn.2d at 246–47 (citations omitted).

*Lockwood* prescribes several factors for courts to consider when "determining if there is sufficient evidence for a jury to find that causation has been established":

1. Plaintiff's proximity to an asbestos product when the exposure occurred;
2. The expanse of the work site where asbestos fibers were released;
3. The extent of time plaintiff was exposed to the product;
4. The types of asbestos products to which plaintiff was exposed;
5. The ways in which such products were handled and used;
6. The tendency of such products to release asbestos fibers into the air depending on their form and the methods in which they were handled; and
7. Other potential sources of the plaintiff's injury; courts must consider the evidence presented as to medical causation.

*Id.* at 248–49.

The Court has considered each of the *Lockwood* factors, none of which weigh in favor of a finding that causation has been established against Foster Wheeler. Plaintiff has not provided admissible evidence sufficient for a finder of fact to determine that causation has been established. Moreover, the Court observes that Plaintiff's contentions here are at odds with his positions elsewhere in the record. *See, e.g.,* Dkt. 489, at 8 (providing Plaintiff's assertion that "there is no evidence of [Decedent]'s frequency, intensity, proximity, or duration to any asbestos containing product while working as a merchant marine").

First, although Plaintiff's evidence relates to Decedent's proximity to shipboard asbestos generally, it does not discuss proximity concerning an asbestos-containing product produced by Foster Wheeler. *See* Dkts. 476, at 6–8; and 477.

Second, although Plaintiff's evidence may partially describe ships on which Decedent worked, it does not describe shipboard environments where asbestos fibers were released from a Foster Wheeler product. *See* Dkts. 476, at 3–8; and 477.

Third, Plaintiff has not shown the extent of time, if any, that Decedent was exposed to any asbestos-containing products produced by Foster Wheeler. *See* Dkts. 476.

Fourth, Plaintiff offers limited evidence of the types of asbestos-containing products to which Decedent was exposed. Plaintiff's evidence tends to show that Decedent was exposed to various types of asbestos fibers and that Decedent likely worked with and was exposed to asbestos-containing products while working aboard the SS *Friesland*, but Plaintiff has not shown Decedent's exposure to any types of asbestos-containing products produced by Foster Wheeler. *See* Dkts. 476, at 3–8; and 477.

Fifth, Plaintiff's evidence generally describes Decedent's purported use of valves, pumps, and various other pieces of machinery aboard ships, but it does not show that Decedent used any asbestos-containing product produced by Foster Wheeler. *See* Dkts. 476, at 3–8; and 477.

Sixth, Plaintiff has not shown the tendency of a Foster Wheeler product used by Decedent, if any, to release asbestos fibers into the air depending on its form and the methods in which it was handled. *See* Dkts. 476.

Finally, it appears that there may be many possible sources that could have caused Decedent's injuries and death. Decedent's merchant marine career, his automotive repair practice, and his thirty-year career at Tektronix may have exposed him to asbestos from asbestos-containing products produced by various manufacturers. Plaintiff offered expert opinion generally opining that Decedent's mixed asbestos fiber exposure was a substantial causative factor in the development of Decedent's mesothelioma. *See, e.g.,* Dkt 477-1, at 406.

1    Plaintiff has not offered evidence showing that Decedent used or was exposed to any
2    asbestos-containing product produced by Foster Wheeler. Although maritime expert opinions
3    offered by Plaintiff touch on asbestos exposure factors such as directness, quantity, proximity,
4    and frequency, they do so generally and not with respect to any asbestos exposure attributable to
5    Foster Wheeler. *See* Dkts. 476, at 6–8; and 477.

Plaintiff has not offered evidence establishing a reasonable connection between Decedent's injuries and death and products manufactured, sold, or supplied by Foster Wheeler. Plaintiff has offered no testimony of witnesses with personal knowledge of Decedent using or otherwise being exposed to an asbestos-containing Foster Wheeler product. Plaintiff has not offered evidence showing, even viewed in a light most favorable to Plaintiff, that Foster Wheeler or products that it sold or supplied caused Decedent's injuries and death. In consideration of the *Lockwood* factors above, the Court cannot determine that there is sufficient evidence for a jury to find that causation—a necessary element of Plaintiff's claim—has been established.

Therefore, the Court should grant Foster Wheeler's Motion for Summary Judgment as to Plaintiff's Washington product liability claim.

2. <u>Other Possible Claims</u>

The operative complaint's causes of action are vague. *See* Dkt. 168, at 6 ("Plaintiff claims liability based upon the theories of product liability (RCW 7.72 et seq.); negligence; conspiracy; strict product liability under Section 402A and 402B of the Restatement of Torts; premises liability; and any other applicable theory of liability.").

Foster Wheeler seeks dismissal of all of Plaintiff's claims. Dkt. 433. Plaintiff limited his discussion of claims and theories to Washington product liability, except for his discussion of Foster Wheeling waiving its statute of limitations affirmative defense. Dkt. 476, at 9–13.

Plaintiff has not sufficiently discussed or presented evidence to establish genuine issues of material fact with respect to his other broad claims of negligence, conspiracy, strict liability under Section 402A and 402B of the Restatements of Torts, premises liability, and any other applicable theory of liability. Therefore, the Court should grant Foster Wheeler's Motion for Summary Judgment as to its request to dismiss Plaintiff's other broad claims.

Because the Court the court will grant Foster Wheeler's Motion for Summary Judgment as to all of Plaintiff's claims and dismiss Foster Wheeler from the case, the Court need not consider Foster Wheeler's motion to strike, found in its Reply in Support of Motion for Summary Judgment (Dkt. 493).

### E. CONCLUSION

Therefore, the Court should grant, in part, and deny, in part, Foster Wheeler's Motion for Summary Judgment (Dkt. 433). The motion should be granted as to Foster Wheeler's request to dismiss all claims against it and dismiss Foster Wheeler from the case. The motion should be denied as to its request that the Court find that Dutch law applies.

Plaintiff's Motion for Partial Summary Judgment (Dkt. 487) should be granted. Foster Wheeler waived its Dutch law statute of limitations affirmative defense.

Foster Wheeler's motion to strike, found in its Reply in Support of Motion for Summary Judgment (Dkt. 493), should be denied as moot.

## III. ORDER

Therefore, it is hereby ORDERED that:

- Defendant Foster Wheeler's Energy Corporation's Motion for Summary Judgment (Dkt. 433) is **GRANTED, IN PART, and DENIED, IN PART:**
    - The motion is **GRANTED** as to Defendant Foster Wheeler Energy Corporation's request to **DISMISS** all claims against it and that it be **DISMISSED** from the case; and
    - The motion is **DENIED** as to its request that the Court determine whether Dutch law applies.
- Plaintiff's Motion for Partial Summary Judgment (Dkt. 487) is **GRANTED.** Foster Wheeler waived its Dutch law statute of limitations affirmative defense.
- Defendant Foster Wheeler Energy Corporation's motion to strike, found in its Reply in Support of Motion for Summary Judgment (Dkt. 493), should be **DENIED AS MOOT.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 16th day of December, 2019.

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT FOSTER WHEELER'S MOTION FOR SUMMARY JUDGMENT, FOSTER WHEELER'S MOTION TO STRIKE, AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT FOSTER WHEELER'S DEFENSES TO PLAINTIFF'S CLAIMS - 12