UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KLOPMAN-BAERSELMAN, as Personal Representative for the Estate of RUDIE KLOPMAN-BAERSELMAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>BORGWARNER MORSE TEC, LLC, et al.,<br><br>Defendants. | CASE NO. C18-5536 RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint. Dkt. 620. The Court is familiar with the record herein and has reviewed the motion and documents filed in support of and in opposition thereto, and it is fully advised. Oral argument is unnecessary to decide this motion. For the reasons set forth below, the Court should deny Plaintiff's Motion for Leave to Amend Complaint.

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 1

justice so requires." Courts may consider a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

Plaintiff has demonstrated undue delay. *See* Dkts. 700, at 2 ("Plaintiff provides no explanation as to why he waited so long to amend his complaint yet again when so much of the information he relies on for this motion was known to him and his counsel in 2018"); 275 (providing the trial and pretrial schedule—Plaintiff's Motion for Leave to Amend the Complaint was filed approximately one month before trial). The discovery deadline was November 1, 2019, Dkt. 275, and changing Plaintiff's alleged dates of asbestos exposure from automotive friction work just weeks before trial may unduly prejudice opposing parties, including Defendant DCo LLC. *See* Dkt. 700. Perhaps more importantly, the Court sees no harm to Plaintiff if leave to amend is not granted. "Approximately 1966 to 1997" seems to cover events occurring back to 1959, if there is admissible evidence thereof.

Therefore, Plaintiff's Motion for Leave to Amend Complaint (Dkt. 620) is **DENIED.**

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of December, 2019.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 2